PAUL J. ANDRE, Bar No. 196585
LISA KOBIALKA, Bar No. 191404
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
Telephone: (650) 838-4300
Facsimile: (650) 838-4350

Attorneys for PharmaStem Therapeutics, Inc.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CORD BLOOD REGISTRY, INC. dba CBR, a Delaware corporation, and SUTTER HEALTH, INC., a California corporation,<br><br>Defendants. | Case No.: C 04 3072 PVT<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff PharmaStem Therapeutics, Inc. ("Plaintiff" or "PharmaStem") alleges as follows:

**THE PARTIES**

1. Plaintiff PharmaStem is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York, located at 69 Prospect Avenue, Larchmont, New York 10538.

2. On information and belief, Defendant Cord Blood Registry dba CBR ("CBR") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1200 Bayhill Drive, Suite 301, San Bruno, California 94066.

COMPLAINT                               -1-                      [40923-0001/BY041970.052]

3. On information and belief, Defendant Sutter Health, Inc. ("Sutter Health") is a California not for profit corporation, with its principal place of business at 2200 River Plaza Drive, Sacramento California 95833.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, 35 U.S.C. §271 *et seq*. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§1331 and 1338. Venue in this judicial district is proper under 28 U.S.C. §§ 1391 (a), (b), or (c) and 28 U.S.C. § 1400(b). Personal jurisdiction over defendants is proper because defendants have and continue to infringe, contributorily infringe and/or induce the infringement of the asserted patents in this district.

## INTRADISTRICT ASSIGNMENT

5. Assignment of this action to the San Francisco Division is proper because CBR and Sutter Health, named herein, sell or offer to sell its services and/or products in this district and division.

## PLAINTIFF'S PATENTS

6. PharmaStem is the owner of United States Letter Patent No. 6,461,645 B1 (the "'645 Patent"), entitled ISOLATION AND PRESERVATION OF FETAL AND NEONATAL HEMATOPOIETIC STEM AND PROGENITOR CELLS OF THE BLOOD. The application that led to the '645 Patent was filed on May 16, 1990 and the '645 Patent issued on October 8, 2002. The '645 Patent is attached hereto as Exhibit A.

7. PharmaStem is the owner of United States Letter Patent No. 6,569,427 B1 (the "'427 Patent"), entitled ISOLATION AND PRESERVATION OF FETAL AND NEONATAL HEMATOPOIETIC STEM AND PROGENITOR CELLS OF THE BLOOD. The application that led to the '427 Patent was filed on May 16, 1995 and the '427 Patent issued on May 27, 2003. The '427 Patent is attached hereto as Exhibit B.

8. The '645 Patent is directed to cryopreserved compositions of fetal or neonatal hematopoietic stem and progenitor cells obtained from the umbilical cord or placental blood of a newborn human ("Cord Blood"). The '427 Patent is directed to methods of using and storing Cord Blood for therapeutic uses.

## PATENT INFRINGEMENT

9. On information and belief, CBR provides clients with collection kits to facilitate the collection of Cord Blood, and tests, processes, cryopreserves, and stores Cord Blood for future therapeutic use, collecting various fees for such activities.

10. On information and belief, CBR receives the collected Cord Blood at its laboratory, where it processes the Cord Blood and where the Cord Blood is tested and cryopreserved.

11. On information and belief, CBR represents on its website that the Cord Blood can be used by the baby's sibling, or for the newborn's mother, father and cousin for hematopoietic reconstitution.

12. On information and belief, Sutter Health has collected Cord Blood which was processed, cryopreserved, and stored for future therapeutic use by CBR and/or its agents.

## FIRST CAUSE OF ACTION

### (Infringement of the '645 Patent)

13. PharmaStem realleges each and every allegation set forth in Paragraphs 1 through 12, inclusive, and incorporates them herein by reference.

14. CBR has been and continues to infringe, contributorily infringe, and/or induce the infringement of the '645 Patent by making, using, selling and/or offering to sell compositions claimed in the '645 Patent, and will continue to do so until enjoined by the Court.

15. Additionally, CBR's infringement of the '645 Patent has been and continues to be willful and deliberate.

16. CBR's infringement of the '645 Patent has injured and continues to injure PharmaStem in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Infringement of the '427 Patent)

17. PharmaStem realleges each and every allegation set forth in Paragraphs 1 through 12, inclusive, and incorporates them herein by reference.

18. CBR and Sutter Health have been and continue to infringe, contributorily infringe, and/or induce the infringement of the '427 Patent by making, using, selling and/or offering to sell the methods claimed in the '427 Patent, and will continue to do so until enjoined by the Court.

19. CBR's and Sutter Health's infringement of the '427 Patent has been and continues to be willful and deliberate.

20. CBR's and Sutter Health's infringement of the '427 Patent has injured and continues to injure PharmaStem in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, PharmaStem prays that the Court grant the following relief and judgment:

A.  A preliminary and permanent injunction against CBR and its respective officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '645 Patent and '427 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. §283;

B.  An award to PharmaStem of such damages as it shall prove at trial against CBR, that are adequate to fully compensate it for their infringement of the '645 Patent and '427 Patent, said damages to be no less than a reasonable royalty;

C.  An award to PharmaStem for willful infringement against CBR of three times the damages so determined, as provided by 35 U.S.C. §284, together with prejudgment interest from the date infringement of the '645 Patent and '427 Patent began;

D. A preliminary and permanent injunction against Sutter Health and its respective officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '427 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. §283;

E. An award to PharmaStem of such damages as it shall prove at trial against Sutter Health, that are adequate to fully compensate it for their infringement of the '427 Patent, said damages to be no less than a reasonable royalty;

F. An award to PharmaStem for willful infringement against Sutter Health of three times the damages so determined, as provided by 35 U.S.C. §284, together with prejudgment interest from the date infringement of the '427 Patent began;

G. A finding that this case is "exceptional" and an award to PharmaStem of its costs and reasonable attorney's fees, as provided by 35 U.S.C. §285;

H. Such further and other relief as the Court and/or jury may deem proper and just.

DATED: July 28, 2004

PERKINS COIE LLP

By: _____
Paul J. Andre
Attorneys for Plaintiff PharmaStem
Therapeutics, Inc

1

## DEMAND FOR JURY TRIAL

2  PharmaStem hereby demands jury trial on all issues.

3

4

5  DATED: July 28, 2004

**PERKINS COIE LLP**

6  By: _____

7  Paul J. Andre
   Attorneys for Plaintiff PharmaStem
8  Therapeutics, Inc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28