1   PILLSBURY WINTHROP LLP
      William F. Abrams (State Bar No. 88805)
2   Thomas F. Chaffin (State Bar No. 112368)
      Chang H. Kim (State Bar No. 195554)
3   Peter H. Nohle (State Bar No. 209446)
      2475 Hanover Street
4   Palo Alto, CA 94304-1114
      Telephone: (650) 233-4500
5   Facsimile:  (650) 233-4545

6   Attorneys for Defendant and Counterclaimant
      CBR SYSTEMS, INC.

7

8                UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

| | |
|---|---|
| 11 | ) |
| PHARMASTEM THERAPEUTICS, INC., a ) | **No. C 04 3072 PVT** |
| 12  Delaware corporation, ) | |
| ) | **NOTICE OF PENDENCY OF OTHER** |
| 13         Plaintiff, ) | **ACTION OR PROCEEDING** |
| ) | |
| 14      vs. ) | **[Civil Local Rule 3-13]** |
| ) | |
| 15  CORD BLOOD REGISTRY, INC., dba ) | |
| CBR, a California corporation, and SUTTER ) | |
| 16  HEALTH, INC., a California corporation. ) | |
| ) | |
| 17        Defendants. ) | |
| ) | |
| 18                   ) | |
| ) | |
| 19                   ) | |
| ) | |
| 20                   ) | |
| ) | |
| 21  CBR SYSTEMS, INC., dba CBR, a ) | |
| California corporation ) | |
| 22                   ) | |
| Counterclaimant, ) | |
| 23                   ) | |
| 24      vs. ) | |
| ) | |
| 25  PHARMASTEM THERAPEUTICS, INC., ) | |
| a Delaware corporation; STEMBANC, INC., ) | |
| 26  a Ohio corporation; NICHOLAS DIDIER; ) | |
| and ARCHIBALD A. GRABINSKI. ) | |
| ) | |
| 27        Counterdefendants. ) | |
| ) | |
| 28 | |

1    TO THE CLERK OF THE COURT AND ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE THAT, in accordance with Rule 3-13 of the Local Rules

3    of the United States District Court for the Northern District of California ("Local Rule 3-

4    13"), defendant and counterclaimant CBR Systems, Inc. ("CBR") hereby submits this

5    Notice of Pendency of Other Action or Proceeding.  Pursuant to Local Rule 3-13, CBR

6    identifies the following actions or proceedings: (a) *PharmaStem Therapeutics, Inc. v.*

7    *ViaCell, Inc., et al.*, filed on February 22, 2002 in the United States District Court for the

8    District of Delaware as Civil Action No. 02-148 GMS, and assigned to the Honorable

9    Gregory M. Sleet (the "Delaware Action"); (b) *PharmaStem Therapeutics, Inc. v.*

10   *CureSource, Inc., et al.,* filed on August 4, 2004 in the United States District Court for the

11   Northern District of California as Civil Action No. SA-CV-04-921 GLT, and assigned to

12   the Honorable Gary L. Taylor (the "Central District Action"); (c) *PharmaStem*

13   *Therapeutics, Inc. v. ViaCell, Inc., et al.,* filed on July 28, 2004, in the United States District

14   Court for the District of Massachusetts Civil Action No. 04-CV-11673 RWZ (the

15   "Massachusetts Action"); (d) *PharmaStem Therapeutics, Inc. v. Cyro-Cell International,*

16   *Inc., et al.,* filed on July 28, 2004, in the United States District Court for the Middle District

17   of Florida Civil Action No. 8:04-CV-1740-T-30TGW (the "Florida Action"); and (e)

18   *PharmaStem Therapeutics, Inc. v. Corcell, Inc., et al.,* filed on July 28, 2004, in the United

19   States District Court for the Eastern District of Pennsylvania Civil Action No. 2:04-CV-

20   03561-RK (the "Pennsylvania Action")

21          (a)      The Delaware Action.

22    The Delaware Action appears to satisfy the subject matter and party "relatedness

23   requirements" of Local Rule 13-3(a) because: (a) both actions appear to involve the same or

24   substantially same parties, *i.e.* defendant and counterclaimant CBR and plaintiff and

25   counterdefendant PharmaStem Therapeutics, Inc. ("PharmaStem"); (b) both actions concern

26

27

28

1   the alleged infringement, enforceability and validity of the same family of patents[1];

2   (c) both actions concern communications between or amongst PharmaStem and CBR's

3   actual or potential clients and/or the doctors or hospitals treating such clients[2].

4       Because both actions call for a determination of the same or substantially identical

5   questions of law and fact regarding the patents-in-suit, and may entail substantial

6   duplication of labor if heard by different judges, transfer or other coordination might avoid

7   conflicts, conserve resources and promote an efficient determination of the action.

8       (b)     The Central District Action.

9       The Central District Action appears to satisfy the subject matter "relatedness

10  requirement" of Local Rule 13-3(a) because: (a) both actions concern the alleged

11  infringement, enforceability and validity of U.S. Patent Nos. 6,461,645 B1 and 6,569,427

12  B1; and (b) both actions concern communications between or amongst PharmaStem and

13  CBR's actual or potential clients and/or the doctors or hospitals treating such clients.

14      In addition, although the defendants in the two actions differ, the individual

15  defendants in the Central District Action have a relationship to the present case, as the

16  counterclaims asserted by CBR herein concern communications made to the individual

17  defendants in the Central District Action.

18      Because both actions call for a determination of the same or substantially identical

19  questions of law and fact and may entail substantial duplication of labor if heard by

20  different judges, transfer or other coordination might avoid conflicts, conserve resources

21  and promote an efficient determination of the action.

22      (c)     The Massachusetts Action.

23      The Massachusetts Action may satisfy the subject matter "relatedness requirement"

24  _____

25  [1] The Delaware Action concerns PharmaStem's claim that CBR infringes U.S. Patent Nos.
    5,004,681 and 5,192,553 (the "'681 patent" and "'553 patent," respectively), which

26  patents are the parents of the patents at issue in the present suit, U.S. Patent Nos.
    6,461,645 B1 and 6,569,427 B1.  *See also* CBR's Answer and Counterclaims at

27  Paragraphs 67 through 69.

28  [2] *See* CBR's Answer and Counterclaims at Paragraphs 72 through 76 and Exhibit B.

NOTICE OF PENDENCY OF OTHER ACTION OR
PROCEEDING
CASE NO. C 04 3072 PVT

1   of Local Rule 13-3(a) because: (a) both actions concern the alleged infringement,

2   enforceability and validity of  U.S. Patent Nos. 6,461,645 B1 and 6,569,427 B1; and (b)

3   both actions concern communications between or amongst PharmaStem and CBR's actual

4   or potential clients and/or the doctors or hospitals treating such clients.

5       The individual defendants in the Massachusetts Action have a relationship to the

6   present case, as the counterclaims asserted by CBR herein concern communications made

7   to the individual defendants in the Massachusetts Action.

8       Because both actions call for a determination of the same or substantially identical

9   questions of law and fact and may entail substantial duplication of labor if heard by

10  different judges, transfer or other coordination might avoid conflicts, conserve resources

11  and promote an efficient determination of the action.

12      (d)    The Florida Action.

13      The Florida Action may satisfy the subject matter "relatedness requirement" of

14  Local Rule 13-3(a) because: (a) both actions concern the alleged infringement,

15  enforceability and validity of  U.S. Patent Nos. 6,461,645 B1 and 6,569,427 B1; and (b)

16  both actions concern communications between or amongst PharmaStem and CBR's actual

17  or potential clients and/or the doctor treating such clients.

18      The individual defendants in the Florida Action have a relationship to the present

19  case, as the counterclaims asserted by CBR herein concern communications made to the

20  individual defendants in the Florida Action.

21      Because both actions call for a determination of the same or substantially identical

22  questions of law and fact and may entail substantial duplication of labor if heard by

23  different judges, transfer or other coordination might avoid conflicts, conserve resources

24  and promote an efficient determination of the action.

25      (e)    The Pennsylvania Action.

26      The Pennsylvania Action may satisfy the subject matter "relatedness requirement"

27  of Local Rule 13-3(a) because: (a) both actions concern the alleged infringement,

28  enforceability and validity of  U.S. Patent Nos. 6,461,645 B1 and 6,569,427 B1; and (b)

NOTICE OF PENDENCY OF OTHER ACTION OR
PROCEEDING
CASE NO. C 04 3072 PVT

1  both actions concern communications between or amongst PharmaStem and CBR's actual

2  or potential clients and/or the doctor treating such clients.

3      The individual defendants in the Pennsylvania Action have a relationship to the

4  present case, as the counterclaims asserted by CBR herein concern communications made

5  to the individual defendants in the Pennsylvania Action.

6      Because both actions call for a determination of the same or substantially identical

7  questions of law and fact and may entail substantial duplication of labor if heard by

8  different judges, transfer or other coordination might avoid conflicts, conserve resources

9  and promote an efficient determination of the action.

10

11      Dated:  August 23, 2004.

12                       PILLSBURY WINTHROP LLP
    William F. Abrams
    Thomas F. Chaffin
13                       Chang H. Kim
    Peter H. Nohle
14                       2475 Hanover Street
    Palo Alto, CA 94304-1114
15

16

17                       By _____

18                       Attorneys for Defendant and Counterclaimant
    CBR SYSTEMS, INC.
19

20

21

22

23

24

25

26

27

28

NOTICE OF PENDENCY OF OTHER ACTION OR
PROCEEDING
CASE NO. C 04 3072 PVT