1   PAUL J. ANDRE, Bar No. 196585
    LISA KOBIALKA, Bar No. 191404
2   PERKINS COIE LLP
    101 Jefferson Drive
3   Menlo Park, CA  94025-1114
    Ph: (650) 838-4300
4   Fx: (650) 838-4350

5   Attorneys for Plaintiff PharmaStem Therapeutics, Inc.

6
                    **UNITED STATES DISTRICT COURT**
7                  **NORTHERN DISTRICT OF CALIFORNIA**
                            **SAN FRANCISCO**
8

9   PHARMASTEM THERAPEUTICS, INC., a
    Delaware corporation,                        **CASE NO. 04-3072 JSW**
10
                                                 **PHARMASTEM THERAPEUTICS,**
11                 Plaintiff,                    **INC.'S NOTICE OF MOTION AND**
                                                 **MOTION TO SEVER;**
12          v.                                   **MEMORANDUM OF POINTS AND**
                                                 **AUTHORITIES IN SUPPORT**
13  CORD BLOOD REGISTRY, INC., dba CBR, a        **THEREOF**
    California corporation, and SUTTER HEALTH,
14  INC., a California corporation.

15                 Defendant.                    **Judge:    Jeffrey S. White**
                                                 **Location: Courtroom 2**
16                                               **Date:     January 7, 2005 at 9:00 a.m.**

17  CBR SYSTEMS, INC., dba CBR a California
    corporation
18
                   Counterclaimant
19          v.

20  PHARMASTEM THERAPEUTICS, INC., a
    Delaware corporation; STEMBANC, INC., a
21  Ohio corporation; NICHOLAS DIDIER; and
    ARCHIBALD A. GRABINSKI
22
                   Counterdefendants
23

24

25

26

27                                  - 1 -

28  PHARMASTEM THERAPEUTICS, INC.'S                        [40923-0005/BY042530.095]
    NOTICE OF MOTION AND MOTION TO SEVER;
    MEMORANDUM OF POINTS AND AUTHORITIES
    IN SUPPORT THEREOF
    CASE NO. 04-3072 JSW

1

## NOTICE OF MOTION AND MOTION

2       On January 7, 2005 at 9:00 a.m., or as soon thereafter as the matter may be heard by

3   Judge Jeffrey S. White in Courtroom 2 of the United States District Court, 450 Golden Gate,

4   Ave., San Francisco, CA 94102, Plaintiff PharmaStem Therapeutics, Inc. ("PharmaStem"),

5   pursuant to Federal Rules of Civil Procedure 20 and 21, will move to sever Cord Blood Registry,

6   Inc.'s ("CBR") counterclaims against PharmaStem and Nicholas Didier ("Didier") from CBR's

7   counterclaims against counterdefendants Stembanc, Inc. ("Stembanc") and Archibald A.

8   Grabinski ("Grabinski").  This motion is based on the accompanying memorandum of points and

9   authorities and any arguments presented at the hearing on this motion.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

- 2 -

28

[40923-0005/BY042530.095]

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    PRELIMINARY STATEMENT AND SUMMARY OF THE ARGUMENT**

3

4

5

6

7

8

9

10

11

12

This action for patent infringement was brought by PharmaStem Therapeutics, Inc. ("PharmaStem") against defendants Cord Blood Registry, Inc. ("CBR") and Sutter Health, Inc. ("Sutter Health") (collectively, "Defendants"). *See* PharmaStem's Complaint for Patent Infringement filed July 28, 2004 ("Complaint"). The Complaint alleges that CBR infringes two of PharmaStem's patents, U.S. Patents Nos. 6,461,645 B1 (the "'645 Patent") and 6,569,427 B1 (the "'427 Patent") (the "Patents-In-Suit"), and that Sutter Health infringes the '427 Patent. *Id.* ¶¶ 1-20. On August 23, 2004 CBR filed with this Court its Answer and Counterclaims, naming PharmaStem, Nicholas Didier ("Didier"), Stembanc, Inc. ("Stembanc") and Archibald A. Grabinski ("Grabinski") as counterdefendants. *See* CBR's Answer and Counterclaims filed August 23, 2004 ("CBR Counterclaims").

13

14

15

16

17

18

19

20

21

22

23

24

Pursuant to Federal Rules of Civil Procedure 20 and 21, PharmaStem respectfully requests that the Court sever CBR's counterclaims against PharmaStem and Didier[1] from CBR's counterclaims against counterdefendants Stembanc and Grabinski. The counterclaims brought against Stembanc and Grabinski do not arise from the same transaction or occurrence or the same series of transactions or occurrences. Indeed, except for the fact that CBR indiscriminately alleges six different counterclaims against all counterdefendants --which is not enough to create the "same transaction or occurrence" required to properly join a party -- there are no facts alleged common to both PharmaStem and Didier, and Stembanc or Grabinski. CBR acknowledges as much in failing to allege in its Answer and Counterclaims that PharmaStem or Didier are involved in the same transaction or occurrence as Grabinski or Stembanc. *See* CBR Counterclaims. CBR's Answer and Counterclaims contains two completely separate sections

25

26

27

[1]  Counterdefendant Didier will file a separate Motion to Dismiss CBR Systems, Inc.'s Counterclaims. To the extent that Didier remains in this case, PharmaStem moves to sever CBR's counterclaims against PharmaStem and Didier from CBR's counterclaims against counterdefendants Stembanc and Grabinski.

- 3 -

28

PHARMASTEM THERAPEUTICS, INC.'S
NOTICE OF MOTION AND MOTION TO SEVER;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. 04-3072 JSW

[40923-0005/BY042530.095]

1    alleging conduct by the counterdefendants. Tellingly, one section is entitled "PharmaStem and

2    Didier Conduct" (CBR Counterclaims ¶¶14-25) and the other is entitled "Stembanc and

3    Grabinski Conduct." (CBR Counterclaims ¶¶ 26-35).

4          Accordingly, PharmaStem seeks to have CBR's counterclaims against PharmaStem and

5    Didier severed from CBR's counterclaims against counterdefendants Grabinski and Stembanc.

6    **II.     SUMMARY OF THE ISSUES TO BE DECIDED**

7          A.     CBR has failed to properly join Stembanc and Grabinski as counterdefendants

8                  under Federal Rule of Civil Procedure 20.

9                1.     Has CBR asserted any right to relief against PharmaStem and Didier and

                        Stembanc and Grabinski arising out of the same transaction, occurrence,

10                     or series of transactions or occurrences?

11                2.     Do counterdefendants PharmaStem and Didier share common questions of

                     law or fact with counterdefendants Grabinski and Stembanc ?

12          B.     No substantial right will be prejudiced by the severance of CBR's counterclaims

                  against PharmaStem and Didier from CBR's counterclaims against Grabinski and

13                Stembanc pursuant to Federal Rule of Civil Procedure 21.

14

15    **III.    STATEMENT OF RELEVANT FACTS**

16          PharmaStem is the owner of five patents ("PharmaStem's Patents") that are from the same

17    patent family. *See* CBR Counterclaims ¶ 10. On July 28, 2004, PharmaStem filed this patent

18    action against CBR and Sutter Health, Inc., asserting infringement of two of PharmaStem's

19    Patents, the '645 Patent and the '427 Patent. *Id.* ¶¶ 1-20. On August 23, 2004, CBR filed with

20    this Court its Answer and Counterclaims, naming PharmaStem, Didier, Stembanc and Grabinski

21    as counterdefendants. *See* CBR Counterclaims.[2]

22

23    [2] This is not the first patent litigation that PharmaStem has initiated against CBR. On February
       2002, PharmaStem filed the Delaware Action against CBR and several other companies, alleging

24    infringement of two patents from the same family as the Patents-In-Suit. *See* CBR
       Counterclaims ¶¶ 11-13. In the Delaware Action, "a jury verdict was entered in favor of

25    PharmaStem and against CBR … finding [PharmaStem's patents] valid and infringed." CBR
       Counterclaims ¶ 12. On the same day the Complaint in this case was filed, PharmaStem filed a

26    Notice of Pendency of Other Action Pursuant to Local Rule 3-13 regarding the Delaware Action
       and the jury verdict form which was entered by the Court, in which the jury found that CBR

27    willfully infringed PharmaStem's patents. *See* July 28, 2004 Notice of Pendency, Docket No. 2.

28    PHARMASTEM THERAPEUTICS, INC.'S
       NOTICE OF MOTION AND MOTION TO SEVER;         [40923-0005/BY042530.095]
       MEMORANDUM OF POINTS AND AUTHORITIES
       IN SUPPORT THEREOF
       CASE NO. 04-3072 JSW

1    CBR has asserted counterclaims against PharmaStem, Didier, Stembanc and Grabinski

2    for intentional and negligent interference with contractual or other economic relationships, unfair

3    competition, trade libel, violation of §43(a) of the Lanham Act, and violation of California

4    Business & Professions Code § 17500.[3] *See* CBR Counterclaims. To support these

5    counterclaims, CBR alleges two entirely separate sets of facts: one directed to PharmaStem and

6    Didier and the other directed to Stembanc and Grabinski.

**A.     CBR's Factual Allegations Against PharmaStem and Didier.**

8        The facts alleged by CBR relating to its counterclaims against PharmaStem and Didier

9    include that PharmaStem or Didier made a number of allegedly offending statements in a June 1,

10   2004 letter ("Letter") to obstetricians, which informed obstetricians of PharmaStem's position

11   regarding obstetricians' potential liability for patent infringement if they deal with unlicensed

12   cord blood banks, such as CBR.  CBR Counterclaims ¶¶ 14-20 and Exhibit A thereto.  CBR also

13   points to an August 2, 2004 PharmaStem press release ("Press Release") announcing the fact that

14   PharmaStem initiated a number of new lawsuits against unlicensed cord blood banks, including

15   CBR, as well as obstetricians. *Id.* ¶ 21 and Exhibit C thereto.[4]

**B.     CBR's Factual Allegations Against Stembanc and Grabinski.**

17       The facts alleged by CBR relating to CBR's counterclaims against Stembanc and

18   Grabinski include allegations that Stembanc is currently engaged in an advertising campaign that

19   contains false and misleading statements regarding CBR.  CBR Counterclaims ¶¶ 26-35.  CBR

20   alleges that such a "campaign" has been waged by Stembanc through its website, Pregnancy

21   magazine advertisements and direct contact with physicians. *Id.*

---

[3]  CBR is also seeking a declaratory judgment regarding infringement, validity and enforceability of the Patents-In-Suit.

[4]  On September 8, 2004, PharmaStem filed a Notice of Pendency of Other Actions Pursuant to Civil Local Rule 3-13, identifying these other lawsuits. *See* September. 8, 2004 Notice of Pendency, Docket No. 13.

- 5 -

PHARMASTEM THERAPEUTICS, INC.'S
NOTICE OF MOTION AND MOTION TO SEVER;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. 04-3072 JSW

[40923-0005/BY042530.095]

## IV.    ARGUMENT

### A.    The Court Should Sever CBR's Counterclaims Against PharmaStem and Didier from CBR's Counterclaims Against Stembanc and Grabinski Because Stembanc and Grabinski are Improperly Joined under Federal Rule of Civil Procedure 20.

#### 1.    The Legal Requirements of Joinder and Misjoinder.

Under Federal Rules of Civil Procedure 20(a), parties may only be joined as defendants where the claims "[arise] out of the same transaction, occurrence, or series of transactions or occurrences <u>and</u> if any questions of law or fact common, to all defendants will arise in this action." Fed. R. Civ. P. 20(a) (emphasis added); *see also Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997) ("Rule 20(a)…permits the joinder of plaintiffs in one action if:  (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences;  and (2) there are common questions of law or fact.")(citing *Anderson v. Montgomery Ward & Co., Inc.,* 852 F.2d 1008, 1011 (7th Cir. 1988)).  For joinder to be proper, <u>both</u> requirements must be met.  *Coughlin,* 130 F.3d at 1351 ("To join together in one action, plaintiffs must meet <u>two</u> specific requirements.")(emphasis added);  *Saval v. BL Ltd.,* 710 F.2d 1027, 1031 (4th Cir. 1983)("[A]llegedly similar problems d[o] not satisfy the transaction or occurrence test.")

If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance.  *See* FRCP Rule 21;  *Coughlin,* 130 F.3d at 1351 ("If joined plaintiffs fail to meet both of these requirements, the district court may sever the misjoined plaintiffs…").  Moreover, Federal Rule of Civil Procedure 21 provides:

> Parties may be dropped or added by order of the court on motions of any party. . . at any stage of the action and on such terms as are just.  *Any claim against a party may be severed and proceeded with separately.*

Fed. R. Civ. P. 21 (emphasis added).

---

PHARMASTEM THERAPEUTICS, INC.'S
NOTICE OF MOTION AND MOTION TO SEVER;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. 04-3072 JSW

[40923-0005/BY042530.095]

1    Here, the first requirement, namely the common transaction requirement, has not been

2    met as to the counterclaims against Stembanc and Grabinski should therefore be severed from

3    CBR's counterclaims against PharmaStem and Didier, and proceeded with separately.

### 2.    The Counterclaims Against PharmaStem And Didier Do Not Arise From The Same Transaction Or Occurrence Or The Same Series Of Transactions Or Occurrences As The Counterclaims Against Grabinski and Stembanc.

7    CBR's counterclaims against Stembanc and Grabinski do not arise from the same

8    transactions or occurrences as CBR's counterclaims against PharmaStem and Didier and should

9    therefore be severed.  As shown above, the facts alleged in CBR's Answer and Counterclaims as

10    a basis for its counterclaims against PharmaStem and Didier involve a Letter and Press Release

11    allegedly written and distributed by PharmaStem or Didier, whereas the facts alleged as the basis

12    for the counterclaims against Stembanc and Grabinski include that Stembanc has distributed

13    alleged false advertising through Stembanc's website, Pregnancy magazine advertisements and

14    alleged direct contact between Stembanc and various physicians.  Clearly, CBR's alleged factual

15    basis for its counterclaims against PharmaStem and Didier are entirely different from its alleged

16    factual basis for its counterclaims against Stembanc and Grabinski.

17    CBR thus fails to satisfy both the first and second prongs of the test for permissive

18    joinder.  The first prong, the "same transaction" requirement, refers to similarity in the factual

19    background of a claim.  In this case, if there is any basic connection among all the claims in

20    CBR's Answer and Counterclaims, it would be the fact that PharmaStem is the owner of the

21    Patents-in-Suit and the fact that Stembanc licenses these patents from PharmaStem.  However,

22    the mere allegation by CBR that there is some connection to the Patents-in-Suit by Stembanc,

23    Grabinski, PharmaStem and Didier is not enough to create a common transaction or

24    occurrence.  See Coughlin, 130 F.3d at 1351("[T]he existence of a common allegation of

25    delay, in and of itself, does not suffice to create a common transaction or occurrence."); Saval,

26    710 F.2d 1031-32 (rejecting argument that allegations of fraud and common warranties

27    satisfies the first prong of the joinder test).  Here, each counterdefendant has different rights, if

- 7 -

28

1  any, with regards to the Patents-in-Suit and has allegedly taken different actions in connection

2  with those rights.  Furthermore, the allegations made by CBR will be disputed by PharmaStem

3  and Didier on grounds different from those likely to be used by Stembanc or Grabinski in their

4  defense to the counterclaims, causing the cases against the counterdefendants to vary greatly

5  from one another.

6       Moreover, as shown above, CBR does not allege that its claims arise out of a systematic

7  pattern of events and, therefore, arise from the same transaction or occurrence.  CBR

8  Counterclaims; *see also Coughlin*, 130 F.3d at 1351.  For example, CBR does not allege that a

9  pattern or policy is shared by PharmaStem and Didier with Grabinski or Stembanc regarding

10  the Patents-in-Suit.  CBR instead merely claims that, in specified instances, each

11  counterdefendant independent of one another committed the counterclaims alleged.  Thus, the

12  alleged activities of PharmaStem and Didier on the one hand, and Grabinski and Stembanc on

13  the other, are not sufficiently related to constitute the same transaction or occurrence.

14

15       **3.**    **The Counterclaims Against PharmaStem And Didier Do Not Have Questions of Law of Fact Common to The Counterclaims Against Grabinski and Stembanc.**

16

17       CBR also fails to satisfy the second prong of the test for permissive joinder, namely the

18  common questions of law or fact.  As stated above, CBR does not allege that

19  counterdefendants have engaged in a policy causing the counterclaims alleged.  Moreover,

20  what may constitute the counterclaims alleged in one case may not be so in another case.  First,

21  each counterdefendant, have differing rights and interests in the Patents-in-Suit, presents a

22  different legal situation for each.  Therefore, each must receive personalized attention by the

23  Court.  Accordingly, there can be no common issues of fact or law.

24       Further, although PharmaStem, Didier, Grabinski and Stembanc share six

25  counterclaims brought by CBR, the mere fact these six claims arise under the same general law

26  does not necessarily establish a common question of law.  *Coughlin*, 130 F.3d at 1351.

27  Clearly, the counterclaims against each counterdefendant are discrete, and involve different

                                      - 8 -

28  PHARMASTEM THERAPEUTICS, INC.'S
NOTICE OF MOTION AND MOTION TO SEVER;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. 04-3072 JSW

[40923-0005/BY042530.095]

1  legal issues, standards, and procedures.  Even if the counterclaims were not severed, the Court

2  would likely be required to give each counterdefendant individualized attention.  Therefore, the

3  claims do not involve common questions of law or fact.

**4.  No Substantial Right Will be Prejudiced by the Severance of CBR's Counterclaims Against PharmaStem and Didier from CBR's Counterclaims Against Grabinski and Stembanc.**

6  In sum, the interests of justice are not served by joinder of the counterdefendants in this

7  case.  Rule 20 of the Federal Rules of Civil Procedure is designed to promote judicial economy,

8  and reduce inconvenience, delay, and added expense.  Here, trial efficiency will not be promoted

9  by allowing CBR to join Stembanc and Grabinski in this action since each counterclaim raises

10  potentially different issues, and must be viewed in a separate and individual light by the Court.

11  Moreover, severing counterdefendants Stembanc and Grabinski will not prejudice any

12  substantial right, as nothing precludes CBR from seeking relief in another forum and venue.

**V.  CONCLUSION**

14  For the above reasons, PharmaStem respectfully requests the Court sever CBR's

15  counterclaims against Stembanc and Grabinski from CBR's counterclaims against PharmaStem

16  and Didier.

Dated:  September 15, 2004

**PERKINS COIE LLP**

_____/s/_____
Paul J. Andre
Attorneys for Plaintiff
PharmaStem Therapeutics, LLP

PHARMASTEM THERAPEUTICS, INC.'S
NOTICE OF MOTION AND MOTION TO SEVER;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. 04-3072 JSW

[40923-0005/BY042530.095]