1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Samuel B. Shepherd (Bar No. 163564)
2  Matthew W. Meskell (Bar No. 208263)
   555 Twin Dolphin Drive, Suite 560
3  Redwood Shores, CA 94065
   (650) 801-5000 (Telephone)
4  (650) 801-5100 (Facsimile)

5  Attorneys for Counterclaim Defendant,
   ARCHIBALD A. GRABINSKI

6

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
                        SAN FRANCISCO DIVISION
10

11

12  PHARMASTEM THERAPEUTICS, INC., a  )  Case No. C 04-3072 (JSW)
    Delaware corporation,             )
13                                    )  **ARCHIBALD A. GRABINSKI'S NOTICE
              Plaintiff,              )  OF MOTION AND MOTION TO DISMISS
14                                    )  CBR SYSTEMS, INC.'S FIRST, SECOND,
         vs.                          )  THIRD, FOURTH, FIFTH, AND SIXTH
15                                    )  COUNTERCLAIMS PURSUANT TO FED.
    CORD BLOOD REGISTRY, INC., dba CBR,)  R. CIV. P. 12(b)(2) & (b)(6)**
16  a California corporation, and SUTTER )
    HEALTH, INC., a California corporation,)  DATE:    January 14, 2005
17                                    )  TIME:    9:00 a.m.
              Defendants.             )  ROOM:    Courtroom 2
18  _____)  JUDGE:   Hon. Jeffrey S. White
    CBR SYSTEMS, INC., dba CBR, a California )
19  corporation,                      )
                                      )
20            Counterclaimant,        )
                                      )
21       vs.                          )
                                      )
22  PHARMASTEM THERAPEUTICS, INC., a  )
    Delaware corporation; STEMBANC, INC., a )
23  Ohio corporation; NICHOLAS DIDIER; and )
    ARCHIBALD A. GRABINSKI,           )
24                                    )
              Counterdefendants.      )
25  _____)

26

27

28

50494/23751.5

GRABINSKI'S MOTION TO DISMISS
Case No. C 04-3072 JSW

## TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................... 1

    Summary of Argument ........................................................... 1

    Statement of Issues to be Decided ................................................ 1

    Statement of Facts .............................................................. 1

    Standards for Granting Motions Under Fed. R. Civ. P. 12(b)(2) & (b)(6) ............ 4

    Argument ..................................................................... 5

I.    THERE IS NO JURISDICTION OVER GRABINSKI'S PERSON IN CALIFORNIA ............ 5

    A.    Grabinski Has No Continuous and Systematic Contact with California ........ 5

    B.    Grabinski Lacks Sufficient Contacts with California to Support Specific Jurisdiction ......................................... 6

II.   CBR HAS FAILED TO STATE A CLAIM AGAINST GRABINSKI ............... 10

    Conclusion .................................................................. 10

**TABLE OF AUTHORITIES**

Page

## CASES

Amba Marketing Systems, Inc. v. Jobar International, Inc.
 551 F.2d 784 (9th Cir.1977) .................................................... 7

Asdar Group v. Pillsbury, Madison and Sutro,
 99 F.3d 289 (9th Cir. 1996) ..................................................... 1

Aulson v. Blanchard
 83 F.3d 1 (1st Cir. 1996) ....................................................... 5

Bancroft & Masters v. Augusta National, Inc.
 223 F.3d 1082 (9th Cir. 2000) .................................................. 5

Burger King Corp. v. Rudzewicz
 471 U.S. 462 (1985) ............................................................ 8

Data Disc, Inc. v. Systems Technology Assoc., Inc.
 557 F.2d 1280 (9th Cir. 1977) .................................................. 4

Doe v. Unocal Corp.
 248 F.3d 915 (9th Cir. 2001) ................................................. 4, 8

Durning v. First Boston Corp.,
 815 F.2d. 1265 (9th Cir. 1987) ................................................. 5

Fecht v. The Price Co.
 70 F.3d 1078 (9th Cir. 1995) ................................................... 5

Helicopteros Nacionales de Colombia, S.A. v. Hall
 466 U.S. 408 (1984) ............................................................ 5

In re Stac Electronics Securities Litigation
 89 F.3d 1399 (9th Cir. 1996) ................................................... 1

International Shoe Co. v. Washington
 326 U.S. 310 (1945) ............................................................ 4

McGlinchy v. Shell Chemical Co.
 845 F.2d 802 (9th Cir. 1988) ................................................... 5

Pacific Atlantic Trading Co., Inc. v. The M/V Main Express
 758 F.2d 1325 (9th Cir. 1985) .................................................. 9

PharmaStem Therapeutics, Inc. v. ViaCell, Inc. et al.
 C.A. No. 02-148-GMS (D.Del. filed Feb. 22, 2002) ............................ 2, 3

Schwarzenegger v. Fred Martin Motor Co.
 374 F.3d 797 (9th Cir. 2004) ............................................... 4, 6, 8

<u>TABLE OF AUTHORITIES</u>
(Continued)

<u>Page</u>

<u>Transphase Systems, Inc. v. Southern Calif. Edison Co.</u>
    839 F. Supp. 711 (C.D. Cal. 1993) ........................................ 5

<u>United States v. Wilson,</u>
    631 F.2d 118 (9th Cir. 1980) ............................................ 1

<u>Weisbuch v. County of Los Angeles</u>
    119 F.3d 778 (9th Cir. 1997) ............................................ 4

<u>Ziegler v. Indian River County</u>
    64 F.3d 470 (9th Cir. 1995) ........................................... 5, 6

**STATUTES**

<u>California Business & Professions Code § 17500</u> ............................ 1, 2

<u>California Civil Code § 47</u> .................................................... 1

<u>Federal Rule of Civil Procedure</u> 12(b)(2) .............................. 1, 4, 10

<u>Federal Rule of Civil Procedure</u> 12(b)(6) .............................. 1, 4, 10

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that at 9:00 a.m. on January 14, 2005, or as soon

3  thereafter as counsel may be heard, counterclaim defendant Archibald A. Grabinski ("Grabinski")

4  will, and hereby does move, pursuant to Federal Rules of Civil Procedure 12(b)(2) & (b)(6), for

5  an order dismissing with prejudice CBR Systems, Inc.'s ("CBR") First, Second, Third, Fourth,

6  Fifth, and Sixth Counterclaims against him.

7  Grabinski respectfully requests that the Court dismiss with prejudice CBR's First,

8  Second, Third, Fourth, Fifth, and Sixth Counterclaims pursuant to Federal Rule of Civil

9  Procedure 12(b)(2) because there is no jurisdiction over Grabinski's person in California, or

10 alternatively, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim

11 against Grabinski on which relief can be granted.

12 Grabinski's motion is based on this Notice of Motion and Motion; the

13 accompanying Memorandum of Points and Authorities; the Declaration of Archibald A.

14 Grabinski In Support of Motion To Dismiss; Stembanc, Inc.'s Request for Judicial Notice; all

15 papers and records on file in this action and in PharmaStem Therapeutics, Inc. v. ViaCell, Inc. et

16 al., C.A. No. 02-148-GMS (D.Del. filed Feb. 22, 2002) ("Delaware Action");[1] any other matters

17 of which this Court may take judicial notice; and such further evidence and argument as may be

18 presented at or before the hearing on this matter. A proposed order is submitted herewith.

---

[1] This Court may take judicial notice of filings and orders in the Delaware Action. See In re Stac Electronics Securities Litigation, 89 F.3d 1399, 1405 (9th Cir. 1996) ("The district court properly took judicial notice of [a previous patent infringement] judgment in determining that the proprietary and patent information provided in the Prospectus was not misleading").

## MEMORANDUM OF POINTS AND AUTHORITIES

### Summary of Argument

CBR Systems, Inc. ("CBR") has asserted six causes of action against Stembanc, Inc. ("Stembanc") and Archibald A. Grabinski ("Grabinski") based on public statements they allegedly made concerning an ongoing patent infringement suit between PharmaStem Therapeutics, Inc. ("PharmaStem") and CBR. CBR has failed to establish, however, that jurisdiction exists in California over Grabinski's person. Furthermore, for the reasons set forth in Stembanc, Inc.'s Motion to Dismiss, CBR has failed to state any claim against Grabinski on which relief can be granted. Therefore, Grabinski respectfully requests that this Court dismiss CBR's First, Second, Third, Fourth, Fifth, and Sixth Counterclaims for want of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or, alternatively, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

CBR bears the burden of establishing either general or specific jurisdiction over Grabinski's person in California. To establish general jurisdiction, CBR must show that Grabinski engages in "continuous and systematic" contacts that "approximate physical presence" in California. CBR has not made any such allegations, nor could it: Grabinski has never owned real property in California, never held a bank or paid state income taxes here, and has not even visited California in the past ten years.

CBR has also failed to carry its burden of demonstrating specific jurisdiction in California over Grabinski's person. For a court to exercise specific jurisdiction, the plaintiff must show the defendant purposefully directed activities at the forum state, that the plaintiff's claims would not have arisen but for those contacts, and that the exercise of jurisdiction is reasonable. Here, CBR's allegations all concern statements Grabinski allegedly made that were disseminated through national media. CBR has not even bothered to allege that these statements were directed toward California or that CBR's claims depend on any contact with California. Moreover, considering the Grabinski's lack of contact with California the exercise of jurisdiction in this state would be unreasonable. In any event, for the reasons stated in Stembanc's Motion to Dismiss, CBR has failed to state any claim upon which relief can be granted against Grabinksi.

**Statement of Issues to be Decided**

1. Does jurisdiction over Grabinski's person exist in California?

2. Does California Civil Code § 47 bar CBR's counterclaims that are based on California common law or California Business & Professions Code § 17500?

3. Has CBR failed to plead valid causes of action under California common law, California Business & Professions Code § 17500, or section 43(a) of the Lanham Act?

**Statement of Facts**

This motion arises from the First, Second, Third, Fourth, Fifth, and Sixth Counterclaims asserted by CBR against Stembanc in CBR's Answer and Counterclaims, filed with this Court on August 23, 2004. CBR filed the Answer and Counterclaims in response to a suit for patent infringement filed by PharmaStem against CBR and Sutter Health, Inc. on July 28, 2004 ("Underlying Suit"). CBR purportedly joined Stembanc and Grabinski as new counterclaim defendants in the Underlying Suit without obtaining an Order of this Court permitting joinder.

Stembanc is an Ohio corporation with its principal place of business in Chardon, Ohio. It provides collection, processing, and cryopreservation services for stem cells obtained from the umbilical cord and placental blood of a newborn child for the future potential benefit of the child (autologous banking) or for first-degree relatives, such as a sibling or parent. Archibald A. Grabinski ("Grabinski") is a resident of Ohio and has served as the Chief Operating Officer of Stembanc since the company's inception. See Declaration of Archibald A. Grabinski In Support of Motion to Dismiss ("Grabinski Decl.") ¶ 1. CBR is a California corporation with its principal place of business in San Bruno, California, and describes itself as "engaged in the business of storage or banking of umbilical cord blood, collected at the birth of an infant." Answer and Counterclaims ("Counterclaims") ¶ 9. PharmaStem is a Delaware corporation with its principal place of business in Larchmont, New York, and is the owner of U.S. Patents Nos. 6,461,645 (the "'645 Patent") and 6,569,427 (the "'427 Patent"), among others. The '645 Patent is "directed to cryopreserved compositions of fetal or neonatal hematopoietic stem and progenitor cells obtained from the umbilical cord or placental blood of a newborn human ("Cord Blood")," and the '427 is "directed to methods of using and storing Cord Blood for therapeutic use." Complaint for Patent

1  Infringement ("Underlying Complaint") ¶ 8. In 2003, Stembanc obtained a license to practice the
2  teachings contained in the patent portfolio of PharmaStem, including those in the '645 and '427
3  Patents. PharmaStem's complaint in the Underlying Suit alleges that CBR infringed the '645 and
4  '427 Patents.
5        PharmaStem and CBR are also currently engaged in another patent infringement
6  suit in the United States District Court for the District of Delaware, <u>PharmaStem Therapeutics,</u>
7  <u>Inc. v. ViaCell, Inc. et al.</u>, C.A. No. 02-148-GMS (D.Del. filed Feb. 22, 2002) ("Delaware
8  Action"), in which PharmaStem alleged that CBR and the other defendants infringed U.S. Patents
9  Nos. B1 5,004,681 (the "'681 Patent") and 5,192,553 (the "'553 Patent"). On October 29, 2003,
10 the jury in the Delaware Action returned a unanimous verdict on all claims in favor of
11 PharmaStem. <u>See</u> Stembanc Inc.'s Request For Judicial Notice ("Not. Req."), Ex. A (Jury
12 verdict). The jury found that CBR had infringed the '681 and '553 Patents and that CBR's
13 infringement was willful. <u>See id.</u>; Counterclaims ¶ 12. Judgment was entered on October 30,
14 2003. <u>See</u> Not. Req., Ex. B (Judgment). Subsequently, CBR joined in a motion for judgment as
15 a matter of law and, in the alternative, a motion for a new trial or a remittitur. <u>See</u> Counterclaims
16 ¶ 13.
17       CBR has asserted six causes of action against Stembanc and Grabinski. Five of
18 the claims purportedly sound under California's statutory or common law: (1) intentional
19 interference with contractual or other economic relationships; (2) negligent interference with
20 contractual or other economic relationships; (3) unfair competition; (4) trade libel; and (5) false
21 advertising under Cal. Bus. & Prof. Code § 17500. <u>See</u> Counterclaims ¶¶ 36-61. In addition,
22 CBR alleges that Stembanc and Grabinski have violated section 43(a) of the Lanham Act, 15
23 U.S.C. § 1125(a). CBR relies on three factual predicates to support these causes of action.
24       First, CBR highlights a graphical chart and a press release that appeared on
25 Stembanc's website. <u>See</u> Counterclaims ¶¶ 28-30, 33. The graphical chart appeared as follows:
26
27
28

| Compare and Enroll with Stembanc | | | | |
|---|---|---|---|---|
| | Licensed(*1) | Guilty Of Patent Infringement | FDA Registered | Price (*2) |
| Stembanc | YES | NEVER | YES | $1395 |
| Cord Blood Registry (CBR) | NO (1) | YES - NOW | YES | $1740 |
| Viacord | NO (1) | YES - NOW | YES | $1700 |

Footnotes: (1) Refer to Press Releases for More Information
(2) Pricing (including Shipping) as of 12/03

1  Grabinski Decl., Ex. C (Graphical Chart). If a user clicked on the word "licensed" or on footnote
2  one, he or she was directed to one or more press releases. See Grabinski Decl. ¶ 9 & Ex. D
3  (Press release entitled "PharmaStem Therapeutics Announces Patent License Agreement with
4  Stembanc, Inc."). CBR contends that the word "licensed" and the phrase "guilty of patent
5  infringement" that appeared on the graphical chart were misleading. See Counterclaims ¶ 29.
6  CBR also alleges that on August 2, 2004, "Stembanc and Grabinski issued a press release, posted
7  on Stembanc's website, that contains materially false statements and creates a false implication
8  with the consuming public that CBR's customers are making demands for refunds and claiming
9  they were misled by CBR." Id. at ¶ 33; Grabinski Decl. at ¶ 10 & Ex. E.

          Second, CBR alleges that "Stembanc has placed advertisements in Pregnancy
magazine that contain similar false and misleading statements about CBR." Counterclaims ¶ 31.
The relevant portion of the advertisements contained the following language:

> You now know many of the reasons for preserving your newborn's
> unique birth stem cells for future use. We also know that you want
> to preserve your child's precious stem cells with a company that
> has rights to operate in the future.
>
> Stembanc has these rights – the rights to the technologies needed
> for both technically sound and legally legitimate cord blood stem
> cell processing and cryopreservation. Recently our competitors
> (including Viacord, Cord Blood Registry (CBR), and Cryocell) were
> found guilty of willful patent infringement. Other companies lack the
> needed technology rights as well.
>
> We feel it is important for you to know that this court verdict not only
> jeopardizes the infringers' ability to continue operations, but also establishes
> that physicians who knowingly work in concert with these companies may
> also be implicated in the process of patent infringement.
>
> Obviously, parents choose Stembanc once they understand other companies
> face the prospect of business cessation.

Grabinski Decl., Ex. B (Pregnancy advertisement). There were two versions of the
advertisement, but they differed only in the mention of a company other than CBR. Compare
Grabinski Decl., Ex. A & B.

          Finally, CBR contends that Stembanc or Grabinski "contacted obstetricians and
gynecologists directly and disseminated false and misleading statements that they would be liable
for patent infringement if they recommended banking with CBR to their patients."

1  Counterclaims ¶ 32. In addition, CBR contends that the potential customers were told that "CBR
2  'is faced with the prospect of business cessation.'" Id.

### Standards for Granting Motions Under Fed. R. Civ. P. 12(b)(2) & (b)(6)

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), it is the plaintiff's burden to establish that a court may exercise personal jurisdiction over a defendant. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). In making this determination, a court may consider affidavits on the jurisdictional issue in addition to the pleadings. See Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). Moreover, the plaintiff cannot rely on the allegations of the complaint to meet its burden but rather must present admissible evidence supporting the exercise of jurisdiction. See Schwarzenegger, 374 F.3d at 800. To determine whether personal jurisdiction exists in a case in which "the federal statute or rule on which an action is premised does not authorize service to obtain jurisdiction over a defendant, the starting point is the forum state's long-arm statute." Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir. 2001); Schwarzenegger, 374 F.3d at 800-01. California Code of Civil Procedure § 410.10 ("Section 410.10") permits the exercise of jurisdiction "on any basis not inconsistent with the Constitution of [California] or of the United States." Therefore, in this case "the jurisdictional analyses under state law and federal due process are the same." Schwarzenegger, 374 F.3d at 800-01 (citing Section 410.10). Under federal due process law, it is well established that "[f]or a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" See id. (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

The court should dismiss a complaint when it fails to allege or state a viable claim for relief. See Fed. R. Civ. P. 12(b)(6); Weisbuch v. County of Los Angeles, 119 F.3d 778 (9th Cir. 1997). Although facts alleged in the Complaint must be accepted as true for purposes of the motion to dismiss, the Court need not accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact.

50494/23751.5

GRABINSKI'S MOTION TO DISMISS
Case No. C 04-3072 JSW

4

1  See Transphase Systems, Inc. v. Southern Calif. Edison Co., 839 F. Supp. 711, 718 (C.D. Cal.
2  1993); McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988); Aulson v.
3  Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (Courts need not "swallow the plaintiff's invective hook,
4  line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and
5  the like need not be credited"). On a motion to dismiss, the Court may also disregard allegations
6  in the Complaint if contradicted by facts established by reference to documents attached as
7  exhibits to the Complaint. See Durning v. First Boston Corp., 815 F.2d. 1265, 1267 (9th Cir.
8  1987). Furthermore, "documents whose contents are alleged in a complaint and whose
9  authenticity no party questions, but which are not physically attached to the pleading, may be
10 considered in ruling on a Rule 12(b)(6) motion to dismiss." Fecht v. The Price Co., 70 F.3d
11 1078, 1080 n.1 (9th Cir. 1995) (citations omitted). The court's consideration of such documents
12 "does 'not convert the motion to dismiss into a motion for summary judgment.'" Id.

13                                            **Argument**
14 I.      **THERE IS NO JURISDICTION OVER GRABINSKI'S PERSON IN**
15         **CALIFORNIA**
16            Although CBR has attempted to force Grabinski to litigate in California, there is
17 neither general nor specific jurisdiction over his person in this state. Accordingly, CBR's First,
18 Second, Third, Fourth, Fifth, and Sixth Counterclaims should be dismissed against Grabinski.
19      A.      **Grabinski Has No Continuous and Systematic Contact with California**
20            For general jurisdiction to exist over a nonresident defendant, the defendant must
21 engage in "continuous and systematic" contacts that "approximate physical presence" in the
22 forum state. See Schwarzenegger, 374 F.3d at 801 (quoting Bancroft & Masters v. Augusta
23 National, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) and Helicopteros Nacionales de Colombia,
24 S.A. v. Hall, 466 U.S. 408, 416 (1984)). Furthermore, the exercise of jurisdiction must "satisf[y]
25 'traditional notions of fair play and substantial justice.'" Ziegler v. Indian River County, 64 F.3d
26 470, 473 (9th Cir. 1995). CBR has not alleged any facts establishing that Grabinski has
27 "continuous and systematic" contact with California, nor could it: Grabinski has never lived in
28

California, has never paid income tax or held a bank account in California, and has not even visited California for at least ten years. See Grabinski Decl ¶¶ 1-3. Therefore, there is no general jurisdiction over Grabinski's person in California.

### B. Grabinski Lacks Sufficient Contacts with California to Support Specific Jurisdiction

CBR's also does not allege facts sufficient to support specific jurisdiction over Grabinski in California. For specific jurisdiction over a non-resident defendant to exist:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger at 802; see Ziegler, 64 F.3d at 473. Grabinski does not meet these requirements.

#### 1. Grabinski did not purposefully direct any statement towards California

For cases sounding in tort, the Ninth Circuit commonly applies the "purposeful direction" test rather than the test for "purposeful availment." See Schwarzenegger at 802. Because CBR's claims against Grabinski sound in tort, it is the latter test that governs this case. See id. at 802-03. Under the "purposeful direction" test, the plaintiff must demonstrate that the defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id. at 805.

CBR cannot show that Grabinski "expressly aimed" any statement at California or that he knew any of the alleged statements were likely to cause harm that would be suffered in California. As an initial matter, CBR does not allege that Grabinski himself actually directed any representation to California. Instead, CBR's allegations vaguely state that "Stembanc and Grabinski" made various statements. See Counterclaims ¶¶ 26-34. Such conclusory assertions are not sufficient to satisfy CBR's burden of demonstrating jurisdiction. See Schwarzenegger, 374 F.3d at 800 ("[T]he plaintiff cannot 'simply rest on the bare allegations of its complaint'")

1  (quoting <u>Amba Marketing Systems, Inc. v. Jobar International, Inc.</u>, 551 F.2d 784, 787 (9th
2  Cir.1977)).

3   Even assuming Grabinski had made the statements CBR complains about,
4  however, CBR does not allege that Grabinski specifically targeted California or that he knew the
5  alleged representations would cause harm here. CBR's Counterclaims identify three forums in
6  which Stembanc or Grabinski allegedly made false statements: (1) on Stembanc's website, <u>see</u>
7  Counterclaims ¶¶ 28-30, 33; (2) in <u>Pregnancy</u> magazine, <u>see</u> Counterclaims ¶ 31; and (3) through
8  direct communications with obstetricians, gynecologists, or prospective customers. <u>See</u>
9  Counterclaims ¶ 32. None of these forums specifically targets or otherwise singles out
10 California. Stembanc's website is open to anyone, nationwide or worldwide, who has access to
11 the Internet. Indeed, the website is not even hosted in California, but rather by a company
12 located in Ohio. <u>See</u> Grabinski Decl. ¶ 6. Pregnancy magazine is a journal with national and
13 international circulation. Finally, Grabinski has no recollection of ever directly contacting any
14 gynecologist, obstetrician, or prospective customer in California concerning the matters in CBR's
15 allegations. <u>See</u> Grabinski Decl. ¶¶ 4, 5. Moreover, the content of alleged statements does not
16 focus on California. Instead, the statements discuss the ongoing patent dispute between
17 PharmaStem and CBR in Delaware, and they identify numerous companies other than CBR that
18 do business outside of California. <u>See</u> Counterclaims ¶ 28 (Graphical Chart identifies Viacord);
19 Grabinski Decl., Exhibits A, B, E (<u>Pregnancy</u> magazine ads and press release name several
20 companies).

21  Because neither the forums through which Grabinski's alleged statements were
22 made nor the content of the alleged messages themselves were "purposefully directed" at
23 California, CBR cannot establish specific jurisdiction over Grabinski's person in this state.

24  2.  <u>CBR's Counterclaims do not arise from any contact with California</u>
25  Even assuming <u>arguendo</u> that Grabinski had purposefully directed his alleged
26 statements at California, CBR still could not establish specific jurisdiction because it cannot
27 prove that its Counterclaims "arise out of" or "relate to" Grabinski's alleged contacts with
28

1  California. See Schwarzenegger, 374 F.3d at 802. To establish that a claim arises out of or
2  relates to a defendant's activities in the forum state, the "Court considers whether plaintiffs'
3  claims would have arisen but for [defendant's] contacts with [that state]." Unocal, Corp., 248
4  F.3d at 924. CBR has not alleged that "but for" any statement directed to California its
5  Counterclaims would not have arisen. Indeed, CBR's allegations indicate that it is the broad
6  dissemination of Grabinski's alleged statements that gives rise to its claims. See, e.g.,
7  Counterclaims ¶ 33 (allegedly false statements "create[] a false implication with the consuming
8  public. . . ."); Counterclaims ¶ 29 ("deceptive statement creates a false implication to the public .
9  . . ."). Accordingly, CBR cannot establish that its Counterclaims arise out of any contact that
10 Grabinski allegedly had with California.

11              3.    <u>Exercising Jurisdiction Over Grabinski Would Not Be Reasonable</u>
12              Because CBR cannot satisfy the first two elements for establishing specific
13 jurisdiction over Grabinski in California, CBR's Counterclaims should be dismissed. See
14 Schwarzenegger, 374 F.3d at 802 ("If the plaintiff succeeds in satisfying both of the first two
15 prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of
16 jurisdiction would not be reasonable") (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462,
17 476-78 (1985)). Nonetheless, even had CBR meet these requirements, there is no specific
18 jurisdiction over Grabinski's person in California because the exercise of jurisdiction would not
19 be reasonable. See Schwarzenegger, 374 F.3d at 802 ("[T]he exercise of jurisdiction must
20 comport with fair play and substantial justice, i.e. it must be reasonable").
21              In evaluating whether the exercise of jurisdiction would be reasonable, the Ninth
22 Circuit weighs seven factors: (1) the extent of purposeful interjection into the forum state; (2)
23 the burden on the defendant of litigating in the forum state; (3) whether exercising jurisdiction
24 would conflict with the sovereignty of the defendant's state; (4) the interest of the forum state in
25 adjudicating the dispute; (5) where the most efficient forum for litigating the dispute is located;
26 (6) whether plaintiff can obtain effective relief in another forum; and (7) whether the plaintiff has
27
28

1  an alternative forum in which to litigate.  See Pacific Atlantic Trading Co., Inc. v. The M/V Main
2  Express, 758 F.2d 1325, 1329-31 (9th Cir. 1985).
3          On balance, these factors demonstrate that the exercise of jurisdiction over
4  Grabinski in California would not be reasonable.  First, as discussed in Part I.B.2 above, CBR
5  has not alleged that Grabinski personally directed any statement toward California.  Indeed,
6  CBR's own allegations establish that statements in Pregnancy magazine and on Stembanc's
7  website were not targeted at California and Grabinski has no recollection of ever contacting any
8  gynaecologist, obstetrician, or potential customer in California concerning the subjects identified
9  in CBR's allegations.  Second, the burden on Grabinski, a resident of Ohio, of litigating in
10 California would be, and already has been, significant.  Forcing the CEO of a company to travel
11 across the country to a state he has not visited for the last ten years is patently disruptive both for
12 the company and the individual.  See Grabinski Decl. ¶ 2.  Third, Ohio has a valid interest in
13 adjudicating disputes concerning its residents and, given that CBR has not shown Grabinski
14 purposefully directed any statement at California, there is no reason to strip Ohio of its right to
15 hear the dispute between CBR and Grabinski.  Fourth, CBR has not demonstrated that California
16 has any particular interest in adjudicating its Counterclaims against Grabinski.  Although CBR
17 was incorporated in California, it does business across the country and has alleged harms
18 stemming from statements that Stembanc or Grabinski purportedly disseminated through national
19 media.  In any event, California's interest in adjudicating claims involving CBR is not more
20 significant than Ohio's interest in adjudicating claims involving Grabinski.  Fifth, Ohio is the
21 most efficient forum for adjudicating the dispute between CBR and Grabinski.  See Pacific
22 Atlantic Trading Co., 758 F.2d at 1331 ("The site where the injury occurred and where evidence
23 is located usually will be the most efficient forum").  The alleged statements that CBR bases its
24 Counterclaims on would all have originated in Ohio.  Stembanc and Grabinski are located in
25 Ohio and even Stembanc's website is hosted by an Ohio company.  See Grabinski Decl. ¶¶ 1, 6.
26 In short, the evidence and witnesses relevant to CBR's claims against Grabinski reside in Ohio

1 and therefore Ohio is the most efficient forum. Finally, CBR can obtain effective relief by litigating its dispute in Ohio.

CBR has not established that Grabinski purposefully directed his alleged statements at California. Nor has CBR not shown that its claims arise from Grabinski's alleged contacts with California and that the exercise of jurisdiction over Grabinski's person in California would be reasonable. Accordingly, Grabinski respectfully requests that this Court dismiss CBR's Counterclaims for want of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## II.   CBR HAS FAILED TO STATE A CLAIM AGAINST GRABINSKI

Even if there were jurisdiction over Grabinski's person in California, CBR's Counterclaims should nonetheless be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state any claim against Grabinski upon which relief can be granted. In the interests of efficiency, Grabinski hereby incorporates by reference, as though fully set forth herein, the arguments in Parts I and II of the Memorandum of Points and Authorities submitted in support of Stembanc, Inc.'s Motion to Dismiss. Accordingly, Grabinksi respectfully requests that this Court dismiss CBR's First, Second, Third, Fourth, Fifth, and Sixth Counterclaims in their entireties.

## Conclusion

For all of the foregoing reasons, Grabinski respectfully requests that the Court dismiss with prejudice CBR's First, Second, Third, Fourth, Fifth, and Sixth Counterclaims against Grabinski for want of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: September 27, 2004

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____/s/_____
Samuel B. Shepherd (Bar No. 163564)
Matthew W. Meskell (Bar No. 208263)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Attorneys for Archibald A. Grabinski

**Certification of Interested Entities or Persons**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: September 27, 2004

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____/s/_____
Samuel B. Shepherd (Bar No. 163564)
Matthew W. Meskell (Bar No. 208263)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Attorneys of Record for
Archibald A. Grabinski