QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Samuel B. Shepherd (Bar No. 163564)
Matthew W. Meskell (Bar No. 208263)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000 (Telephone)
(650) 801-5100 (Facsimile)

Attorneys for Counterclaim Defendant,
ARCHIBALD A. GRABINSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>CORD BLOOD REGISTRY, INC., dba CBR, a California corporation, and SUTTER HEALTH, INC., a California corporation,<br><br>            Defendants.<br><br>CBR SYSTEMS, INC., dba CBR, a California corporation,<br><br>            Counterclaimant,<br><br>      vs.<br><br>PHARMASTEM THERAPEUTICS, INC., a Delaware corporation; STEMBANC, INC., a Ohio corporation; NICHOLAS DIDIER; and ARCHIBALD A. GRABINSKI,<br><br>            Counterdefendants. | Case No. C 04-3072 (JSW)<br><br>**[PROPOSED] ORDER GRANTING ARCHIBALD A. GRANBINSKI'S MOTION TO DISMISS CBR SYSTEMS, INC.'S FIRST, SECOND, THIRD, FOURTH, FIFTH, AND SIXTH COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(2) & (b)(6)**<br><br>DATE:    January 14, 2005<br>TIME:    9:00 a.m.<br>ROOM:  Courtroom 2<br>JUDGE:  Hon. Jeffrey S. White |

1   On January 14, 2005, Counterclaim defendant Archibald A. Grabinksi's Motion
2  To Dismiss CBR Systems, Inc.'s First, Second, Third, Fourth, Fifth, and Sixth Counterclaims
3  Pursuant To Fed.R.Civ.P. 12(b)(2) & (b)(6) came for hearing before the Court. All parties were
4  given notice and an opportunity to be heard.
5   Having considered all papers filed in support of and in opposition to Archibald A.
6  Grabinski's ("Grabinski") motion and the arguments of counsel at the hearing, and GOOD
7  CAUSE APPEARING THEREFOR,
8   IT IS HEREBY ORDERED as follows:
9   1.   Archibald A. Grabinski's Motion To Dismiss CBR Systems, Inc.'s First,
10 Second, Third, Fourth, Fifth, and Sixth Counterclaims Pursuant To Fed.R.Civ.P. 12(b)(2) &
11 (b)(6) is GRANTED. CBR Systems, Inc. ("CBR") has failed to demonstrate that this Court may
12 exercise either general or specific jurisdiction over Grabinski's person. Accordingly, CBR's
13 Counterclaims against Grabinski are DISMISSED with prejudice pursuant to Federal Rule of
14 Civil Procedure 12(b)(2).
15  2.   Archibald A. Grabinski's Motion To Dismiss CBR Systems, Inc.'s First,
16 Second, Third, Fourth, Fifth, and Sixth Counterclaims Pursuant To Fed.R.Civ.P. 12(b)(6) is
17 GRANTED because CBR has failed to state any claim upon which relief may be granted against
18 Stembanc. CBR's First, Second, Third, Fourth, and Sixth Counterclaims, which arise from the
19 statutory or common law of California, are barred under California Civil Code § 47 as they rely
20 for their factual predicates on statements privileged against liability under California law. In
21 addition, CBR's Third Counterclaim fails as a matter of law because CBR has not alleged that
22 either Grabinski or Stembanc engaged in any "passing off" of goods or services. See Southland
23 Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1147 (9th Cir. 1997). CBR's Fourth, Fifth, and
24 Sixth Counterclaims fail as a matter of law because they rely for their factual predicates on either
25 demonstrably true, non-misleading statements, or upon non-actionable opinion. See Coastal
26 Abstract Service, Inc. v. First American Title Ins. Co., 173 F.3d 725, 731 (9th Cir. 1999);
27 Optinrealbig.com, LLC v. Ironport Systems, Inc., 323 F.Supp.2d 1037, 1048 (N.D. Cal. 2004);
28 Bernardo v. Planned Parenthood Federation of America, 9 Cal.Rptr.3d 197, 220 (Cal. Ct. App.

1  2004). CBR's First and Second Counterclaims, insofar as they allege intentional and negligent
2  interference with contractual relations, fail as a matter of law because CBR has not alleged that
3  Stembanc or Grabinski interfered with any valid contract between CBR and a third party. See
4  Tuchscher Development Enterprises v. San Diego Unified Port District, 106 Cal. App. 4th 1219,
5  1242 (Cal. Ct. App. 2003). CBR's First Counterclaim, insofar as it alleges interference with
6  prospective economic relationships, fails as a matter of law because CBR has not alleged that
7  Grabinski or Stembanc engaged in independently wrongful conduct. See Della Penna v. Toyota
8  Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 392 (1995). Finally, CBR's Second Counterclaim,
9  insofar as it alleges negligent interference with prospective economic relationships, fails as a
10 matter of law both because CBR has not alleged that Grabinski or Stembanc engaged in
11 independently wrongful conduct and because competitors do not owe each other a duty of care.
12 See Stolz v. Wong Communications Limited Partnership, 25 Cal.App.4th 1811, 1824 (Cal. Ct.
13 App. 1994) (citing J'Aire Corp. v. Gregory, 24 Cal.3d 799, 803 (1979)). Accordingly, CBR's
14 First, Second, Third, Fourth, Fifth, and Sixth Counterclaims are DISMISSED with prejudice
15 pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief
16 can be granted.

20 Dated: _____, 2004

     _____
     HONORABLE JEFFREY S. WHITE
     UNITED STATES DISTRICT COURT JUDGE