BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

---

In re: PharmaStem Therapeutics Patent : 
Litigation, :
: MDL Docket No. _____
:

---

MOTION TO TRANSFER FOR CONSOLIDATION AND COORDINATION
OF PRETRIAL PROCEEDINGS IN A SINGLE FORUM

Cryo-Cell International, Inc., CorCell, Inc., ViaCell, Inc. and CBR Systems, Inc. and 15 other individuals or entities[1] ("Movants") hereby move the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 1407 to take jurisdiction over seven actions presenting claims related to a series of patents held by PharmaStem Therapeutics, Inc. ("PharmaStem") and

---

[1] The four corporations listed are joined in this motion by the following entities, each of which has been named as a defendant in an action for patent infringement brought by PharmaStem Therapeutics, Inc. ("PharmaStem"): Bruce Zafran, M.D., Molly McBride, M..D., Carlo M. Croce, M.D., Sutter Health., Obstetrical and Gynecological Associates, P.A., Fempartners, Inc., and Caritas St. Elizabeth's Medical Center of Boston, Inc., Monica Aszlerbaum, Andrew Cassidenti, Eunice U. Lee, Carla Wells, Anita York, Bruce A. Hagadorn, Rahasree T. Seshadri and Arthur Goldstein.

557169\_1

transfer them to the United States District Court for the District of Delaware (Hon. Gregory M. Sleet) for consolidation and coordination of pretrial proceedings in a single forum.[2]

Accompanying this motion is the Affidavit of James J. Rodgers (and exhibits thereto) and a Memorandum in Support of Motion to Transfer for Consolidation and Coordination of Pretrial Proceedings in a Single Forum. As set forth more fully in the memorandum, the grounds for the motion are as follows:

1. Six patent infringement actions have been brought in six different federal courts, by PharmaStem against one or more of the Movants, all of which relate to patents of which PharmaStem is the named assignee. Each of the patents is derived from a single patent application filed in 1987; the specification of each patent is substantially identical.[3] The claims of all of the patents are sufficiently similar that identical issues of fact and questions of law will govern the determinations of infringement and validity in all of the cases. A seventh action, filed by three of the Movants against PharmaStem presents claims under the antitrust laws, the Lanham Act and state law claims for tortious interference and unfair and deceptive trade practices arising from alleged misuse by PharmaStem of the same patents. Counterclaims raising similar issues have been filed in several of the pending infringement suits.

2. Thus, all seven actions present one or more common questions of fact, or mixed questions of fact and law, including allegations concerning infringement, willful infringement and patent validity (including anticipation, obviousness and indefiniteness).

---

[2] A list of the cases is attached hereto as Schedule A. Copies of the complaints and, where applicable, counterclaims, are attached as Exhibits F through P to the Affidavit of James J. Rodgers ("Rodgers Affidavit") submitted herewith.

[3] PharmaStem's patents are attached to the Rodgers Affidavit as Exhibits A through E.

3. In the first action, filed in February, 2002 in the District of Delaware, PharmaStem alleged infringement by the ViaCell, Cryo-Cell, CorCell and CBR of U.S. Patents nos. 5,004,681 ("the '681 patent") and 5,192,553 ("the '553 patent"). Each of the defendants in that case operates a private umbilical cord blood bank, providing to parents the service of preservation of their newborn child's umbilical cord blood. That case was tried to a verdict in October, 2003. The trial court decided post-trial motions in a Memorandum and Order dated September 15, 2004. The court ordered, *inter alia*, entry of judgment as a matter of law on infringement of the '553 patent in favor of the defendants and a new trial on infringement of the '681 patent. A copy of Judge Sleet's September 15, 2004 Memorandum Opinion is attached to the Rodgers Affidavit as Exhibit R.

4. On July 28, 2004, PharmaStem filed a series of four new actions, asserting in each one infringement of two additional patents, nos. 6,461,645 ("the '645 patent") and 6,569,427 ("the '427 patent"). In each case, PharmaStem alleged infringement by one cord blood bank of the '645 patent, and by one of the cord blood banks and by one or more additional defendants, (physicians, medical practices or a health care facility) of the '427 patent.

5. On August 5, 2004, PharmaStem filed another action against CureSource, Inc., a new private umbilical cord blood bank, and 12 physicians. The complaint in this action alleged infringement by CureSource of the '681, '645 and '427 patents, and by the physicians of the '427 patent. PharmaStem has since settled with or dismissed CureSource and four of the physicians have either settled, been dismissed or defaulted.

6. Each of the '681, '645 and '427 patents contains claims having a limitation requiring that, to infringe, the cord blood unit that is being preserved or used in treatment of a

patient must contain "stem cells in an amount sufficient to effect hematopoietic reconstitution of a human adult."

7.  The '553 patent, which was a subject of the initial Delaware action, and the '427 patent are method or process patents. The vast majority of the claims of each relate to the therapeutic use of cells derived from umbilical cord blood.

8.  On July 2, 2004, while post-trial motions were pending before the Delaware District Court, the court entered a preliminary injunction against PharmaStem, finding that PharmaStem had made false and misleading statements concerning the rulings of the court in that proceeding to date and concerning the potential liability of obstetricians for infringement of PharmaStem's patents. Proceedings relating to charges of contempt of the July 2, 2004 order are pending before Judge Sleet. A copy of Judge Sleet's July 2, 2004 Order is attached as Exhibit Q to the Rodgers Affidavit.

9.  Beginning in June, 2004 and continuing through September, 2004, PharmaStem has been engaged in a campaign of publicity and misinformation designed to threaten and intimidate obstetricians to refuse to collect umbilical cord blood at the time of their patients' deliveries, if the patient has elected to store the cord blood with one of the Movants.

10. On October 4, 2004, the seventh and final of the related actions was filed in the District of Delaware. In that action, ViaCell, joined in an amended complaint by Cryo-Cell and CorCell, presents claims of antitrust and Lanham Act violations by PharmaStem, as well as state law claims for tortious interference and for unfair and deceptive trade practices arising from PharmaStem's efforts to require obstetricians to agree to refrain from conduct that is beyond the scope of PharmaStem's patents as a condition of avoiding suit for infringement of those patents. Although PharmaStem has not brought any suit on U.S. Patent No. 6,605,275 (which also has a

common parent application to the other PharmaStem patents) it is also the subject of some of the conduct at issue in the recently-filed Delaware action.

11.     Because of the significant overlap of factual issues and the similarity of claims and defenses, consolidation and coordination of all the actions in a single forum will significantly advance the just and efficient conduct of the litigation as well as the convenience of the parties and witnesses.

12.     The District of Delaware is the most suitable transferee forum because: (a) the initial case was brought there by PharmaStem, (b) Judge Sleet of that court is already managing the litigation, and has already conducted a trial on issues of infringement and validity on two of the related patents, (c) the most recently filed action, brought in Delaware, relates to all of the PharmaStem patents, and (d) the District of Delaware is easily accessible to all parties due to the ease, variety and quality of transportation in and out of Philadelphia.

13.     The District of Delaware is also an appropriate forum for transfer because a review of the Federal Judicial Caseload Profile report for 2003 shows that the District of Delaware has the available resources to undertake the management of this litigation. The median time from filing to trial in civil cases in Delaware is 24 months, less than that in the Northern District of California (30.3) and the District of Massachusetts (28.5), and not significantly greater than that in the other districts in which PharmaStem patent cases are pending.[4] Moreover, of the districts in which these cases have been filed, the District of Delaware had the greatest drop in new filings from 2002 to 2003, 32.9%. See Exhibit S to the Rodgers Affidavit.

---

[4] Median time from filing to trial was 21.2 months in the Central District of California, 20.2 months in the Middle District of Florida and 19 months in the Eastern District of Pennsylvania.

WHEREFORE, Movants respectfully request the Judicial Panel on Multidistrict Litigation to take jurisdiction over the seven pending private actions and transfer the five outlying lawsuits to the District of Delaware (Hon. Gregory M. Sleet) for consolidation and coordination of pretrial proceedings.

October 26, 2004

Respectfully submitted,

James J. Rodgers, Esq.
Evelyn H. McConathy, Esq.
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
215-575-7143
Attorneys for Cryo-Cell International, Inc., CorCell, Inc., Bruce Zafran, M.D., Molly McBride, M..D. and Carlo M. Croce, M..D.

Paul F. Ware, P.C.
John C. Englander, Esq.
Elaine Herrmann Blais, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
617-570-1000
Attorneys for ViaCell, Inc., Obstetrical and Gynecological Associates, P.A., Fempartners, Inc., and Caritas St. Elizabeth's Medical Center of Boston, Inc

William F. Abrams, Esq.
Thomas F. Chaffin, Esq.
Pillsbury Winthrop LLP
2475 Hanover Street

Palo Alto, CA 94304-1114
(650) 233-4668
Attorneys for CBR Systems, Inc. Sutter Health, Monica Aszterbaum, M.D., Andrew Cassidenti, M.D., Eunice U. Lee, M.D., Carla Wells, M.D., Anita York, M.D., Bruce A. Hagadorn, M.D., Rajasree T. Seshadri, M.D., and Arthur Goldstein, M.D.

## SCHEDULE A- CASES TO BE CONSOLIDATED

(a) PharmaStem Therapeutics, Inc., plaintiff v. ViaCell, Inc., CBR Systems, Inc. f/k/a Cord Blood Registry, Inc., Cryo-Cell International, Inc. and CorCell, Inc., defendants, C.A. No. 02-148-GMS (D. Del.) (Hon. Gregory M. Sleet) (other defendants originally named were either dismissed before trial, or were the subject of judgment by default)

(b) PharmaStem Therapeutics, Inc., plaintiff v. CorCell, Inc., Molly McBride, M.D., and Carlo M. Croce, M.D., defendants; CorCell, Inc., counterclaim-plaintiff, v. PharmaStem Therapeutics, Inc., Nicholas Didier and Stembanc, Inc., counterclaim-defendants, C.A. No. 04-CV-3561 (E..D. Pa.). (Hon. Robert F. Kelly)

(c) PharmaStem Therapeutics, Inc., plaintiff v. Cord Blood Registry, Inc. d/b/a CBR and Sutter Health, Inc., defendants; CBR Systems, Inc. dba CBR, counterclaimant vs. PharmaStem Therapeutics, Inc., Stembanc, Inc., Nicholas Didier and Archibald A. Grabinski, counterdefendants, C.A. No. 04-3072 (N..D. Cal.). (Hon. Jeffrey S. White)

(d) PharmaStem Therapeutics, Inc. v. Cryo-Cell International, Inc. and Bruce Zafran, M.D., C.A. No. 8:04-CV-1740-T-30TGW (M..D. Fla.). (Hon. James S. Moody)

(e) PharmaStem Therapeutics, Inc. v. Curesource, Inc., Monica Aszlerbaum, Andrew Cassidenti, Eunice U. Lee, Carla Wells, Anita York, Eliot Romero, Kathy Anderson, Nasrin Farbakhsh, Bruce A. Hagadorn, Rahasree T. Seshadri, Arthur Goldstein, and Charles W. Moniak, No. SACV04-921 (GLT) (C..D. Cal.). (Hon. Gary L. Taylor)

(f) PharmaStem Therapeutics, Inc. v. ViaCell, Inc., Obstetrical and Gynecological Associates, P.A., Fempartners, Inc., and Caritas St. Elizabeth's Medical Center of Boston, Inc., C.A. No. 04-11673 (RWZ) (D. Mass.). (Hon. Rya W. Zobel)

(g) ViaCell, Inc., Cryo-Cell International, Inc, and CorCell, Inc. v. PharmaStem Therapeutics, Inc., C.A. No. 04-1335-GMS (D. Del.) (Hon. Gregory M. Sleet)