RECEIPT # 57608
AMOUNT $ 150
SUMMONS ISSUED Y-3
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. JB
DATE 7-28-04

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

PHARMASTEM THERAPEUTICS, INC.,
a Delaware corporation,

      Plaintiff,

      v.

VIACELL, INC., a Delaware corporation,
OBSTETRICAL AND
GYNECOLOGICAL ASSOCIATES, P.A.,
and FEMPARTNERS, INC., a Delaware
corporation,

      Defendants.

Civil Action No.:

MAGISTRATE JUDGE RBC

**04 cv 11673 RWZ**

## COMPLAINT FOR PATENT INFRINGEMENT
## AND DEMAND FOR JURY TRIAL

Plaintiff PharmaStem Therapeutics, Inc. ("Plaintiff" or "PharmaStem") alleges as follows:

## THE PARTIES

1.    Plaintiff PharmaStem is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York, located at 69 Prospect Avenue, Larchmont, New York 10538.

2.    On information and belief, Defendant ViaCell, Inc. ("ViaCell") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 131 Clarendon Street, Boston, Massachusetts.

3.    On information and belief, Defendant Obstetrical and Gynecological Associates, P.A. ("OGA") is a professional association organized and existing under the laws of the State of Texas, with its principal place of business located at 7550 Fannin, Houston, Texas 77054.

[/B0375729.DOC]

4.      In information and belief, Defendant FemPartners, Inc. ("FemPartners")
is a corporation organized and existing under the laws of the State of Delaware, with
its principal place of business located at 1300 Post Oak Boulevard, Suite 600,
Houston, Texas 77056.

## JURISDICTION AND VENUE

5.      This action arises under the Patent Act, 35 U.S.C. §271 *et seq.* This
Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§1331 and
1338.

6.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391 (a), (b),
or (c) and 28 U.S.C. § 1400(b). Personal jurisdiction over defendants is proper
because defendants have and continue to infringe, contributorily infringe and/or
induce the infringement of the asserted patents in this district.

7.      On information and belief, OGA and FemPartners entered into an
exclusive agreement with ViaCell, who is located in this district, which is giving rise
to the infringement, contributory infringement and/or inducement of the asserted
patents.

## PLAINTIFF'S PATENTS

8.      PharmaStem is the owner of United States Letter Patent No. 6,461,645
B1 (the "'645 Patent"), entitled ISOLATION AND PRESERVATION OF FETAL
AND NEONATAL HEMATOPOIETIC STEM AND PROGENITOR CELLS OF
THE BLOOD. The application that led to the '645 Patent was filed on May 16, 1990
and the '645 Patent issued on October 8, 2002. The '645 Patent is attached hereto as
Exhibit A.

9.    PharmaStem is the owner of United States Letter Patent No. 6,569,427 B1 (the "'427 Patent"), entitled ISOLATION AND PRESERVATION OF FETAL AND NEONATAL HEMATOPOIETIC STEM AND PROGENITOR CELLS OF THE BLOOD. The application that led to the '427 Patent was filed on May 16, 1995 and the '427 Patent issued on May 27, 2003. The '427 Patent is attached hereto as Exhibit B.

10.    The '645 Patent is directed to cryopreserved compositions of fetal or neonatal hematopoietic stem and progenitor cells obtained from the umbilical cord or placental blood of a newborn human ("Cord Blood"). The '427 Patent is directed to methods of using and storing Cord Blood for therapeutic uses.

## PATENT INFRINGEMENT

7.    On information and belief, ViaCell, through its subsidiary ViaCord, Inc., provides clients with collection kits to facilitate the collection of Cord Blood, and processes, cryopreserves, and stores Cord Blood for future therapeutic use, collecting various fees for such activities.

8.    On information and belief, ViaCell, through its subsidiary ViaCord, Inc., receives the collected Cord Blood at the ViaCord Processing Laboratory, where the Cord Blood is tested and cryopreserved in cryoprotected blood bags.

9.    On information and belief, OGA and FemPartners entered into an exclusive agreement with ViaCell in order to offer comprehensive umbilical cord blood banking services to all its patients. On further information and belief, OGA and FemPartners offer for sale and sell the service of collecting and storing a patient's Cord Blood, on behalf of ViaCell.

## FIRST CAUSE OF ACTION

### (Infringement of the '645 Patent)

10.    PharmaStem realleges each and every allegation set forth in Paragraphs 1 through 9, inclusive, and incorporates them herein by reference.

11.    ViaCell has been and continue to infringe, contributorily infringe, and/or induce the infringement of the '645 Patent by making, using, selling and/or offering to sell compositions claimed in the '645 Patent, and will continue to do so until enjoined by the Court.

12.    Additionally, ViaCell's infringement of the '645 Patent has been and continues to be willful and deliberate.

13.    ViaCell's infringement of the '645 Patent has injured and continues to injure PharmaStem in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Infringement of the '427 Patent)

14.    PharmaStem realleges each and every allegation set forth in Paragraphs 1 through 9, inclusive, and incorporates them herein by reference.

13.    ViaCell, OGA and FemPartners have been and continue to infringe, contributorily infringe, and/or induce the infringement of the '427 Patent by making, using, selling and/or offering to sell the methods claimed in the '427 Patent, and will continue to do so until enjoined by the Court.

14.    ViaCell's, OGA's and FemPartners' infringement of the '427 Patent has been and continues to be willful and deliberate.

15.    ViaCell's, OGA's and FemPartners' infringement of the '427 Patent has injured and continues to injure PharmaStem in an amount to be proven at trial.

-4-

## PRAYER FOR RELIEF

WHEREFORE, PharmaStem prays that the Court grant the following relief and judgment:

A.    A preliminary and permanent injunction against ViaCell and its respective officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '645 Patent and '427 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. §283;

B.    An award to PharmaStem of such damages as it shall prove at trial against ViaCell, that are adequate to fully compensate it for their infringement of the '645 Patent and '427 Patent, said damages to be no less than a reasonable royalty;

C.    An award to PharmaStem for willful infringement against ViaCell of three times the damages so determined, as provided by 35 U.S.C. §284, together with prejudgment interest from the date infringement of the '645 Patent and '427 Patent began;

D.    A preliminary and permanent injunction against OGA and FemPartners and its respective officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '427 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. §283;

E.    An award to PharmaStem of such damages as it shall prove at trial against OGA and FemPartners, that are adequate to fully compensate it for their infringement of the '427 Patent, said damages to be no less than a reasonable royalty;

F.    An award to PharmaStem for willful infringement against OGA and FemPartners of three times the damages so determined, as provided by 35 U.S.C.

§284, together with prejudgment interest from the date infringement of the '645 Patent and '427 Patent began;

G.    A finding that this case is "exceptional" and an award to PharmaStem of its costs and reasonable attorney's fees, as provided by 35 U.S.C. §285; and,

H.    Such further and other relief as the Court and/or jury may deem proper and just.

## DEMAND FOR JURY TRIAL

PharmaStem hereby demands jury trial on all issues.

Respectfully submitted,
PHARMASTEM THERAPEUTICS, INC.


By its attorney,
Daniel J. Kelly
BBO# 553926
dkelly@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
DATED: July 28, 2004                    (617) 345-7000

OF COUNSEL:
PAUL J. ANDRE, Bar No. 196585
LISA KOBIALKA, Bar No. 191404
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
Telephone: (650) 838-4300
Facsimile: (650) 838-4350