IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 02-148-GMS |
| VIACELL, INC., et al., | ) ) ) |
| Defendants. | ) |

## TEMPORARY RESTRAINING ORDER

Upon consideration of Defendants' Motion for Temporary Restraining Order and Injunctive Relief While Court's Ruling on Post-Trial Motions is Pending, and the supporting materials submitted therewith, this Court hereby ORDERS that plaintiff PharmaStem Therapeutics, Inc. is hereby temporarily restrained from contacting obstetricians on the issue of potential obstetrician liability under the PharmaStem patents pending further rulings of this Court.

Dated: July 2, 2004

_____
UNITED STATES DISTRICT JUDGE

FILED
JUL 2 2004
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMASTEM THERAPEUTICS, INC., )
        Plaintiff, )
        )
v. ) Civil Action No. 02-148-GMS
        )
VIACELL, INC., et al., )
        Defendants. )

## ORDER

Upon consideration of Defendants' Motion for Injunctive Relief While Court's Ruling on Post-Trial Motions is Pending, including supporting material and argument, and all Opposition papers, supporting material and argument, the Court hereby FINDS:

1. PharmaStem's June 1, 2004 letter to Obstetricians (the "PharmaStem Letter") contains false and misleading statements concerning this Court's rulings to date. In particular, the Court finds the following statements in this PharmaStem Letter false and misleading:

    A. "Patent infringement occurs when a person or institute practices all or part of a patented process." The Court finds this statement is misleading because it is black letter law that in order to prove contributory infringement of a method patent, the entire patented process must be performed. By suggesting that infringement would occur when only part of a process is performed, the letter is misleading.

    B. "In the case of umbilical cord blood collection by an obstetrician, the Court ruled that infringement occurs even if the cryopreservation and storage is performed by a third party." The Court finds this statement misleading for at least the following reasons. First, the sentence states that "the Court ruled" with respect to the "case" of "umbilical cord blood collection by an Obstetrician." This Court never made any rulings regarding conduct by

obstetricians. There were no such allegations advanced in the trial of this matter. Second, the sentence leaves out several important elements that must be proved to show contributory infringement. This missing elements include:

> (1) that there must be a sale or offer to sell by the party that is accused of contributory infringement,
>
> (2) that the party accused of contributory infringement must be "acting in concert or working together" with the other parties whose combined conduct performed each and every element of the patented process, and
>
> (3) that, under §271(c), a sale of a service, as opposed to a sale of a tangible physical object, is not sufficient to satisfy the requirements of the contributory infringement statute.

The Court finds that without these elements, the statement is misleading.

    2.    PharmaStem is ordered to provide to Defendants within 10 days of this Order a list of all persons to whom the Letter was sent.

    3.    The Court also hereby ORDERS that PharmaStem is prohibited from making any further false or misleading communications to obstetricians.

Dated: July 2, 2004



UNITED STATES DISTRICT JUDGE

LIBA/1393915.1

FILED
JUL 2 2004
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMASTEM THERAPEUTICS, INC., )
)
Plaintiff, )
)
v. )  Civil Action No. 02-148-GMS
)
VIACELL, INC., *et al.*, )
)
Defendants. )
)

### DEFENDANTS' JOINT MOTION
### FOR AN EXPEDITED BRIEFING SCHEDULE
### AND PROMPT HEARING

Defendants ViaCell, Inc., Cryo-Cell International, Inc. and CorCell, Inc., and CBR Systems, Inc. ("Defendants") have today filed a Joint Motion For Temporary Restraining Order and Injunctive Relief While Court's Ruling On Post-Trial Motions Is Pending (the "Motion"), a memorandum of points and authorities in support thereof, and numerous supporting declarations. As set forth more fully in Defendants' memorandum and supporting declarations, Defendants are suffering irreparable harm as a result of the actions of plaintiff PharmaStem Therapeutics, Inc. and its president, Nicholas Didier. Defendants respectfully request the Court to set an expedited briefing schedule, in substantially the form attached hereto, and set a prompt hearing on the Motion.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 02-148-GMS |
| ) | |
| VIACELL, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER FOR BRIEFING SCHEDULE

Defendants having filed a Motion For Injunctive Relief While Court's Ruling On Post-Trial Motions Is Pending and supporting papers, and Defendants having moved for an expedited briefing schedule, and the Court having concluded that expedited briefing is warranted under the circumstances,

IT IS ORDERED as follows:

(1) Plaintiff PharmaStem Therapeutics, Inc. shall serve and file its answering memorandum and declarations (if any) responding to defendants Motion For Injunctive Relief While Court's Ruling On Post-Trial Motions Is Pending not later than July 7, 2004;

(2) Defendants shall serve and file their reply memorandum not later than July 9, 2004; and

(3) The Court shall schedule a prompt hearing if it determines one is necessary.



United States District Judge

RDK/104674-0001/1018404/1

4