1  PILLSBURY WINTHROP LLP
   William F. Abrams (State Bar No. 88805)
2  Thomas F. Chaffin (State Bar No. 112368)
   Chang H. Kim (State Bar No. 195554)
3  Peter H. Nohle (State Bar No. 209446)
   2475 Hanover Street
4  Palo Alto, CA 94304-1114
   Telephone: (650) 233-4500
5  Facsimile:  (650) 233-4545

6  Attorneys for Defendants and Counterclaimants
   CBR SYSTEMS, INC. and SUTTER HEALTH
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11
   PHARMASTEM THERAPEUTICS, INC., a         No. C 04 3072 JSW
12 Delaware corporation,
                                            **SUPPLEMENTAL NOTICE OF**
13            Plaintiff,                    **PENDENCY OF OTHER ACTION OR**
                                            **PROCEEDING**
14       vs.
                                            **[Civil Local Rule 3-13]**
15 CORD BLOOD REGISTRY, INC., dba
   CBR, a California corporation, and SUTTER
16 HEALTH, INC., a California corporation,

17            Defendants.

18

19

20 CBR SYSTEMS, INC., dba CBR, a
   California corporation, and SUTTER
21 HEALTH, a Not For-Profit Public Benefit
   corporation,
22
              Counterclaimants,
23
         vs.
24
   PHARMASTEM THERAPEUTICS, INC.,
25 a Delaware corporation, STEMBANC, INC.,
   a Ohio corporation, NICHOLAS DIDIER,
26 and ARCHIBALD A. GRABINSKI,

27            Counterdefendants.

28

| | |
|---|---|
| 1 | TO THE CLERK OF THE COURT AND ATTORNEYS OF RECORD: |
| 2 | PLEASE TAKE NOTICE THAT, in accordance with Rule 3-13 of the Local Rules |
| 3 | of the United States District Court for the Northern District of California ("Local Rule 3- |
| 4 | 13"), and in light of additional actions that occurred subsequent to the August 23, 2003, |
| 5 | filing of its original Notice of Pendency of Other Actions, defendants and counterclaimants |
| 6 | CBR Systems, Inc. ("CBR") and Sutter Health, Inc. ("Sutter Health") hereby submit this |
| 7 | Supplemental Notice of Pendency of Other Action or Proceeding.  Pursuant to Local Rule |
| 8 | 3-13, CBR and Sutter Health identify the following six (6) actions or proceedings: (a) |
| 9 | *PharmaStem Therapeutics, Inc. v. ViaCell, Inc., et al.*, filed on February 22, 2002 in the |
| 10 | United States District Court for the District of Delaware as Civil Action No. 02-148 GMS, |
| 11 | and assigned to the Honorable Gregory M. Sleet (the "Delaware Action"); (b) *PharmaStem |
| 12 | Therapeutics, Inc. v. CureSource, Inc., et al.,* filed on August 4, 2004 in the United States |
| 13 | District Court for the Central District of California as Civil Action No. SA-CV-04-921 |
| 14 | GLT, and assigned to the Honorable Gary L. Taylor (the "Central District Action"); (c) |
| 15 | *PharmaStem Therapeutics, Inc. v. ViaCell, Inc., et al.,* filed on July 28, 2004, in the United |
| 16 | States District Court for the District of Massachusetts Civil Action No. 04-CV-11673 RWZ |
| 17 | (the "Massachusetts Action"); (d) *PharmaStem Therapeutics, Inc. v. Cyro-Cell |
| 18 | International, Inc., et al.,* filed on July 28, 2004, in the United States District Court for the |
| 19 | Middle District of Florida Civil Action No. 8:04-CV-1740-T-30TGW (the "Florida |
| 20 | Action"); (e) *PharmaStem Therapeutics, Inc. v. Corcell, Inc., et al.,* filed on July 28, 2004, |
| 21 | in the United States District Court for the Eastern District of Pennsylvania Civil Action No. |
| 22 | 2:04-CV-03561-RK (the "Pennsylvania Action"); and (f) *ViaCell, Inc., et al.  v. |
| 23 | PharmaStem Therapeutics, Inc.,* filed on October 5, 2004, in the United States District |
| 24 | Court for the District of Delaware as Civil Action No. 04-1335, and assigned to the |
| 25 | Honorable Gregory M. Sleet (the "Second Delaware Action").  CBR and Sutter Health |
| 26 | submit this Supplemental Notice of Pendency of Other Action or Proceeding to bring the |
| 27 | Second Delaware Action to the Court's attention.  For ease of reference, the information |
| 28 | relating to the Second Delaware Action, section (f), is presented in **bold** below. |

     (a)    <u>The Delaware Action</u>.

The Delaware Action appears to satisfy the subject matter and party "relatedness requirements" of Local Rule 13-3(a) because: (a) both actions appear to involve the same or substantially same parties, *i.e.* defendant and counterclaimant CBR and plaintiff and counterdefendant PharmaStem Therapeutics, Inc. ("PharmaStem"); (b) both actions concern the alleged infringement, enforceability and validity of the same family of patents[1]; (c) both actions concern communications between or amongst PharmaStem and CBR's actual or potential clients and/or the doctors or hospitals treating such clients[2].

Because both actions call for a determination of the same or substantially identical questions of law and fact regarding the patents-in-suit, and may entail substantial duplication of labor if heard by different judges, transfer or other coordination might avoid conflicts, conserve resources and promote an efficient determination of the action.

     (b)    <u>The Central District Action</u>.

The Central District Action appears to satisfy the subject matter "relatedness requirement" of Local Rule 13-3(a) because: (a) both actions concern the alleged infringement, enforceability and validity of U.S. Patent Nos. 6,461,645 B1 and 6,569,427 B1; and (b) both actions concern communications between or amongst PharmaStem and CBR's actual or potential clients and/or the doctors or hospitals treating such clients.

In addition, although the defendants in the two actions differ, the individual defendants in the Central District Action have a relationship to the present case, as the counterclaims asserted by CBR herein concern communications made to the individual defendants in the Central District Action.

Because both actions call for a determination of the same or substantially identical

---

[1] The Delaware Action concerns PharmaStem's claim that CBR infringes U.S. Patent Nos. 5,004,681 and 5,192,553 (the "'681 patent" and "'553 patent," respectively), which patents are the parents of the patents at issue in the present suit, U.S. Patent Nos. 6,461,645 B1 and 6,569,427 B1. *See also* CBR's Answer and Counterclaims at Paragraphs 67 through 69.

[2] *See* CBR's Answer and Counterclaims at Paragraphs 72 through 76.

questions of law and fact and may entail substantial duplication of labor if heard by different judges, transfer or other coordination might avoid conflicts, conserve resources and promote an efficient determination of the action.

(c)    The Massachusetts Action.

The Massachusetts Action may satisfy the subject matter "relatedness requirement" of Local Rule 13-3(a) because: (a) both actions concern the alleged infringement, enforceability and validity of U.S. Patent Nos. 6,461,645 B1 and 6,569,427 B1; and (b) both actions concern communications between or amongst PharmaStem and CBR's actual or potential clients and/or the doctors or hospitals treating such clients.

The individual defendants in the Massachusetts Action have a relationship to the present case, as the counterclaims asserted by CBR herein concern communications made to the individual defendants in the Massachusetts Action.

Because both actions call for a determination of the same or substantially identical questions of law and fact and may entail substantial duplication of labor if heard by different judges, transfer or other coordination might avoid conflicts, conserve resources and promote an efficient determination of the action.

(d)    The Florida Action.

The Florida Action may satisfy the subject matter "relatedness requirement" of Local Rule 13-3(a) because: (a) both actions concern the alleged infringement, enforceability and validity of U.S. Patent Nos. 6,461,645 B1 and 6,569,427 B1; and (b) both actions concern communications between or amongst PharmaStem and CBR's actual or potential clients and/or the doctor treating such clients.

The individual defendants in the Florida Action have a relationship to the present case, as the counterclaims asserted by CBR herein concern communications made to the individual defendants in the Florida Action.

Because both actions call for a determination of the same or substantially identical questions of law and fact and may entail substantial duplication of labor if heard by different judges, transfer or other coordination might avoid conflicts, conserve resources

1  and promote an efficient determination of the action.

2      (e)    <u>The Pennsylvania Action</u>.

3  The Pennsylvania Action may satisfy the subject matter "relatedness requirement"

4  of Local Rule 13-3(a) because: (a) both actions concern the alleged infringement,

5  enforceability and validity of U.S. Patent Nos. 6,461,645 B1 and 6,569,427 B1; and (b)

6  both actions concern communications between or amongst PharmaStem and CBR's actual

7  or potential clients and/or the doctor treating such clients.

8  The individual defendants in the Pennsylvania Action have a relationship to the

9  present case, as the counterclaims asserted by CBR herein concern communications made

10 to the individual defendants in the Pennsylvania Action.

11 Because both actions call for a determination of the same or substantially identical

12 questions of law and fact and may entail substantial duplication of labor if heard by

13 different judges, transfer or other coordination might avoid conflicts, conserve resources

14 and promote an efficient determination of the action.

15     **(f)**    **<u>The Second Delaware Action</u>.**

16 **The Second Delaware Action may satisfy the subject matter "relatedness**

17 **requirement" of Local Rule 13-3(a) because both actions concern communications**

18 **between or amongst PharmaStem and CBR's actual or potential clients and/or the**

19 **doctor treating such clients.**

20 **The claims asserted against PharmaStem in the Second Delaware Action are**

21 **similar to the counterclaims asserted by CBR herein, and involve some of the same**

22 **communications between or amongst PharmaStem and CBR's potential clients and/or**

23 **the doctor treating such clients.**

24 **Because both actions call for a determination of the same or substantially**

25 **identical questions of law and fact and may entail substantial duplication of labor if**

26 /-/-/

27 /-/-/

28 /-/-/

1 **heard by different judges, transfer or other coordination might avoid conflicts,**

2 **conserve resources and promote an efficient determination of the action.**

3   Dated: October 28, 2004.

PILLSBURY WINTHROP LLP
William F. Abrams
Thomas F. Chaffin
Chang H. Kim
Peter H. Nohle
2475 Hanover Street
Palo Alto, CA 94304-1114


By _____

Attorneys for Defendants and Counterclaimants
CBR SYSTEMS, INC. and SUTTER HEALTH

- 5 -    SUPPLEMENTAL NOTICE OF PENDENCY OF OTHER
ACTION OR PROCEEDING
CASE NO. C 04 3072 JSW