1
2
3
4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>    v.<br><br>CORD BLOOD REGISTRY, INC., dba CBR, a California corporation, and SUTTER HEALTH, INC., a California corporation,<br><br>               Defendants. | CASE NO. 04-3072 JSW<br><br>**JOINT STATUS REPORT ON MOTIONS AND NOTICES OF PENDENCY OF OTHER PROCEEDINGS** |
| CBR SYSTEMS, INC., dba CBR, a California corporation, and Sutter Health,<br><br>             Counterclaimants,<br><br>    v.<br><br>PHARMASTEM THERAPEUTICS, INC., a Delaware corporation; STEMBANC, INC., a Ohio corporation; NICHOLAS DIDIER; and ARCHIBALD A. GRABINSKI,<br><br>             Counterdefendants. | |

PharmaStem Therapeutics, Inc., Nicholas Didier, Stembanc, Inc., Archibald A. Grabinski, CBR Systems, Inc., and Sutter Health, Inc., having met and conferred, jointly submit this Joint Status Report, pursuant to the Court's Order (Docket #38).[1]

## I. MOTIONS PENDING BEFORE THIS COURT

The Court has ordered the parties to advise it on their respective positions as to whether the following motions should be heard on one date[2]:

1. PharmaStem Therapeutics, Inc.'s ("PharmaStem") Motion to Dismiss Defendant Cord Blood Registry, Inc.'s ("CBR") First through Sixth Counterclaims (Docket #18);

2. PharmaStem's Motion to Sever (Docket #21);

3. Nicholas Didier's Motion to Dismiss CBR's Counterclaims (Docket #23);

4. Stembanc, Inc.'s ("Stembanc") Motion to Dismiss CBR's First through Sixth Counterclaims (Docket #28); and,

5. Archibald Grabinski's Motion to Dismiss CBR's First through Sixth Counterclaims (Docket #32).

**A.   PharmaStem's, Mr. Didier's, Stembanc's, and Mr. Grabinski's Proposal.**

PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski propose that the Motions to Dismiss (Docket #'s 18, 23, 28, and 32) should be heard together prior to CBR's Motion to Stay (Docket #41). In light of CBR's requested hearing dates for its Motion to Stay, PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski propose that the Motions to Dismiss be heard together on November 12, 2004, with opposition briefs due to be served and filed on or before November 5, 2004, and reply briefs due to be served and filed on or before November 9, 2004.

---

[1] Mr. Didier and Mr. Grabinski have both moved, *inter alia*, to dismiss CBR's counterclaims for lack of *in personam* jurisdiction. (Docket #'s 23 and 32, respectively) The submission of this Joint Status Report is made without waiving any objection to the exercise of jurisdiction over the persons of Mr. Didier and Mr. Grabinski in California.

[2] CBR has filed two additional motions since October 5, 2004, the date this Court ordered the parties to submit a Joint Status Report. These motions are identified in Section I, Subsection B under "CBR's and Sutter's Proposal."

JOINT STATUS REPORT                    -1-                    [40923-0005/BY042950.039]

Alternatively, PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski propose that the Motions to Dismiss be heard together on December 10, 2004, and, in consideration of the Thanskgiving holidays, further propose that all opposition briefs to the Motions to Dismiss should be served and filed on or before November 19, 2004, and all reply briefs should be served and filed on or before December 3, 2004.

PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski further propose that PharmaStem's Motion to Sever (Docket #21) should be heard forty-five (45) calendar days after the Court's rulings on the Motions to Dismiss, or as soon thereafter as may be heard.

**B.    CBR's and Sutter Health's Proposal.**

CBR and Sutter Health propose that the Motions to Dismiss should be heard together 45 days, or soon thereafter, from the Court's ruling on CBR's Motion to Stay Proceedings (filed and served October 28, 2004) in the event the Court denies CBR's Motion to Stay Proceedings.

CBR and Sutter Health further propose that this Court set the hearing date for CBR's Motion to Stay Proceedings to either November 12, 2004, December 10, 2004, January 7, 2005, or January 14, 2005, as requested by CBR in its Expedited Motion regarding Hearing Dates (filed and served October 28, 2004).

Moreover, CBR and Sutter Health propose that all opposition and reply briefs to the Motions to Dismiss should be served and filed pursuant to the applicable Federal and Local Rules and Standing Orders.

CBR and Sutter Health do not oppose Counterdefendants' proposal that the Motion to Sever should be heard forty five (45) calendar days after the Court's ruling on the Motions to Dismiss, or as soon thereafter as may be heard.

## II. ACTIONS PENDING IN OTHER U.S. DISTRICT COURTS

(1) *PharmaStem Therapeutics, Inc. v. ViaCell, Inc., Cryo-Cell International, Inc., CorCell, Inc., StemCyte, Inc., CBR Sysytems, Inc. f/k/a Cord Blood Registry, Inc., Birthcells Technology, Inc., NuStem Technologies, Inc., and Bio-Cell, Inc.*, Civ. Case No. 02-148 GMS (D.Del.), filed on February 22, 2002 ("Delaware action").

In February 2002, the Delaware action was brought against CBR, CorCell, Inc. ("CorCell"), Cryo-Cell International, Inc. ("Cryo-Cell"), ViaCell, Inc. ("ViaCell")("Delaware defendants") and other defendants for infringement of United States Patent Nos. 5,004,681 B1 and 5,192,553 ("'681 and '553 Patents," respectively).[3] A jury found the '681 and '553 Patents valid, enforceable, infringed. Following CBR's, CorCell's, Cryo-Cell's, and ViaCell's post-trial motions for judgment as a matter of law and/or for a new trial, the Delaware district court upheld the validity and enforceability of the '681 and '553 Patents, but ruled that the '553 Patent is not contributorily infringed as a matter of law. The Delaware district court granted a new trial on infringement with respect to the '681 Patent. The parties in the Delaware action have also filed various motions for entry of final judgment and certification for interlocutory appeal.

Additionally, PharmaStem has moved for a preliminary injunction against the Delaware defendants for infringement of the '681 Patent, and the Delaware defendants have moved for contempt in connection with a court order in the Delaware action, issued on July 2, 2004 ("July 2 Order").[4] All such motions are currently pending before the court in the Delaware action. Mr. Didier, Stembanc, and Mr. Grabinski are not parties to the Delaware action.

---

[3] The Delaware defendants are the only remaining defendants in the Delaware action.

[4] PharmaStem's position with respect to the status of the July 2 Order is as follows: The July 2 Order prohibits PharmaStem from making false or misleading communications to obstetricians. It was entered without modification of the Delaware defendants' proposed language, prior to PharmaStem having an opportunity to be heard on the matter. At the first contempt hearing on the July 2 Order, held on August 6, 2004, the Honorable Judge Sleet, presiding over the Delaware action, stated that "at this stage of this discussion that PharmaStem is probably not in contempt of the Court's July 2 order" and that "it would be, I think, prudent for the Court to consider this as a motion to amend the July 2 order rather than to find PharmaStem in contempt of that order," recognizing "PharmaStem's right to announce, in good faith, the existence of lawsuits and its intent to protect its intellectual property rights." This contempt hearing on the July 2 Order has been continued to November 3, 2004.

(2) *PharmaStem Therapeutics, Inc. v. ViaCell, Inc., Obstetrical and Gynecological Associates, P.A., FemPartners, Inc., and Caritas St. Elizabeth's Medical Center of Boston, Inc.*, Civ. Case No. 04-11673 RWZ (D.Mass.), filed on July 28, 2004 ("Massachusetts action").

The Massachusetts action was brought against ViaCell and certain medical providers ("Massachusetts defendants") for infringement of United States Patent Nos. 6,461,645 B1 and 6,569,427 B1 ("'645 and '427 Patents," respectively). By assent, the Massachusetts defendants' time to answer has been extended until November 29, 2004. Mr. Didier, Stembanc, and Mr. Grabinski are not parties to the Massachusetts action.

(3) *PharmaStem Therapeutics, Inc. v. Cryo-Cell International, Inc., and Bruce Zafran*, Civ. Case No. 04-01740 JSM TGW (M.D.Fla.), filed on July 28, 2004 ("Florida action").

The Florida action was brought against Cryo-Cell and a certain medical provider ("Florida defendants") for infringement of the '645 and '427 Patents. The Florida defendants have answered and asserted counterclaims against PharmaStem and Mr. Didier. PharmaStem has moved to dismiss the counterclaims asserted in the Florida action. PharmaStem's motion to dismiss is currently pending before the court in the Florida action. Stembanc and Mr. Grabinski are not parties to the Florida action.

(4) *PharmaStem Therapeutics, Inc. v. CorCell, Inc., Molly McBride, M.D., and Carlo M. Croce, M.D.*, Civ. Case No. 04-03561 RK (E.D.Pa.), filed on July 28, 2004 ("Pennsylvania action").

The Pennsylvania action was brought against CorCell and certain medical providers ("Pennsylvania defendants") for infringement of the '645 and '427 Patents. The Pennsylvania defendants have answered and asserted counterclaims against PharmaStem, Mr. Didier, and Stembanc. One of the Pennsylvania defendants has moved to dismiss the complaint in the Pennsylvania action, *inter alia*, for lack of personal jurisdiction. PharmaStem, Mr. Didier, and Stembanc have moved to dismiss the counterclaims asserted in the Pennsylvania action. All such motions are currently pending before the court in the Pennsylvania action. Mr. Grabinski is not a party to the Pennsylvania action.

(5)  *PharmaStem Therapeutics, Inc. v. CureSource, Inc., Monica Aszterbaum, Andrew Cassidenti, Eunice U. Lee, Carla Wells, Anita York, Eliot Romero, Kathy Anderson, Nasrin Farbakhsh, Bruce A. Hagadorn, Rajasree T. Seshadri, Arthur Goldstein, and Charles W. Moniak*, Civ. Case No. 04-00921 GLT AN (C.D.Cal.), filed on August 2, 2004 ("Central District action").

The Central District action was brought against CureSource, Inc. ("CureSource") and certain medical providers ("Central District defendants") for infringement of the '681, '645 and '427 Patents. Several defendants, including CureSource, have settled and reached agreements with PharmaStem, and have been dismissed from the Central District action. Default judgment has been entered against one of the remaining Central District defendants. The remaining Central District defendants have answered and asserted counterclaims against PharmaStem for declaratory judgment of invalidity, unenforceability, and non-infringement, which PharmaStem has answered. Mr. Didier, Stembanc, and Mr. Grabinski are not parties to the Central District action.

**A.   PharmaStem's and Mr. Didier's Relief Requested.**

PharmaStem has sued various cord blood banks and medical providers in their "home" fora. These suits are in various stages of litigation. In some, defaults and default judgments have been entered. In others, the primary parties have settled and been voluntarily dismissed. Mr. Didier should also not be a party, in his individual capacity, in any action here listed. Mr. Didier's motions to dismiss counterclaims against him are in various stages of being heard by courts of competent jurisdiction. Accordingly, PharmaStem and Mr. Didier request the Court not to disturb these other actions, and hear their Motions to Dismiss as soon as possible, and before CBR's Motion for Stay is heard.

**B.   CBR's and Sutter Health's Relief Requested.**

On October 26, 2004, CBR, Sutter Health, and defendants in the related actions jointly filed a motion to the MultiDistrict Litigation Panel ("MDL Panel") to Transfer for Consolidation and Coordination of Pretrial Proceedings in a Single Forum ("MDL Motion"). The Notice of Filing the MDL Motion and the MDL Motion itself were filed in this Court on October 28, 2004.

CBR and Sutter Health request this Court to stay all proceedings in this Action pending resolution of the MDL Motion pursuant to CBR's Motion to Stay Proceedings (filed and served October 28, 2004).

C.  **Stembanc's and Mr. Grabinski's Relief Requested.**

Stembanc and Mr. Grabinski request that the Court take no action regarding the lawsuits listed above. Mr. Grabinski is not a party to any of them. Stembanc was named as a third-party defendant in the Pennsylvania action, but the claims against it predominately involve Pennsylvania law and Stembanc has already filed a motion to dismiss. Transfer to, or coordination with, these suits would needlessly embroil Stembanc and Mr. Grabinski in litigation unrelated to them. They respectfully request that this Court hear their Motions to Dismiss as soon as possible, and before CBR's Motion for Stay is heard.

Dated: October 29, 2004

**PERKINS COIE LLP**

By: ____/s/_____
Paul J. Andre
Attorneys for Plaintiff PharmaStem Therapeutics, Inc. and Counter-defendant Nicholas Didier

Dated: October 29, 2004

**QUINN EMANUEL URQHART OLIVER & HEDGES, LLP**

By: ____/s/_____
Samuel B. Shepherd
Attorneys for Counter-defendants Stembanc, Inc. and Archibald A. Grabinski

Dated: October 29, 2004

**PILLSBURY WINTHROP, LLP**

By: ____/s/_____
William F. Abrams
Attorneys for Defendants and Counter-claimants CBR Systems, Inc. and Sutter Health, Inc.