1

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

WRITER'S DIRECT DIAL NO.
650/801-5011

October 28, 2004

*VIA FACSIMILE and U.S. MAIL*

Chang H. Kim, Esq.
Pillsbury Winthrop, LLP
2475 Hanover Street
Palo Alto, CA 94304-1114

Ulysses S.T. Hui, Esq.
Perkins Coie, LLP
101 Jefferson Street
Menlo Park, CA 94025-1114

Re: <u>Pharmastem Therapeutics, Inc. v. Cord Blood Registry, Inc. et al.</u>, No. 04-3072

Dear Messrs. Kim and Hui:

I write to memorialize our phone conversation on October 26, 2004, held in response to Judge White's Order Requiring Joint Status Report on Motions and Notices of Pendency of Other Proceedings.

First, all parties confirmed their agreement that the motion to sever filed by PharmaStem Therapeutics, Inc. ("PharmaStem") should be heard forty-five days (or soon thereafter) after a final ruling on the motions to dismiss filed by PharmaStem, Mr. Didier, Stembanc, Inc. ("Stembanc"), and Mr. Grabinksi ("Motions to Dismiss").

Second, the parties agreed that the Motions to Dismiss should be heard together. PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski requested that the Motions to Dismiss be heard on December 10, 2004. Mr. Kim, counsel for CBR Systems, Inc. ("CBR") and Sutter Health, Inc. ("Sutter"), would not agree to December 10, 2004 as a hearing date. Mr. Kim did agree,

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

however, that if Judge White orders that the Motions to Dismiss be heard on December 10, then CBR will serve and file any opposition to those motions on or before November 19, 2004 and that CBR will stipulate to having any replies filed on or before December 3, 2004. In light of the disagreement over a hearing date for the Motions to Dismiss, the parties agreed that they would submit three separate sections regarding the hearing date in the Joint Statement to Judge White, one for CBR and Sutter, one for PharmaStem and Mr. Didier, and one for Stembanc and Mr. Grabinski.

Third, Mr. Kim stated that CBR and Sutter would be joining in a motion brought by undisclosed parties requesting transfer of this action to Delaware pursuant to the Multi-District Litigation procedures of 28 U.S.C. § 1407 ("MDL Motion"). Mr. Meskell, counsel for Stembanc and Mr. Grabinski, requested that CBR and Sutter stipulate to serve the MDL Motion on Stembanc and Mr. Grabinski by fax and that CBR and Sutter stipulate that Mr. Grabinksi and Stembanc could serve any opposition to the MDL Motion on CBR and Sutter by fax. Mr. Kim would not agree to service by fax, stating that other parties had to be consulted. Mr. Meskell asked when the MDL Motion would be served and Mr. Kim stated that, although he would not specify a date certain, he believed Stembanc and Mr. Grabinski would "have the motion" by Thursday, October 28.

Fourth, Mr. Kim stated that because PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinksi would not stipulate to stay this action pending a ruling on the MDL Motion, CBR and Sutter are planning to file a motion for a stay of this action before Judge White ("Stay Motion"). Mr. Meskell asked whether CBR and Sutter would bring the Stay Motion on an ex parte basis. Mr. Kim stated that CBR and Sutter would seek to have the Stay Motion heard on an "expedited basis," possibly pursuant to Civil L.R. 6-3. Mr. Meskell stated that in the event CBR and Sutter sought to have the Stay Motion heard on an "expedited basis," then Stembanc and Mr. Grabinski would seek to have their motions to dismiss heard on a shortened schedule as well. Mr. Meskell asked when the Stay Motion would be served and filed, and Mr. Kim stated that, although he would not promise a specific date, he thought the Stay Motion would be filed and served by Friday, October 29.

Finally, Mr. Meskell asked whether CBR had rejected the request to dismiss its counterclaims against Mr. Grabinksi and Stembanc voluntarily. Mr. Kim replied that CBR had not rejected the request and that CBR "owed a response" to Mr. Grabinski and Stembanc. Mr. Meskell suggested that he and Mr. Kim set a time and date for a discussion of dismissal. Mr. Kim agreed that the parties ought to meet but declined to set a specific date or time and stated that CBR would have an answer "soon."

If this letter does not reflect your understanding of the conversation, please contact me as soon as possible.

Very truly yours,

Philip J. Wang

PJW:mpr

cc:   Matthew W. Meskell, Esq.
      Samuel B. Shepherd, Esq.

50853/24889.1

3