PAUL J. ANDRE, Bar No. 196585
LISA KOBIALKA, Bar No. 191404
AMANDA M. FOX, Bar No. 212939
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
Ph: (650) 838-4300
Fx: (650) 838-4350

Attorneys for Counterdefendant
Nicholas Didier and Plaintiff and
Counterdefendant PharmaStem Therapeutics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CORD BLOOD REGISTRY, INC., dba CBR, a California corporation, and SUTTER HEALTH, INC., a California corporation.<br><br>Defendant. | CASE NO. 04-3072 JSW<br><br>**PLAINTIFF AND COUNTERDEFENDANT PHARMASTEM THERAPEUTICS, INC.'S AND COUNTERDEFENDANT NICHOLAS DIDIER'S OPPOSITION TO CBR'S MOTION TO CHANGE TIME**<br><br>**Date/Time:**<br>**Courtroom: 2**<br>**Judge:** Hon. Jeffrey S. White |
| CBR SYSTEMS, INC., dba CBR a California corporation<br>           Counterclaimant<br>v.<br><br>PHARMASTEM THERAPEUTICS, INC., a Delaware corporation; STEMBANC, INC., a Ohio corporation; NICHOLAS DIDIER; and ARCHIBALD A. GRABINSKI<br><br>           Counterdefendants. | |

Plaintiff and Counterdefendant PharmaStem Therapeutics, Inc. and Counterdefendant Nicholas Didier (collectively, "PharmaStem")[1] hereby oppose CBR Systems, Inc.'s ("CBR")Expedited Motion to Enlarge Counterdefendant's Hearing Dates and Briefing Schedule Pending Resolution of CBR's Motion to Stay Proceedings, or in the Alternative, to Shorten Hearing Date and Briefing Schedule for CBR System, Inc.'s [sic] Motion to Stay Proceedings, motion filed on October 28, 2004, declaration filed on October 29, 2004 ("Motion to Change Time"), pursuant to Civil L.R. 6-3(c).

## I.   CBR FAILED TO TIMELY FILE ITS MANDATORY DECLARATION

As a preliminary matter, PharmaStem notes that CBR failed to file the mandatory declaration in support of its Motion to Change Time until October 29, 2004; and, only after being alerted by PharmaStem's and Stembanc, Inc.'s ("Stembanc") counsel while meeting and conferring to comply with this Court's Order Requiring Joint Status Report on Motions and Notices of Pendency of Other Proceedings, dated October 5, 2004. *See* Declaration of Ulysses S.T. Hui ("Hui Decl.") at ¶¶ 4-5. At that time, PharmaStem's and Stembanc's counsel requested that CBR voluntarily take its Motion to Change Time off calendar, *inter alia*, for failure to comply with Civil L.R. 6-3(a)'s declaration and meet-and-confer requirements. Hui Decl. at ¶ 5. CBR refused. Hui Decl. at ¶ 5. But for PharmaStem's and Stembanc's alert to CBR, PharmaStem's and Stembanc's time to oppose CBR's Motion to Change Time still may not have tolled. In any event, due to CBR's own lack of diligence in complying with Civil L.R. 6-3(a), oppositions to the Motion to Change Time are not due until November 3, 2004, only two days before CBR proposes that PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski file oppositions to CBR's Motion to Stay Proceedings, filed on October 28, 2004. Mot. to Change Time at 3. Thus, CBR's proposed briefing and hearing schedule, as set forth in its Motion to Change Time, is extremely unreasonable, at best.

---

[1] Mr. Didier has moved, *inter alia*, to dismiss CBR's counterclaims for lack of *in personam* jurisdiction. (Docket No. 23) The submission of this opposition is made without waiving any objection to the exercise of jurisdiction over the person of Mr. Didier in California.

## II. CBR FAILED TO SATISFY ITS MEET-AND-CONFER REQUIREMENT

The second preliminary item PharmaStem wishes to point out to the Court is that CBR failed to satisfy its meet-and-confer requirement under Civil L.R. 6-3(a)(2). As evidence of allegedly satisfying its meet-and-confer requirement, CBR cites solely to a so-called "September 28, 2004 letter"—actually dated October 28, 2004, from counsel for Stembanc, memorializing the parties' "'meet and confer' requirements on this issue." Declaration of Chang H. Kim to Mot. to Change Time ("Kim Decl."), dated October 29, 2004, at ¶ 3, and Exh. 1, thereto. The October 28 letter memorializes the parties' teleconference, held on October 26, 2004, regarding the Joint Status Report, ultimately filed on October 29, 2004. The portion Mr. Kim cites to ("Page 2, second full paragraph") shows that, at all times relevant, only CBR's Motion to Stay was discussed amongst the parties—and even it was discussed in only a perfunctory, vague, and elusive manner. *See* Kim Decl. at ¶ 3, Exh. 1 at 2. With respect to CBR's Motion to Stay, Mr. Kim asked counterdefendants' counsel whether they would agree to a stay, to which they indicated they would not. Hui Decl. at ¶¶ 2-3. However, at no time did Mr. Kim ever ask PharmaStem, or any other party, to stipulate to the specific time changes sought by CBR's Motion to Change Time. Hui Decl. at ¶¶ 2-3. Indeed, PharmaStem had no idea CBR would be requesting the early November briefing and hearing schedule in connection with CBR's Motion to Stay, until it received CBR's Motion to Change Time. Hui Decl. at ¶¶ 2-5. CBR should be hard-pressed to dispute Stembanc's version of events, as it relies upon it exclusively. Thus, CBR has utterly failed to satisfy its meet-and-confer requirement under Civil L.R. 6-3(a)(2). Had CBR met and conferred with PharmaStem regarding the early November dates, PharmaStem would have informed CBR that such dates are extremely inconvenient. PharmaStem already has a number of hearings in other matters around the country to attend before November 5, 2004; and, thus, would suffer substantial hardship were CBR's Motion to Change Time granted. Hui Decl. at ¶ 7.

### III. CBR DELAYS PURELY FOR TACTICAL ADVANTAGE TO THE DETRIMENT OF THE COUNTERDEFENDANTS

CBR's dilatory tactics and litigious gamesmanship work a profound derogation of the counterdefendants' rights. PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski have all moved to dismiss CBR's counterclaims for lack of personal jurisdiction (with respect to the individual counterclaim-defendants), lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted (collectively, "Motions to Dismiss"). CBR's counterclaims are meritless, because they stand or fall with CBR's bald and unwarranted legal conclusion that obstetricians cannot possibly be guilty of infringing PharmaStem's patents as a matter of law. This issue, of course, has yet to be decided by any court or other body of competent jurisdiction, and is the very issue PharmaStem's underlying patent infringement action is based upon. Thus, at a minimum, CBR's counterclaims are hopelessly unripe and CBR lacks standing to countersue in that it asks the Court for an advisory opinion regarding a hypothetical harm. As set forth more fully in the Motions to Dismiss, CBR's counterclaims also suffer from numerous additional fatal infirmities.

Furthermore, CBR's recent conduct is particularly egregious because the Court asked the parties to meet and confer regarding the consolidation of the various hearing dates already on calendar for the Motions to Dismiss. As can be seen from the parties' Joint Status Report, CBR failed to agree to any of the dates already reserved and calendared. Instead, CBR now proposes enlarging the time to hear the Motions to Dismiss and, in their place, substituting its own Motion to Stay. The first-filed Motions to Dismiss were all filed between September 13, 2004 and September 27, 2004, on average, close to one-and-a-half months ago. Thus, by the time of CBR's earliest proposed hearing date for its Motion to Stay of November 12, 2004, CBR will have had close to two months to review and analyze the Motions to Dismiss, and investigate and respond to the claims made therein. By the time of the first reserved hearing date of December 10, 2004, CBR will have had all of the Motions to Dismiss for close to three months. Yet, instead of hearing the Motions to Dismiss on time, CBR proposes to insert its own late-filed Motion to Stay in their

- 3 -

PHARMASTEM'S AND DIDIER'S OPPOSITION
TO CBR'S MOTION TO CHANGE TIME
CASE NO. 04-3072 JSW

[40923-0005/BY043030.122]

1    place. All the while, the counterdefendants, especially those joined by CBR, Stembanc and Mr.

2    Grabinski, and those sued as individuals, Mr. Grabinski and Mr. Didier, are forced to continue to

3    incur the significant cost and expense of defending themselves against CBR's counterclaims; and,

4    for Mr. Didier and Mr. Grabinski, the pain and suffering of having the spectre of personal liability

5    hang, like a Damoclean sword, over their heads.

6        At the same time, CBR can articulate no cognizable harm to itself, whatsoever, that would

7    arise from this Court hearing the pending Motions to Dismiss on time or earlier. For example,

8    instead of asserting a reason for enlarging time, CBR's only argument is that "[t]here is no reason

9    why Counterdefendants' hearing dates should not be enlarged pending this Court's ruling on CBR's

10    Motion to Stay Proceedings." Mot. to Change Time at 2. CBR cannot sustain its burden on

11    moving to change time solely by arguing that "there is no reason not to."

12        Additionally, CBR asserts that "[t]here is no reason for this Court to prematurely rule on

13    Counterdefendants' instant motions since the MDL Panel may ultimately decide that this instant

14    case must be transferred to another forum." *Id.* CBR's so-called argument is a *non sequitur*.

15    PharmaStem fails to see how this Court's rulings on the Motions to Dismiss would be "premature"

16    in any way, much less merely because remaining pretrial proceedings may or may not be

17    transferred. The Motions to Dismiss are ripe, and this Court has competent jurisdiction to hear

18    them.[2] Moreover, "[i]n circumstances where the jurisdiction of the court is at issue, several courts

19    have determined that ***jurisdictional issues should be resolved before the court determines is a***

20    ***stay is appropriate***." *Smith v. Mail Boxes, Etc. USA, Inc.*, 191 F.Supp.2d 1155, 1157 (E.D.Cal.

21    2002)(collecting cases). Thus, the Court should resolve the personal and subject matter

---

[2] "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer of remand of the action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." J.P.M.L.R. 1.5 (2001). *See Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D.Cal. 1997)("[A] district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a party's motion to the MDL Panel for transfer and consolidation."), citing Manual for Complex Litigation, Third, at 252 (1995).

- 4 -

PHARMASTEM'S AND DIDIER'S OPPOSITION
TO CBR'S MOTION TO CHANGE TIME
CASE NO. 04-3072 JSW

[40923-0005/BY043030.122]

1  jurisdictional issues raised by the Motions to Dismiss *before* determining whether or not a stay is
2  appropriate pending word form the MDL Panel. Indeed, if some or all of CBR's counterclaims
3  and some of the counterdefendants were dismissed from the case, matters would be substantially
4  streamlined, serving the interests of judicial economy, whether in this Court or for the would-be
5  transferee court. PharmaStem will more fully address CBR's Motion to Stay, and the underlying
6  weaknesses of the MDL petition, when any opposition, thereto, are due. For now, PharmaStem
7  notes that CBR's transferee court-of-choice is the only one in which obstetricians have not been
8  sued; and, hence, is the only pendent forum which would have to issue advisory opinions if asked
9  to rule on pre-trial dispositive motions, in violation of Article III of the United States Constitution.
10 Mot. to Stay at 6. Thus, CBR's MDL petition is little more than a blatant attempt to forum and
11 judge-shop; and, for that separate and independent reason, CBR's Motion to Stay should ultimately
12 be denied. *See, e.g., E.I. DuPont de Nemours & Co. v. Philips Petroleum Co.*, 711 F.Supp. 1205,
13 1208, n. 9 (D.Del. 1989)(Latchum, S.D.J.)("Where such a stay could result in a tactical advantage
14 to one party or the other, this Court will not employ its discretion to stay the ordinary course of its
15 proceedings simply because the outcome of the Patent Office proceedings *may* moot the issues
16 remanded.")(emphasis in the original). CBR likely fears that this Court's rulings on the Motions to
17 Dismiss will become the "law of the case," but seeking tactical advantage merely through a stay
18 potentially prejudicial to the counterdefendants, where CBR has made no showing of hardship or
19 inequity if the action is not stayed, is simply improper and should not be condoned or rewarded.
20 *See Arizona v. California*, 460 U.S. 605, 618 (1983)("law of the case" doctrine stands for the
21 principle that "a decision should continue to govern the same issues in subsequent stages in the
22 same case").

### IV.  RELIEF REQUESTED

24  CBR has obviously demonstrated that it has had plenty of time to research and write briefs
25 for its Motions to Stay and Change Time, and even requests a November 12, 2004 hearing date. If
26 CBR has the time to do this, then it has the time to respond to the Motions to Dismiss, either on
27 time or earlier. For this reason, and because CBR's dilatory tactics should not be rewarded,

- 5 -

1  PharmaStem and Mr. Didier respectfully request the Court to consolidate and expedite the hearing
2  dates for the Motions to Dismiss. In fact, CBR has already agreed that, if its Motion to Stay were
3  denied, it would agree to have the Motions to Dismiss heard on December 10, 2004, with
4  oppositions due by November 19, 2004, and replies due by December 3, 2004 (in consideration of
5  the Thanksgiving holidays). Hui Decl. at ¶ 6. In consideration of all the parties' respective rights,
6  the balance of hardships, and judicial economy, the Court should so order.

DATED: November 1, 2004

**PERKINS COIE LLP**

By _____/s/_____
Paul J. Andre, Esq.
Attorneys for Nicholas Didier and
PharmaStem Therapeutics, Inc.

- 6 -

PHARMASTEM'S AND DIDIER'S OPPOSITION
TO CBR'S MOTION TO CHANGE TIME
CASE NO. 04-3072 JSW

[40923-0005/BY043030.122]