1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Samuel B. Shepherd (Bar No. 163564)
2  Matthew W. Meskell (Bar No. 208263)
   Philip J. Wang (Bar No. 218349)
3  555 Twin Dolphin Drive, Suite 560
   Redwood Shores, CA.  94065
4  (650) 801-5000 (Telephone)
   (650) 801-5100 (Facsimile)
5
   Attorneys for Counterclaim Defendants,
6  STEMBANC, INC. and ARCHIBALD A. GRABINSKI

7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  PHARMASTEM THERAPEUTICS, INC., a   )   Case No. C 04-3072 (JSW)
    Delaware corporation,              )
13                                     )   **STEMBANC, INC. AND ARCHIBALD A.**
              Plaintiff,               )   **GRABINSKI'S OPPOSITION TO CBR'S**
14                                     )   **EXPEDITED MOTION TO ENLARGE**
         vs.                           )   **COUNTERDEFENDANTS' HEARING**
15                                     )   **DATES AND BRIEFING SCHEDULE**
    CORD BLOOD REGISTRY, INC., dba CBR, )   **PENDING RESOLUTION OF CBR'S**
16  a California corporation, and SUTTER )  **MOTION TO STAY PROCEEDINGS, OR**
    HEALTH, INC., a California corporation, ) **IN THE ALTERNATIVE, TO SHORTEN**
17                                     )   **HEARING DATE AND BRIEFING**
              Defendants.              )   **SCHEDULE FOR CBR SYSTEMS, INC.'S**
18  _____  )   **MOTION TO STAY PROCEEDINGS**
    CBR SYSTEMS, INC., dba CBR, a California )
19  corporation,                       )
                                       )
20            Counterclaimant,         )   **JUDGE:**      Hon. Jeffrey S. White
                                       )
21       vs.                           )
                                       )
22  PHARMASTEM THERAPEUTICS, INC., a   )
    Delaware corporation; STEMBANC, INC., a )
23  Ohio corporation; NICHOLAS DIDIER; and )
    ARCHIBALD A. GRABINSKI,            )
24                                     )
              Counterdefendants.       )
25  _____  )

26

27

28

50494/24967.3

OPP. TO DELAY MOTION
Case No. C 04-3072 JSW

### Preliminary Statement

Third-party counterclaim defendants Stembanc, Inc. ("Stembanc") and Archibald A. Grabinski ("Grabinksi") oppose CBR Systems, Inc.'s ("CBR") request that this Court hear CBR's Motion to Stay Proceedings ("Stay Motion") prior to resolving the motions to dismiss filed by Stembanc and Grabinski. CBR's request does not comply with this Court's Standing Order or the Civil Local Rules, CBR has not shown good cause supporting its proposed schedule, and if granted, CBR's request would prejudice Stembanc and Grabinski and proliferate litigation.

### Statement of Facts

In response to the suit for patent infringement brought in this Court by PharmaStem Thereapeutics, Inc. ("PharmaStem"), CBR named Stembanc and Grabinski as third-party counterclaim defendants without leave of Court and asserted six causes of action against them.[1] See Answer and Counterclaims ¶¶ 26-61. The counterclaims against Stembanc and Grabinski are based on public statements allegedly made by Stembanc concerning ongoing patent litigation involving PharmaStem and various defendants, including CBR.

CBR refused to discuss -- and to date has still refused to discuss -- an amicable resolution of its dispute with Stembanc and Grabinski, despite several requests for such discussion. See Declaration of Philip J. Wang In Support of Opposition ("Wang Decl.") ¶ 10 & Exs. D, E, F. Therefore, on September 27, Stembanc and Grabinski filed motions to dismiss CBR's counterclaims. Both Stembanc and Grabinski moved for dismissal with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) because: (1) the statements on which CBR based its counterclaims are privileged under section 47 of the California Civil Code; (2) CBR did not state valid claims under California law; and (3) CBR's sole federal claim under section 43(a) of the Lanham Act claim was foreclosed by controlling Ninth Circuit precedent. Grabinski also moved to dismiss for

---

[1] CBR brought the same six counterclaims against PharmStem and Nicholas Didier ("Didier"), and asserted six additional counterclaims against PharmaStem related to the patents in suit. See Answer and Counterclaims ¶¶ 9-25, 36-93.

OPP. TO DELAY MOTION
Case No. C 04-3072 JSW

1  lack of personal jurisdiction. Because no earlier court date was available, both motions were

2  noticed for hearing on January 14, 2005.[2]

3      On October 5, this Court ordered the parties to file a joint status report by October 29

4  stating whether the motions to dismiss filed by PharmaStem, Didier, Stembanc, and Grabinski

5  ("Motions to Dismiss") should be heard together and, if so, listing mutually agreeable hearing

6  dates. See Order Requiring Joint Status Report ("October 5 Order") at 1-2. The parties did agree

7  that the Motions to Dismiss should be heard together, and PharmaStem, Didier, Stembanc, and

8  Grabinski requested that they be heard on December 10, the date for which the motion to dismiss

9  filed by PharmaStem was already noticed. See Wang Decl., ¶ 4 & Exs. A & B. They also

10  requested that, to avoid forcing anyone to work over the Thanksgiving holiday, CBR stipulate to

11  submit oppositions by November 12 and agree that replies could be filed on November 19. See

12  Wang Decl. ¶ 5, Ex. A. CBR would not agree to the December 10 hearing date or to filing its

13  reply by November 12, stating that although it had been in possession of the Motions to Dismiss

14  since September, it would not agree to shorten the time for filing oppositions to November 12.

15  See Wang Decl. ¶ 5.

16      Instead of proposing a different hearing date, CBR stated that it intended to join in a

17  motion requesting transfer of this action to Delaware pursuant to the Multi-District Litigation

18  procedures of 28 U.S.C. § 1407 ("MDL Motion"). See Wang Decl., Exs. A & B. CBR also

19  stated it planned to seek a stay of the proceedings in the Northern District of California pending a

20  ruling on the MDL Motion ("Stay Motion"). Id. Counsel for CBR would not state when CBR

21  was planning to file the MDL Motion or the Stay Motion and did not propose or discuss any

22  hearing dates or briefing schedules for either motion. Id.

23      On October 28, one day before the parties were to submit their joint status report, CBR

24  filed the MDL Motion and the Stay Motion. The same day, CBR filed its Expedited Motion to

25  Enlarge Counterdefendants' Hearing Dates and Briefing Schedule Pending Resolution of CBR's

26  Motion To Stay Proceedings ("Delay Motion") that, for the first time, alerted Stembanc and

27

28      [2] PharmaStem and Didier filed motions to dismiss on September 14 and 20 that are
noticed to be heard on December 10, 2004 and January 7, 2005, respectively.

1   Grabinski that CBR was seeking to have its Stay Motion heard on November 12. See Delay

2   Motion at 3; Wang Decl. ¶ 8. Stembanc and Grabinski asked counsel for CBR to withdraw the

3   Delay Motion because, among other reasons, counsel for CBR had not met and conferred as to

4   the hearing dates or briefing schedule requested therein nor submitted a declaration detailing its

5   meet and confer efforts. See Wang Decl. ¶ 9 & Ex. C. Counsel for CBR refused to withdraw the

6   Motion, but belatedly filed a declaration after close of business on October 29. See id.

7                                    **Argument**

8   **I.      CBR'S MOTION IS PROCEDURALLY IMPROPER**

9           This Court's October 5 Order directed the parties to meet and confer regarding whether

10  the Motions to Dismiss should be heard on one date and, "[i]n the event the parties believe that

11  the motions should be heard on one date, the parties shall meet and confer to find a mutually

12  convenient date and so advise the Court." October 5 Order at 1-2. This Court's Standing Order

13  requires a party seeking to change the hearing date or briefing schedule of a motion "to submit a

14  signed stipulation . . . or . . . a Miscellaneous Administrative Request, as contemplated by Civil

15  Local Rule 7-10." Standing Order ¶ 3. Civil Local Rule 7-10(b)(1), in turn, requires a

16  declaration "that explains why a stipulation could not be obtained."[3] Although CBR agreed the

17  Motions to Dismiss should be heard jointly, it filed the Delay Motion without discussing the

18  hearing dates or briefing schedules requested therein. The process ordered by this Court in the

19  Standing Order and the October 5 Order was undermined, as evidenced by the flurry of motions

20  filed over the last few days due to CBR's tactics. CBR violated the October 5 Order, Standing

21  Order, and Civil Local Rules. The Delay Motion should be denied. See Standing Order ¶ 1.

22  **II.     STEMBANC AND GRABINSKI ARE PREJUDICED BY DELAY**

23          CBR asserts that "[t]here is no prejudice to any of the Counterdefendants" if this Court

24  delays hearing the Motions to Dismiss until "45 days . . . from the Court's ruling on CBR's

25  Motion to Stay Proceedings . . . ." Delay Motion at 3. CBR is wrong. Until Stembanc and

26  Grabinski are dismissed from this suit, they will be forced to preserve their rights by, for

27  _____

28          [3] CBR incorrectly submitted its Delay Motion pursuant to Civil Local Rule 6-3. In any
    event, Civil Local Rule 6-3(a) requires the submission of a similar declaration.

50494/24967.3                                        3

OPP. TO DELAY MOTION
Case No. C 04-3072 JSW

1  example, opposing the MDL Motion and the Stay Motion.  Furthermore, if this case were

2  consolidated and transferred to Delaware before a hearing on their motions to dismiss, Grabinski

3  and Stembanc would incur yet more expense -- for example, hiring local counsel, complying with

4  Delaware local rules, and filing a motion to dismiss for want of jurisdiction over Grabinski in

5  Delaware.  Grabinski and Stembanc are entitled to a prompt resolution of their motions to

6  dismiss before any motions for transfer are heard.  See e.g. Syndicate 420 v. Early American

7  Insurance Co., 796 F.2d 821, 827 n.8 (5th Cir. 1986) ("In the normal case, therefore, the District

8  Court must first determine that it possesses both subject matter and in personam jurisdiction

9  before it resolves a forum non conveniens motion") (citing Gulf Oil v. Gilbert, 330 U.S. 501, 504

10  (1947)); accord Washington Square Securities v. Sowers, 218 F.Supp.2d 1108, 1111 (D. Minn.

11  2002) ("A federal court must always first determine whether it has personal jurisdiction over the

12  parties").  They have already incurred unnecessary costs and ought not be subjected to more.

13  **III.    CBR CANNOT SHOW GOOD CAUSE FOR ITS REQUESTED SCHEDULE**

14          CBR's only argument in favor of its proposed schedule is that it "may be substantially

15  harm [sic] by a premature ruling on [the Motions to Dismiss] since it believes that the Delaware

16  District Court is the proper forum for addressing these issues." Delay Motion at 2.  This claim is

17  mystifying.  First, CBR does not explain why a Delaware court would be better placed than this

18  Court to determine the uniquely California-centered issues raised in Stembanc's and Grabinksi's

19  motions to dismiss:  (1) whether jurisdiction over Grabinski's person exists in California; (2)

20  whether CBR has stated valid causes of action under California state law; and (3) whether the

21  statements on which CBR's claims are based are privileged under California Civil Code § 47.

22  Second, a request for transfer under the Multi-District Litigation procedures does not suspend the

23  proceedings in the original district courts or otherwise render the original forum "improper."  See

24  Rules of Procedure for the Judicial Panel on Multidistrict Litigation 1.5 ("The pendency of a

25  motion . . . does not affect or suspend orders and pretrial proceedings in the district court in

26  which the action is pending and does not in any way limit the pretrial jurisdiction of that court").

27  Third, while CBR may "believe" that Delaware is the most attractive forum for its positions, it

28

50494/24967.3                                                    4

OPP. TO DELAY MOTION
Case No. C 04-3072 JSW

1  has not articulated any reason why a ruling from this Court would work prejudice on it. Finally,

2  CBR has had Stembanc's and Grabinski's motions to dismiss since September 27; putting CBR's

3  pleadings to the test in November or December is hardly "premature."[4]

4  **IV.    HEARING THE MOTIONS TO DISMISS SOON PROMOTES EFFICIENCY**

5       CBR claims that "[t]he practical effect of CBR's request is saving the Court valuable time

6  and resources by waiting for the MDL Panel to decide on whether this case should be

7  consolidated and transferred to the Delaware District Court." Delay Motion at 3. In fact, waiting

8  would increase litigation. Even if the MDL Motion were ultimately granted, the Delaware court

9  would still have to hear Stembanc and Grabinski's motions to dismiss. Moreover, Grabinksi

10  would have to file an additional motion to dismiss for lack of personal jurisdiction in Delaware.

11  Finally, as discussed above, the matters raised in Stembanc's and Grabinksi's motions to dismiss

12  present unique issues. This Court's October 5 Order indicates it has already read Stembanc's and

13  Grabinksi's motions to dismiss, at least quickly. Forcing another court to repeat that work is

14  pointless. See, e.g., Bellorini v. Bridgestone/Firestone, Inc., 236 F.Supp.2d 670, 676 (W.D. Tex.

15  2001) ("[T]he issues raised by Plaintiffs' Motion to Remand are unique to this case and would

16  benefit little from coordinated discovery under the MDL panel").

17                             **Conclusion**

18       For the foregoing reasons, CBR's Delay Motion should be DENIED.

19

20  Dated:  November 2, 2004                QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP

21

22                                 By_____/s/_____
                                      Samuel B. Shepherd (Bar No. 163564)

23                                        Matthew W. Meskell (Bar No. 208263)
                                      Philip J. Wang (Bar No. 218349)

24                                        555 Twin Dolphin Drive, Suite 560
                                      Redwood Shores, California 94065

25                                        Attorneys for Stembanc, Inc. and Archibald A.
                                      Grabinski

26  _____

27      [4] In addition to their request in the joint statement filed on October 29, Stembanc and
Grabinski will be submitting a request pursuant to paragraph 3 of the Standing Order that their

28  motions to dismiss be heard on November 12, or, alternatively, December 10.

OPP. TO DELAY MOTION
Case No. C 04-3072 JSW