QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Samuel B. Shepherd (Bar No. 163564)
Matthew W. Meskell (Bar No. 208263)
Philip J. Wang (Bar No. 218349)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000 (Telephone)
(650) 801-5100 (Facsimile)

Attorneys for Counterclaim Defendants,
STEMBANC, INC. and ARCHIBALD A. GRABINSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CORD BLOOD REGISTRY, INC., dba CBR, a California corporation, and SUTTER HEALTH, INC., a California corporation,<br><br>Defendants.<br>_____<br>CBR SYSTEMS, INC., dba CBR, a California corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>PHARMASTEM THERAPEUTICS, INC., a Delaware corporation; STEMBANC, INC., a Ohio corporation; NICHOLAS DIDIER; and ARCHIBALD A. GRABINSKI,<br><br>Counterdefendants. | Case No. C 04-3072 (JSW)<br><br>**DECLARATION OF PHILIP J. WANG IN SUPPORT OF OPPOSITION TO CBR'S EXPEDITED MOTION TO ENLARGE COUNTERDEFENDANTS' HEARING DATES AND BRIEFING SCHEDULE PENDING RESOLUTION OF CBR'S MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, TO SHORTEN HEARING DATE AND BRIEFING SCHEDULE FOR CBR SYSTEMS, INC.'S MOTION TO STAY PROCEEDINGS**<br><br>**JUDGE:**     Hon. Jeffrey S. White |

50494/25052.2

1    I, Philip J. Wang, declare as follows:

2    1.    I am an attorney admitted to practice in the State of California and am an

3    associate with the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for third-

4    party counterclaim defendants Stembanc, Inc. ("Stembanc") and Archibald A. Grabinski

5    ("Grabinski"). I make this declaration in support of Stembanc's and Grabinski's Opposition to

6    defendant/counterclaim plaintiff CBR Systems, Inc.'s ("CBR") Expedited Motion to Enlarge

7    Counterdefendants' Hearing Dates and Briefing Schedule Pending Resolution of CBR's Motion

8    to Stay Proceedings, or in the Alternative, to Shorten Hearing Date and Briefing Schedule for

9    CBR System, Inc.'s Motion to Stay Proceedings ("Delay Motion"). The matters referred to in this

10    declaration are based upon my personal knowledge, and if called as a witness I could testify

11    competently to those matters.

12    2.    Attached hereto as Exhibit G is a true and correct copy of this Court's Order

13    Requiring Joint Status Report on Motions and Notices of Pendency of Other Proceedings, dated

14    October 5, 2004 ("October 5 Order"). The October 5 Order directed the parties to meet and

15    confer concerning whether the motions to dismiss filed by PharmaStem Therapeutics, Inc.

16    ("PharmaStem"), Nicholas Didier ("Didier"), Stembanc, and Grabinski ("Motions to Dismiss"),

17    as well as a motion to sever filed by PharmaStem, should be heard on the same date. In the event

18    the parties agreed the motions should be heard together, the October 5 Order directed the parties

19    to "meet and confer to find a mutually convenient date and so advise the Court." October 5

20    Order at 2.

21    3.    Pursuant to the October 5 Order, I met and conferred with counsel for

22    PharmaStem and Didier and counsel for CBR and Sutter Health, Inc. ("Sutter") on October 20,

23    22, 26, 28, and 29. Attached hereto as Exhibits A, B, and C, respectively, are true and correct

24    copies of letters dated October 26, 28, and 29, 2004, that I sent to counsel for PharmaStem,

25    Didier, CBR, and Sutter memorializing our discussions.

26    4.    During these conversations, the parties agreed that the Motions to Dismiss should

27    be heard together. PharmStem, Didier, Stembanc, and Grabinski requested that the four motions

28

WANG DECLARATION
Case No. C 04-3072 JSW

1

1  to dismiss be heard jointly on December 10.  Mr. Kim, counsel for CBR and Sutter, would not

2  agree to December 10 as a hearing date.

3        5.     Also during those conversations, counsel for Stembanc and Grabinski, along with

4  counsel for PharmaStem and Didier, requested that CBR stipulate to submit any oppositions to

5  the Motions to Dismiss by November 12 and agree that replies could be filed by November 19 to

6  avoid the Thanksgiving holiday.  Mr. Kim, counsel for CBR and Sutter, stated that although CBR

7  had been served with the Motions to Dismiss in September, CBR would not agree to "shorten" its

8  time for preparing oppositions to November 12.

9        6.     Mr. Kim did not propose a different hearing date or briefing schedule for the

10  Motions to Dismiss.  Instead, Mr. Kim stated that CBR and Sutter intended to join in a motion

11  requesting transfer of this proceeding to Delaware pursuant to the Multi-District Litigation

12  procedures of 28 U.S.C. § 1407 ("MDL Motion").  Mr. Kim also stated that CBR would be filing

13  a motion to stay the proceedings in this Court ("Stay Motion") pending a ruling on the MDL

14  Motion.

15        7.     Mr. Meskell, counsel for Stembanc and Grabinski, asked whether CBR would file

16  its Stay Motion ex parte, and Mr. Kim responded that CBR intended to have the motion heard on

17  an "expedited basis."  Mr. Kim did not propose any hearing dates or briefing schedules for the

18  Stay Motion.  Mr. Meskell stated that Stembanc and Grabinski would not stipulate to stay the

19  proceedings pending resolution of the MDL Motion and informed Mr. Kim that if CBR sought to

20  have its Stay Motion heard on an "expedited basis," then Stembanc and Grabinski would seek to

21  have their motions to dismiss heard on a shortened schedule.

22        8.     On October 28, one day before the parties were to submit the joint status report

23  required by the October 5 Order, Stembanc and Grabinski were served with the MDL Motion and

24  CBR's Stay Motion.  That same day, CBR filed and served its Delay Motion, in which CBR

25  requested that this Court hear the Motions to Dismiss forty-five (45) days after ruling on the Stay

26  Motion or, in the alternative, schedule its Stay Motion for hearing on November 12, with

27  oppositions due on November 5, and replies due on November 9.  Counsel for CBR did not meet

28

1    and confer regarding the hearing dates or briefing schedules requested in the Delay Motion prior

2    to filing it.

3          9.      Upon receiving CBR's Delay Motion, counsel for Stembanc and Grabinski

4    requested that CBR withdraw its motion because (1) it did not comply with the paragraph 3 of

5    the Court's Standing Order; (2) it failed to attach the requisite declaration as required by either

6    Civil Local Rrule 7-10 or 6-3; and (3) counsel for CBR did not meet and confer regarding the

7    hearing dates and briefing schedule requested in the Delay Motion. Mr. Kim refused to withdraw

8    the motion and stated that CBR might file a supporting declaration. Mr. Meskell stated that such

9    a filing would be improper and again requested that CBR withdraw the Delay Motion. Mr. Kim

10    did file a declaration in support of the Delay Motion after the close of business on Friday,

11    October 29.

12          10.     Despite multiple efforts by Stembanc and Grabinski to seek an amicable

13    resolution of CBR's counterclaims, CBR has refused to discuss the issue with Stembanc and

14    Grabinski. Attached hereto as Exhibits D, E, and F, respectively, are true and correct copies of

15    letters dated September 21, 29, and October 28, 2004 that counsel for Stembanc and Grabinski

16    sent to counsel for CBR.

17            I declare under penalty of perjury under the law of the United States of America

18    that the foregoing is true and correct.

19            Executed on this 2nd day of November, 2004, at Redwood Shores, California.

20

21

22                                    /s/

23                                Philip J. Wang

24

25

26

27

28

# EXHIBIT A

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

WRITER'S DIRECT DIAL NO.
**650/801-5011**

October 26, 2004

*VIA FACSIMILE and U.S. MAIL*

Chang H. Kim, Esq.
Pillsbury Winthrop, LLP
2475 Hanover Street
Palo Alto, CA 94304-1114

Ulysses S.T. Hui, Esq.
Perkins Coie, LLP
101 Jefferson Street
Menlo Park, CA 94025-1114

Re:  <u>Pharmastem Therapeutics, Inc. v. Cord Blood Registry, Inc. et al.</u>, No. 04-3072

Dear Messrs. Kim and Hui:

I write to memorialize our phone conversation on the morning of October 22, 2004 in response to Judge White's October 5, 2004 Order Requiring Joint Status Report on Motions and Notices of Pendency of Other Proceedings.

First, the parties agreed to have the four motions to dismiss heard together, including motions to dismiss filed by PharmaStem, Didier, Stembanc, and Grabinski. As to hearing dates, the parties discussed having the four motions to dismiss heard jointly on December 10, 2004. The parties agreed to schedule the exchange of briefs around the Thanksgiving holiday either by (1) submitting the opposition brief by November 12, 2004 and the reply brief by November 19, 2004; or (2) submitting the opposition brief by November 19, 2004, and seeking leave to submit the reply briefs by December 3, 2004.

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

The parties further agreed to schedule the hearing date for PharmaStem's Motion to Sever 45 days (or soon thereafter) after the motions to dismiss are decided.
PharmaStem agreed to take the lead in preparing the joint status report regarding the five actions listed in the Notices of Pendency of Other Actions or Proceedings from CBR, Sutter Health, and PharmaStem.

Finally, CBR stated that it will be filing a Multi District Litigation petition ("MDL petition") on Friday, October 22, 2004 or soon thereafter and plans to file a motion to stay this action. PharmaStem and Stembanc stated that they plan to oppose the MDL petition and will not stipulate to a stay.

If this does not reflect your understanding of the conversation, please feel free to call me.

Very truly yours,

Philip J. Wang

PJW:mpr

50853/24728.1

2

# EXHIBIT B

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

WRITER'S DIRECT DIAL NO.
**650/801-5011**

October 28, 2004

**_VIA FACSIMILE and U.S. MAIL_**

Chang H. Kim, Esq.
Pillsbury Winthrop, LLP
2475 Hanover Street
Palo Alto, CA 94304-1114

Ulysses S.T. Hui, Esq.
Perkins Coie, LLP
101 Jefferson Street
Menlo Park, CA 94025-1114

Re: **Pharmastem Therapeutics, Inc. v. Cord Blood Registry, Inc. et al.**, No. 04-3072

Dear Messrs. Kim and Hui:

I write to memorialize our phone conversation on October 26, 2004, held in response to Judge White's Order Requiring Joint Status Report on Motions and Notices of Pendency of Other Proceedings.

First, all parties confirmed their agreement that the motion to sever filed by PharmaStem Therapeutics, Inc. ("PharmaStem") should be heard forty-five days (or soon thereafter) after a final ruling on the motions to dismiss filed by PharmaStem, Mr. Didier, Stembanc, Inc. ("Stembanc"), and Mr. Grabinksi ("Motions to Dismiss").

Second, the parties agreed that the Motions to Dismiss should be heard together. PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski requested that the Motions to Dismiss be heard on December 10, 2004. Mr. Kim, counsel for CBR Systems, Inc. ("CBR") and Sutter Health, Inc. ("Sutter"), would not agree to December 10, 2004 as a hearing date. Mr. Kim did agree,

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

however, that if Judge White orders that the Motions to Dismiss be heard on December 10, then CBR will serve and file any opposition to those motions on or before November 19, 2004 and that CBR will stipulate to having any replies filed on or before December 3, 2004. In light of the disagreement over a hearing date for the Motions to Dismiss, the parties agreed that they would submit three separate sections regarding the hearing date in the Joint Statement to Judge White, one for CBR and Sutter, one for PharmaStem and Mr. Didier, and one for Stembanc and Mr. Grabinski.

Third, Mr. Kim stated that CBR and Sutter would be joining in a motion brought by undisclosed parties requesting transfer of this action to Delaware pursuant to the Multi-District Litigation procedures of 28 U.S.C. § 1407 ("MDL Motion"). Mr. Meskell, counsel for Stembanc and Mr. Grabinski, requested that CBR and Sutter stipulate to serve the MDL Motion on Stembanc and Mr. Grabinski by fax and that CBR and Sutter stipulate that Mr. Grabinksi and Stembanc could serve any opposition to the MDL Motion on CBR and Sutter by fax. Mr. Kim would not agree to service by fax, stating that other parties had to be consulted. Mr. Meskell asked when the MDL Motion would be served and Mr. Kim stated that, although he would not specify a date certain, he believed Stembanc and Mr. Grabinski would "have the motion" by Thursday, October 28.

Fourth, Mr. Kim stated that because PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinksi would not stipulate to stay this action pending a ruling on the MDL Motion, CBR and Sutter are planning to file a motion for a stay of this action before Judge White ("Stay Motion"). Mr. Meskell asked whether CBR and Sutter would bring the Stay Motion on an ex parte basis. Mr. Kim stated that CBR and Sutter would seek to have the Stay Motion heard on an "expedited basis," possibly pursuant to Civil L.R. 6-3. Mr. Meskell stated that in the event CBR and Sutter sought to have the Stay Motion heard on an "expedited basis," then Stembanc and Mr. Grabinski would seek to have their motions to dismiss heard on a shortened schedule as well. Mr. Meskell asked when the Stay Motion would be served and filed, and Mr. Kim stated that, although he would not promise a specific date, he thought the Stay Motion would be filed and served by Friday, October 29.

Finally, Mr. Meskell asked whether CBR had rejected the request to dismiss its counterclaims against Mr. Grabinksi and Stembanc voluntarily. Mr. Kim replied that CBR had not rejected the request and that CBR "owed a response" to Mr. Grabinski and Stembanc. Mr. Meskell suggested that he and Mr. Kim set a time and date for a discussion of dismissal. Mr. Kim agreed that the parties ought to meet but declined to set a specific date or time and stated that CBR would have an answer "soon."

2

If this letter does not reflect your understanding of the conversation, please contact me as soon as possible.

Very truly yours,

Philip J. Wang

PJW:mpr

cc:    Matthew W. Meskell, Esq.
       Samuel B. Shepherd, Esq.

50853/24889.1

3

# EXHIBIT C

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

WRITER'S DIRECT DIAL NO.
**650/801-5011**

October 29, 2004

### *VIA FACSIMILE and U.S. MAIL*

Chang H. Kim, Esq.
Pillsbury Winthrop, LLP
2475 Hanover Street
Palo Alto, CA 94304-1114

Ulysses S.T. Hui, Esq.
Perkins Coie, LLP
101 Jefferson Street
Menlo Park, CA 94025-1114

Re: <u>**Pharmastem Therapeutics, Inc. v. Cord Blood Registry, Inc. et al.**</u>, No. 04-3072

Dear Messrs. Kim and Hui:

I write to memorialize our phone conversations on October 29, 2004, held in response to Judge White's Order Requiring Joint Status Report on Motions and Notices of Pendency of Other Proceedings.

First, Mr. Hui, counsel for PharmaStem, Inc. ("PharmaStem") and Mr. Didier, and Mr. Meskell, counsel for Stembanc, Inc. ("Stembanc") and Mr. Grabinski, jointly asked Mr. Kim, counsel for CBR Systems, Inc. ("CBR") and Sutter Health, Inc. ("Sutter"), whether CBR would stipulate to have the motions to dismiss filed by PharmaStem, Mr. Didier, Stembanc, and Mr. Grabinski heard on November 12, 2004, with the oppositions filed and served on or before November 5, 2004 and the replies filed and served on or before November 9, 2004. Mr. Kim would not stipulate.

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414

SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-5107 FAX 858-812-5116

Second, Mr. Meskell asked Mr. Kim if he would take CBR's Expedited Motion to Enlarge Counterdefendants' Hearing Dates and Briefing Schedule Pending Resolution of CBR's Motion to Stay Proceedings, or in the Alternative, to Shorten Hearing Date and Briefing Schedule for CBR System, Inc.'s Motion to Stay ("Expedited Motion to Enlarge Time") off calendar because: (1) it did not comply with Judge White's Standing Order ¶ 3; (2) it did not comply with <u>Civil Local Rules</u> 7-10 or 6-3 as it did not attach a declaration; and (3) Mr. Kim did not meet and confer regarding the hearing dates and briefing schedules set forth in the expedited motion prior to filing it. Mr. Kim would not agree to take it off the calendar.

Finally, Mr. Meskell requested that Mr. Kim confirm the filing date of CBR's motion to transfer this action to Delaware pursuant to the Multi-District Litigation procedure under 28 U.S.C. § 1407. Mr. Kim stated that he would confirm the date and get back to Mr. Meskell.

If this letter does not reflect your understanding of the conversation, please contact me as soon as possible.

Very truly yours,

Philip J. Wang

PJW:mpr

cc:     Matthew W. Meskell, Esq.
        Samuel B. Shepherd, Esq.

50853/24976.1

2

# EXHIBIT D

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

Writer's Direct Dial No.
**650.801.5027**
Writer's Internet Address
samshepherd@quinnemanuel.com

September 21, 2004

*VIA FACSIMILE AND U.S. MAIL*

William F. Abrams, Esq.
Chang H. Kim, Esq.
Pillsbury Winthrop, LLP
2475 Hanover Street
Palo Alto, CA 94304-1114

     Re:   *Pharmastem Therapeutics, Inc. v. Cord Blood Registry v. Stembanc et al.*

Dear Messrs. Abrams and Kim:

I called each of you this morning to discuss potential resolution of the above-captioned matter. I have yet to receive a response. When I arrived at work today (I was out of the office Friday and Monday), I reviewed Mr. Chang's letter of September 17, 2004.

I would appreciate a return phone call to discuss both topics. I am available to meet with you in person or by phone Wednesday and Thursday of this week . Please call to set up a discussion.

Thank you for your anticipated courtesy and cooperation in regard to this matter.

Very truly yours,

Samuel B. Shepherd

SBS:mpr

cc:    Archibald Grabinski
       Matthew W. Meskell, Esq.

GL580/23752.1

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

# EXHIBIT E

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

Writer's Direct Dial No.
**650.801.5027**
Writer's Internet Address
**samshepherd@quinnemanuel.com**

September 29, 2004

*VIA FACSIMILE AND U.S. MAIL*

William F. Abrams, Esq.
Chang H. Kim, Esq.
Pillsbury Winthrop, LLP
2475 Hanover Street
Palo Alto, CA 94304-1114

　　　Re: *Pharmastem Therapeutics, Inc. v. Cord Blood Registry, Inc. et al.*

Dear Messrs. Abrams and Kim:

It has now been a week since Mr. Kim told me that one or both of you would "get back to me" to discuss the matters raised in his letter of September 17, 2004, and in my letter of September 21, 2004. I am still available to discuss these matters personally or by telephone at your convenience.

You are now in receipt of the motions to dismiss CBR Systems, Inc.'s ("CBR") first through sixth counterclaims filed on behalf of Stembanc, Inc. ("Stembanc") and Mr. Grabinski. We are struggling to understand what legal grounds CBR is pinning its hopes on for proving liability, let alone damages. Indeed, CBR's continued prosecution of this suit is mystifying considering that the statements CBR complained about in its Answer and Counterclaims have been removed from Stembanc's website in light of the recent order granting a new trial in PharmaStem Therapeutics, Inc. v. ViaCell, Inc. et al., Civil Action No. 02-148-GMS (D. Del.). In any event, CBR is now on notice that there is no basis for asserting jurisdiction over Mr. Grabinski's person in California and we respectfully request that CBR dismiss all claims against him voluntarily. Should CBR refuse, we will pursue additional remedies.

I look forward to speaking with you soon. Thank you for your anticipated courtesy and cooperation in regard to these matters.

Very truly yours,

Samuel B. Shepherd

SBS:mpr

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414

SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-4107 FAX 858-812-5136

cc:    Archibald Grabinski
       Matthew W. Meskell, Esq.

GL580/23964.1

# EXHIBIT F

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

Writer's Direct Dial No.
**650.801.5027**
Writer's Internet Address
samshepherd@quinnemanuel.com

October 28, 2004

_VIA FACSIMILE AND U.S. MAIL_

William F. Abrams, Esq.
Chang H. Kim, Esq.
Pillsbury Winthrop, LLP
2475 Hanover Street
Palo Alto, CA 94304-1114

Re:  <u>Pharmastem Therapeutics, Inc. v. Cord Blood Registry, Inc. et al.</u>, No. 04-3072

Dear Messrs. Abrams and Kim:

I write to follow up on the discussion that my colleague, Mr. Meskell, had on October 26, 2004 with Mr. Kim regarding my request that CBR Systems, Inc. ("CBR") voluntarily dismiss its counterclaims against Mr. Grabinski and Stembanc, Inc. ("Stembanc").  Mr. Kim acknowledged that CBR "owed a response" to Mr. Grabinski and Stembanc, stated that CBR had not decided against dismissal, and indicated that a definitive answer would be forthcoming shortly.  In response to Mr. Meskell's suggestion that the parties agree to a definite date to meet regarding dismissal, however, Mr. Kim was again unwilling to commit to a specific time.

Although I can appreciate CBR's desire to investigate its position thoroughly, it has been approximately six weeks since Mr. Grabinski and Stembanc first requested a discussion regarding dismissal and still there has been no substantive response from CBR.  Moreover, CBR has been in possession of the motions to dismiss filed by Stembanc and Mr. Grabinski since September 27, 2004 and has had ample time to investigate the objections raised therein.

I have made every attempt to resolve this dispute without unnecessary motion practice or expense.  Nonetheless, CBR's refusal even to discuss amicable resolution of its dispute with Mr. Grabinski and Stembanc has forced them to incur significant outlays of time and money to defend charges that are plainly without merit.  CBR has now announced its intention to bring a motion pursuant to the Multi-District Litigation procedures requesting the transfer of this action to Delaware ("MDL motion") and to bring concurrently a motion seeking a stay of this action ("Stay Motion") pending resolution of its transfer request.  As you are quite obviously aware,

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

until Mr. Grabinski and Stembanc are dismissed from this suit, they will be required to respond to the MDL Motion, the Stay Motion, and any related motions, thus forcing them to incur additional costs. I hope that CBR will seriously consider whether its conduct thus far in this action complies with the dictates of <u>Federal Rule of Civil Procedure</u> 11. In any event, I am still available to discuss how CBR, Stembanc, and Mr. Grabinski can resolve this dispute without further unnecessary litigation. Please contact me or Mr. Meskell with dates and times for a discussion of these issues.

I look forward to speaking with you soon.

Very truly yours,

Samuel B. Shepherd

SBS:mpr

cc:    Archibald Grabinski

GL580/24703.1

# EXHIBIT G

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PHARMASTEM THERAPEUTICS, INC.

        Plaintiff,

      v.

CORD BLOOD REGISTRY INC.,

        Defendant.

No. C 04-03072 JSW

**ORDER REQUIRING JOINT STATUS REPORT ON MOTIONS AND NOTICES OF PENDENCY OF OTHER PROCEEDINGS**

This Court has received the following motions from the parties:

1.    PharmaStem Therapeutics, Inc.'s ("PharmaStem") Motion to Dismiss Defendant Cord Blood Registry, Inc.'s ("CBR") First, Second, Third, Fourth, Fifth and Sixth Counterclaims;

2.    PharmaStem's Motion to Sever;

3.    Nicolas Didier's Motion to Dismiss CBR's Counterclaims;

4.    Stembanc, Inc.'s Motion to Dismiss CBR's First, Second, Third, Fourth, Fifth and Sixth Counterclaims;

5.    Archibald Grabinski's Motion to Dismiss CBR's First, Second, Third, Fourth, Fifth and Sixth Counterclaims; and

These motions are set for hearing on various dates commencing on December 10, 2004 through January 14, 2005. From a cursory review of the motions, it appears that they raise similar factual and legal issues. Accordingly, the Court ORDERS the parties to file a joint status report advising the Court of their respective positions as to whether these motions should be heard on the same hearing date. In the event the parties believe the motions should be heard on one date, the

United States District Court
For the Northern District of California

1  parties shall meet and confer to find a mutually convenient date and so advise the Court. The Court

2  will consider specially setting the hearing, if necessary.

3       The Court has also received Civil Local Rule 3-13 Notices of Pendency of Other Actions or

4  Proceedings from CBR, Sutter Health and PharmaStem. The parties agree that the following other

5  proceedings are pending: (1) *PharmaStem Therapuetics, Inc. v. Via Cell, Inc., et al.* (United

6  States District Court for the District of Delaware Case No. 02-148 GMS), filed on February 22,

7  2002; (2) *PharmaStem Therapeutics, Inc. v. ViaCell, Inc., et al.* (United States District Court for

8  the District of Massachusetts Case No. 04-CV-11673 RWZ), filed July 28, 2004, (3) *PharmaStem*

9  *Therapeutics, Inc. v. Cyro-Cell International, Inc., et al.* (United States District Court for the

10  Middle District of Florida Case No. 8:04-CV01740-T-30TGW), filed July 28, 2004; (4)

11  *PharmaStem Therapeutics, Inc. v. Corcell, Inc., et al.* (United States District Court for the Eastern

12  District of Pennsylvania Case no. 2:04–CV-03561-RK), filed July 28, 2004; and (5) *PharmaStem*

13  *Therapeutics, Inc. v. Cure Sources, Inc., et al.* (United States District Court for the Central District

14  of California Case No. SA-CV-04-921 GLT), filed August 4, 2004.

15       CBR and Sutter Health contend that these actions satisfy either the subject matter or party

16  relatedness requirements (or both) of Local Rule 3-13 and that "transfer or other coordination might

17  avoid conflicts, conserve resources and promote and efficient determination of the action." *See, e.g.,*

18  CBR's Notice of Pendency of Other Actions at 2:4-7; Sutter Health's Notice of Pendency of Other

19  Actions at 2:4-7.

20       PharmaStem asserts that "it is not aware of any grounds to support jurisdiction and venue

21  over" the defendants in the other cases in this judicial district and does not believe that coordination

22  would conserve resources and promote an efficient determination of the action. PharmStem's Notice

23  of Pendency of Other Actions at 2:21-3:2.

24       The Court ORDERS that the parties file a joint status report outlining the current status of each

25  of the five actions listed and a short and plain statement of what, if any relief, the parties seek from this

26  Court in connection with the pendency of these other actions, with the caveat that of the various cases

27  pending, the Delaware action is the first filed action.

28

United States District Court
For the Northern District of California

1          These Joint Status Reports shall be filed by no later than October 29, 2004 and shall not

2    exceed five pages.

3          **IT IS SO ORDERED.**

4

5    Dated:  October 5, 2004                                   /s/ Jeffrey S. White

6                                              JEFFREY S. WHITE
                                               UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28