1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Samuel B. Shepherd (Bar No. 163564)
2  Matthew W. Meskell (Bar No. 208263)
   Philip J. Wang (Bar No. 218349)
3  555 Twin Dolphin Drive, Suite 560
   Redwood Shores, CA. 94065
4  (650) 801-5000 (Telephone)
   (650) 801-5100 (Facsimile)
5
   Attorneys for Counterclaim Defendants,
6  STEMBANC, INC. and ARCHIBALD A. GRABINSKI

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12 PHARMASTEM THERAPEUTICS, INC., a )  Case No. C 04-3072 (JSW)
   Delaware corporation,             )
13                                   )  **MISCELLANEOUS ADMINISTRATIVE**
               Plaintiff,            )  **REQUEST PURSUANT TO CIVIL**
14                                   )  **LOCAL RULE 7-10 TO SHORTEN THE**
        vs.                          )  **BRIEFING AND HEARING SCHEDULE**
15                                   )  **FOR THE MOTIONS TO DISMISS OF**
   CORD BLOOD REGISTRY, INC., dba CBR,)  **STEMBANC, INC. AND ARCHIBALD A.**
16 a California corporation, and SUTTER)  **GRABINSKI**
   HEALTH, INC., a California corporation,)
17                                   )
               Defendants.           )  JUDGE:    Hon. Jeffrey S. White
18 ──────────────────────────────────)
   CBR SYSTEMS, INC., dba CBR, a California)
19 corporation,                      )
                                     )
20             Counterclaimant,      )
                                     )
21      vs.                          )
                                     )
22 PHARMASTEM THERAPEUTICS, INC., a  )
   Delaware corporation; STEMBANC, INC., a)
23 Ohio corporation; NICHOLAS DIDIER; and)
   ARCHIBALD A. GRABINSKI,           )
24                                   )
               Counterdefendants.    )
25 ──────────────────────────────────)

26

27

28

50494/24980.2
───────────────────────────────────────────
MISCELLANEOUS ADMINISTRATIVE REQUEST TO SHORTEN SCHEDULES
Case No. C 04-3072 JSW

### Miscellaneous Administrative Request

Pursuant to paragraph 3 of this Court's Standing Order and <u>Civil Local Rule</u> 7-10, third-party counterclaim defendants Stembanc, Inc. ("Stembanc") and Archibald A. Grabinski ("Grabinski") respectfully submit this Miscellaneous Administrative Request for an order shortening the briefing and hearing schedule for Stembanc's Motion to Dismiss CBR's First, Second, Third, Fourth, Fifth, and Sixth Counterclaims Pursuant to <u>Federal Rule of Civil Procedure</u> 12(b)(6) and Grabinski's Motion to Dismiss CBR's First, Second, Third, Fourth, Fifth, and Sixth Counterclaims Pursuant to <u>Federal Rules of Civil Procedure</u> 12(b)(6) and 12(b)(2), both of which were filed on September 27 and noticed for hearing on January 14, 2005. Specifically, Stembanc and Grabinski request that their motions to dismiss be heard prior to this Court's hearing the Motion to Stay Proceedings ("Stay Motion") submitted by defendant and counterclaim plaintiff CBR Systems, Inc. ("CBR") on October 28. In light of CBR's proposal that its Stay Motion could be heard on November 12 or December 10, Stembanc and Grabinski respectfully request that this Court hear their motions to dismiss on either of those dates prior to the Stay Motion. Stembanc and Grabinski's requested relief will promote judicial economy by preventing unnecessary litigation, will afford CBR a full and fair opportunity to be heard, and will prevent further expense and prejudice to Stembanc and Grabinski.

### Statement of Facts

To avoid redundancy, Stembanc and Grabinski hereby incorporate by reference the statement of facts contained in their Opposition to CBR's Expedited Motion to Enlarge Counterdefendants' Hearing Dates and Briefing Schedule Pending Resolution of CBR's Motion to Stay Proceedings, filed with this Court on November 2.

### Argument

**I.   HEARING THE MOTIONS TO DISMISS FIRST IS EFFICIENT**

This Court is particularly well positioned to resolve the legal issues raised in the motions to dismiss filed by Stembanc and Grabinksi, and by deciding those issues before CBR's Stay Motion, this Court would prevent unnecessary litigation and promote efficiency. It is undisputed that the motions to dismiss filed by Stembanc and Grabinski raise common legal issues and

---

1  should be heard jointly. See Order Requiring Joint Status Report on Motions and Notices of
2  Pendency of Other Actions ("October 5 Order") at 1-2 (noting the motions to dismiss appear to
3  raise "similar factual and legal issues"); Wang Decl. Ex. B (memorializing CBR's agreement that
4  all motions to dismiss should be heard together). Moreover, those motions raise a number of
5  issues that are unique to California. Five of the six counterclaims at issue in the motions to
6  dismiss are based on the statutory and common law of California and are therefore best resolved
7  by a court sitting in this state. See e.g. Gulf Oil v. Gilbert, 330 U.S. 501, 509 (1947), superceded
8  by statute on other grounds ("There is an appropriateness, too, in having the trial of a diversity
9  case in a forum that is at home with the state law that must govern the case, rather than having a
10 court in some other forum untangle problems in conflict of laws, and in law foreign to itself").
11 Grabinksi's motion also seeks dismissal on the ground that there is no jurisdiction over his person
12 in California. Finally, this Court has indicated that it has already read the motions to dismiss.
13 See Order Requiring Joint Status Report on Motions and Notices of Pendency of Other Actions
14 ("October 5 Order") at 1. Accordingly, this Court is best placed to rule on those motions.

15         Furthermore, ruling on the motions to dismiss filed by Stembanc and Grabinski before
16 hearing CBR's Stay Motion will prevent unnecessary litigation and promote judicial economy.
17 First, by ruling on the motions to dismiss, this Court will limit the issues to which Stembanc and
18 Grabinski must respond and, in fact, may end their involvement in this suit. Second, CBR is
19 seeking a stay because it has joined in a request to transfer this action to Delaware pursuant to the
20 Multi-District Litigation procedures of 28 U.S.C. § 1407 ("MDL Motion"); if this case were
21 transferred to Delaware prior to a hearing on the motions to dismiss, however, then Grabinski
22 would have to file yet another motion to dismiss because there is no jurisdiction over his person
23 in Delaware. Third, the issues raised in the motions to dismiss are unique to this action and
24 would only disrupt any coordination of the patent litigation suits that are the true subject of the
25 MDL Motion. See Bellorini v. Bridgestone/Firestone, Inc., 236 F.Supp.2d 670, 676 (W.D. Tex.
26 2001) ("Here, the issues raised by Plaintiffs' Motion to Remand are unique to this case and would
27 benefit little from coordinated discovery under the MDL panel"). Indeed, for this very reason,
28 the Manual for Complex Litigation recommends that "matters such as motions to dismiss or to

1 remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer." Federal Judicial Center, <u>Manual for Complex Litigation</u> at 221 (4th ed. 2004). Prompt rulings on the motions to dismiss filed by Stembanc and Grabinski will eliminate unnecessary motion practice and streamline any multi-district coordination of the underlying patent litigations, which do not involve Stembanc or Grabinksi.

## II. CBR WILL NOT BE PREJUDICED BY A SHORTENED SCHEDULE

The shortened briefing schedule and hearing dates proposed by Stembanc and Grabinksi will not prejudice CBR because it has had over a month to prepare its oppositions and because its counsel have indicated they are available and willing to accommodate the proposed schedules. Under <u>Civil Local Rules</u> 7-2(a) and 7-3(a), a non-moving party is entitled to 35 days notice before the hearing of a motion and must file any opposition 21 days before the scheduled hearing date -- effectively providing the non-moving party 14 days to prepare its opposition. Stembanc and Grabinski filed their motions to dismiss on September 27, 2004, but the Court's calendar did not permit scheduling them for hearing until January 14, 2005. Nonetheless, CBR has already had over a month to prepare its oppositions to the motions to dismiss, well over the 14 days afforded by the <u>Civil Local Rules</u>.

In addition, counsel for CBR have indicated that they are prepared to accommodate the accelerated hearing dates and briefing schedules requested by Stembanc and Grabinski. In CBR's Expedited Motion to Enlarge Counterdefendants' Hearing Dates and Briefing Schedule Pending Resolution of CBR's Motion to Stay Proceedings ("Delay Motion"), CBR proposed that its Stay Motion could be heard on November 12, with opposition briefs due on November 5 and reply briefs due on November 9. <u>See</u> Delay Motion at 3. Counsel for CBR did not meet and confer with counsel for Stembanc and Grabinski regarding that briefing schedule prior to filing its Delay Motion on October 28. In light of CBR's surprise proposal, counsel for Stembanc and Grabinski immediately requested that CBR stipulate to have the Motions to Dismiss be heard according to the same schedule. <u>See</u> Wang Decl. ¶ 10 & Ex. B. Counsel for CBR refused. <u>See id</u>. Despite its refusal to stipulate, however, counsel for CBR are obviously available and amenable to the briefing schedule and hearing dates contained in their own proposal. Moreover, prior to filing its

Delay Motion, counsel for CBR had already agreed that if this Court ordered the motions to dismiss filed by Stembanc, Grabinski, PharmaStem, and Didier be heard on December 10, then CBR would file its oppositions by November 19 and stipulate that all replies could be filed on December 3. See Wang Decl. ¶ 5 & Ex. B.

Although the briefing schedule proposed below would require CBR to submit its opposition brief on November 5, before this Court could rule on the instant request to shorten time, Stembanc and Grabinski had alerted CBR to its request on October 28, and proposed the briefing schedule in the Joint Status Report as well as in its opposition to CBR's Delay Motion. Stembanc and Grabinski brought this motion as quickly as possible. Accordingly, CBR will suffer no prejudice if this Court hears the motions to dismiss on a shortened schedule.

### III. STEMBANC AND GRABINSKI ARE PREJUDICED BY DELAY

Finally, if this Court delays hearing the motions to dismiss, Stembanc and Grabinski will suffer unnecessary expense. Until Stembanc and Grabinski are dismissed from this suit, they will be forced to preserve their rights by, for example, opposing the MDL Motion and the Stay Motion. Furthermore, if this case were consolidated and transferred to Delaware before a hearing on their motions to dismiss, Grabinski and Stembanc would incur yet more expense -- for example, hiring local counsel, complying with Delaware local rules, and filing a motion to dismiss for want of jurisdiction over Grabinski in Delaware. Grabinski and Stembanc are entitled to a prompt resolution of their motions to dismiss before any motions for transfer are heard. See e.g. Syndicate 420 v. Early American Insurance Co., 796 F.2d 821, 827 n.8 (5th Cir. 1986) ("In the normal case, therefore, the District Court must first determine that it possesses both subject matter and in personam jurisdiction before it resolves a forum non conveniens motion") (citing Gulf Oil v. Gilbert, 330 U.S. 501, 504 (1947)); accord Washington Square Securities v. Sowers, 218 F.Supp.2d 1108, 1111 (D. Minn. 2002) ("A federal court must always first determine whether it has personal jurisdiction over the parties"). CBR has not offered a compelling reason why this Court should hear the Stay Motion, which CBR filed on October 28, prior to resolving the Motions to Dismiss, which Stembanc and Grabinksi filed a month earlier, on September 27.

### IV. STEMBANC AND GRABINSKI'S PROPOSED SCHEDULE

Stembanc and Grabinski respectfully request that this Court hear their motions to dismiss prior to hearing CBR's Stay Motion. CBR has proposed that its Stay Motion could be heard on November 12, with oppositions due on November 5 and any reply due on November 9, or on December 10, with an undisclosed briefing schedule. See Delay Motion at 2-3. In light of CBR's proposed dates, Stembanc and Grabinski request that this Court hear their motions to dismiss before CBR's Stay Motion according to the following schedule, with all briefs served by hand:

| | |
|---|---|
| Counterclaim plaintiff's opposition | November 5, 2004 |
| Counterclaim defendants' reply | November 9, 2004 |
| Hearing on counterclaim defendants' motions to dismiss | November 12, 2004 |

Alternatively, Stembanc and Grabinksi propose the following schedule, which also avoids the Thanksgiving holidays, again with all briefs to be served by hand on the parties:

| | |
|---|---|
| Counterclaim plaintiff's opposition | November 19, 2004 |
| Counterclaim defendants' reply | December 3, 2004 |
| Hearing on counterclaim defendants' motions to dismiss | December 10, 2004[1] |

### Conclusion

For the foregoing reasons, Stembanc and Grabinski respectfully request that this Court GRANT their Miscellaneous Administrative Request Pursuant to Civil L.R. 7-10 To Shorten the Briefing and Hearing Schedule For the Motions to Dismiss of Stembanc and Grabinski.

Dated: November 3, 2004

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By  /s/
Samuel B. Shepherd (Bar No. 163564)
Matthew W. Meskell (Bar No. 208263)
Philip J. Wang (Bar No. 218349)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Attorneys for Stembanc, Inc. and Archibald A. Grabinski

---

[1] CBR agreed that, if this Court ordered the motions to dismiss filed by Stembanc, Grabinski, PharmaStem Therapeutics, Inc., and Nicholas Didier be heard on December 10, this proposed briefing schedule was acceptable. See Wang Decl. ¶ 5 Ex B.