1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Samuel B. Shepherd (Bar No. 163564)
2  Matthew W. Meskell (Bar No. 208263)
   Philip J. Wang (Bar No. 218349)
3  555 Twin Dolphin Drive, Suite 560
   Redwood Shores, CA 94065
4  (650) 801-5000 (Telephone)
   (650) 801-5100 (Facsimile)
5
   Attorneys for Counterclaim Defendants,
6  STEMBANC, INC. and ARCHIBALD A. GRABINSKI

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12 | PHARMASTEM THERAPEUTICS, INC., a  ) Case No. C 04-3072 (JSW)
   | Delaware corporation,             )
13 |                                   ) **DECLARATION OF PHILIP J. WANG IN
   |         Plaintiff,                ) SUPPORT OF MISCELLANEOUS
14 |                                   ) ADMINISTRATIVE REQUEST
   |   vs.                             ) PURSUANT TO CIVIL LOCAL RULE 7-
15 |                                   ) 10 TO SHORTEN THE BRIEFING AND
   | CORD BLOOD REGISTRY, INC., dba CBR,) HEARING SCHEDULE FOR THE
16 | a California corporation, and SUTTER ) MOTIONS TO DISMISS OF STEMBANC,
   | HEALTH, INC., a California corporation, ) INC. AND ARCHIBALD A. GRABINSKI**
17 |                                   )
   |         Defendants.               )
18 |_____) JUDGE:    Hon. Jeffrey S. White
   | CBR SYSTEMS, INC., dba CBR, a California )
19 | corporation,                      )
   |                                   )
20 |         Counterclaimant,          )
   |                                   )
21 |   vs.                             )
   |                                   )
22 | PHARMASTEM THERAPEUTICS, INC., a  )
   | Delaware corporation; STEMBANC, INC., a )
23 | Ohio corporation; NICHOLAS DIDIER; and )
   | ARCHIBALD A. GRABINSKI,           )
24 |                                   )
   |         Counterdefendants.        )
25 |_____)

26  _____

27

28

50494/24851.2
            WANG DECLARATION ISO MOTION TO SHORTEN TIME
            Case No. C 04-3072 JSW

1   I, Philip J. Wang, declare as follows:

2   1.   I am an attorney admitted to practice in the State of California and am an
3   associate with the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for third-
4   party counterclaim defendants Stembanc, Inc. ("Stembanc") and Archibald A. Grabinski
5   ("Grabinski"). I make this declaration in support of the Miscellaneous Administrative Request
6   Pursuant to <u>Civil Local Rule</u> 7-10 To Shorten the Briefing and Hearing Schedule For the Motions
7   to Dismiss of Stembanc, Inc. and Archibald A. Grabinski ("Request"). The matters referred to in
8   this declaration are based upon my personal knowledge, and if called as a witness I could testify
9   competently to those matters.

10  2.   Attached hereto as Exhibit G is a true and correct copy of this Court's Order
11  Requiring Joint Status Report on Motions and Notices of Pendency of Other Proceedings, dated
12  October 5, 2004 ("October 5 Order"). The October 5 Order directed the parties to meet and
13  confer concerning whether the motions to dismiss filed by PharmaStem Therapeutics, Inc.
14  ("PharmaStem"), Nicholas Didier ("Didier"), Stembanc, and Grabinski ("Motions to Dismiss"),
15  as well as a motion to sever filed by PharmaStem, should be heard on the same date. In the event
16  the parties agreed the motions should be heard together, the October 5 Order directed the parties
17  to "meet and confer to find a mutually convenient date and so advise the Court." October 5
18  Order at 2.

19  3.   Pursuant to the October 5 Order, I met and conferred with counsel for
20  PharmaStem and Didier and counsel for CBR and Sutter Health, Inc. ("Sutter") on October 20,
21  22, 26, 28, and 29. Attached hereto as Exhibits A, B, and C, respectively, are true and correct
22  copies of letters dated October 26, 28, and 29, 2004, that I sent to counsel for PharmaStem,
23  Didier, CBR, and Sutter memorializing our discussions.

24  4.   During these conversations, the parties agreed that the Motions to Dismiss should
25  be heard together. PharmStem, Didier, Stembanc, and Grabinski requested that the four motions
26  to dismiss be heard jointly on December 10. Mr. Kim, counsel for CBR and Sutter, would not
27  agree to December 10 as a hearing date.

28

50494/24851.2

1

WANG DECLARATION ISO MOTION TO SHORTEN TIME
Case No. C 04-3072 JSW

1    5.    Mr. Kim did agree that, in the event this Court orders the Motions to Dismiss be heard on December 10, CBR would file any oppositions by November 19 and would stipulate to having all replies due on December 3.

6.    Also during those conversations, counsel for Stembanc and Grabinski, along with counsel for PharmaStem and Didier, requested that CBR stipulate to submit any oppositions to the Motions to Dismiss by November 12 and agree that replies could be filed by November 19 to avoid the Thanksgiving holiday. Mr. Kim, counsel for CBR and Sutter, stated that although CBR had been served with the Motions to Dismiss in September, CBR would not agree to "shorten" its time for preparing oppositions to November 12.

7.    Mr. Kim did not propose a different hearing date or briefing schedule for the Motions to Dismiss. Instead, Mr. Kim stated that CBR and Sutter intended to join in a motion requesting transfer of this proceeding to Delaware pursuant to the Multi-District Litigation procedures of 28 U.S.C. § 1407 ("MDL Motion"). Mr. Kim also stated that CBR would be filing a motion to stay the proceedings in this Court ("Stay Motion") pending a ruling on the MDL Motion.

8.    Mr. Meskell, counsel for Stembanc and Grabinski, asked whether CBR would file its Stay Motion ex parte, and Mr. Kim responded that CBR intended to have the motion heard on an "expedited basis." Mr. Kim did not propose any hearing dates or briefing schedules for the Stay Motion. Mr. Meskell stated that Stembanc and Grabinski would not stipulate to stay the proceedings pending resolution of the MDL Motion and informed Mr. Kim that if CBR sought to have its Stay Motion heard on an "expedited basis," then Stembanc and Grabinski would seek to have their motions to dismiss heard on a shortened schedule.

9.    On October 28, one day before the parties were to submit the joint status report required by the October 5 Order, Stembanc and Grabinski were served with the MDL Motion and CBR's Stay Motion. That same day, CBR filed and served its Delay Motion, in which CBR requested that this Court hear the Motions to Dismiss forty-five (45) days after ruling on the Stay Motion or, in the alternative, schedule its Stay Motion for hearing on November 12, with oppositions due on November 5, and replies due on November 9. Counsel for CBR did not meet

1  and confer regarding the hearing dates or briefing schedules requested in the Delay Motion prior
2  to filing it.
3      10.   Upon receiving CBR's Motion to Delay Hearings and CBR's request to hear its
4  Motion to Stay on November 12, 2004, Mr. Meskell asked Mr. Kim whether he would stipulate
5  to schedule the hearings for the Stembanc's and Grabinski's motions to dismiss for November 12,
6  2004, with oppositions due on November 5, 2004 and replies due on November 9, 2004.  Mr.
7  Kim would not so stipulate.
8      11.   Stembanc and Grabinski filed this Request on the basis that resolving the Motions
9  to Dismiss quickly will conserve judicial economy by preventing unnecessary litigation, will
10 afford CBR a full opportunity to be heard, and will prevent additional expense for Stembanc and
11 Grabinski.
12     12.   If the Request is not granted, Stembanc and Grabinski will be forced to preserve
13 their rights by, for example, responding to the MDL Motion and the Motion to Stay.  If this
14 action were transferred to Delaware, Stembanc and Grabinski would incur yet more expense by,
15 for example, hiring local counsel and filing additional motions to dismiss.
16     13.   Despite multiple efforts by Stembanc and Grabinski to seek an amicable
17 resolution of CBR's counterclaims, CBR has refused to discuss the issue with Stembanc and
18 Grabinski.  Attached hereto as Exhibits D, E, and F, respectively, are true and correct copies of
19 letters dated September 21, 29, and October 28, 2004 that counsel for Stembanc and Grabinski
20 sent to counsel for CBR.
21     14.   Stembanc and Granbinski are unaware of any delay or other effect that the relief
22 requested in its motion to extend time would have on the schedule for the instant lawsuit.
23     15.   The only previous time modification entered in these proceedings is a Stipulation
24 Extending Time of Stembanc, Inc and Archibald A. Grabinski to Respond to Counterclaims of
25 CBR Systems, Inc., entered on September 16, 2004.
26 ///
27 ///
28

1     I declare under penalty of perjury under the law of the United States of America that the
2 foregoing is true and correct.
3     Executed on this 3rd day of November, 2004, at Redwood Shores, California.

                                                       /s/
                                             Philip J. Wang