IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC. a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>CORD BLOOD REGISTRY INC., dba CBR, a California corporation, and SUTTER HEALTH, INC., a California corporation,<br><br>    Defendants.<br>_____/<br>CBR SYSTEMS, INC., dba CBR, a California corporation, and SUTTER HEALTH, a Not For Profit Public Benefit corporation,<br><br>    Counter-claimants,<br><br>  v.<br><br>PHARMASTEM THERAPEUTICS, INC., a Delaware corporation, STEMBANC, INC., an Ohio corporation, NICHOLAS DIDIER, and ARCHIBALD A. GRABINSKI,<br><br>    Counter-defendants.<br>_____/ | No. C 04-03072 JSW<br><br>**ORDER RE:**<br><br>1.  **CBR'S MOTION TO SHORTEN TIME; AND**<br><br>2.  **STEMBANC, INC.'S AND ARCHIBALD GRABINSKI'S MISCELLANEOUS ADMINISTRATIVE REQUEST** |

    This matter comes before the Court upon CBR Systems, Inc.'s ("CBR") expedited motion to enlarge counter-defendants' hearing dates and briefing schedule pending resolution of CBR's motion to stay, or in the alternative, to shorten the hearing date and briefing schedule for CBR's motion to stay.

1  The Court has also received the miscellaneous administrative request filed by Stembanc, Inc. ("Stembanc") and Archibald A. Grabinski ("Mr. Grabinski") to shorten the briefing schedule and hearing time on their respective motions to dismiss. Although Civil Local Rule 7-10(b)(2) provides that parties opposing the request may do so within three days of the filing of an administrative request, the Court finds that further briefing on this issue is not necessary. The parties' positions have been amply set forth in the myriad pleadings filed in connection with the briefing schedule and hearing date for the parties' respective motions.

The Court is displeased that the parties were unable to reach a resolution on a mutually convenient hearing date, especially in light of the fact that the Court stated it would consider specially setting the hearing date if necessary. It is apparent to the Court, however, that although the parties could not reach agreement, the parties did comply with the Court's order to meet and confer on the issue.

The Court has also considered the well-taken arguments raised by Pharmastem, Inc. ("Pharmastem"), Nicholas Didier ("Mr. Didier"), Stembanc, and Mr. Grabinski (collectively "counter-defendants") that CBR failed to comply with the Court's local rules regarding *ex parte* applications and motions to change time. However, the Court does not find CBR's failure to follow these rules to warrant outright denial of the motion to change time. All parties, however, are put on notice that any future failure to comply with the Court's orders and local rules will result in sanctions.

As to the merits of CBR's motion and Stembanc's and Mr. Grabinski's miscellaneous administrative request, having considered those pleadings, the opposition briefs thereto filed by the counter-defendants to CBR's motion, and the record in this case, the Court finds good cause to GRANT IN PART AND DENY IN PART CBR's motion to shorten time. The Court also finds good cause to GRANT IN PART AND DENY IN PART Stembanc's and Mr. Grabinski's miscellaneous administrative request to shorten time.

Accordingly, because all parties agree that the counter-defendants' motions to dismiss should be heard together, and because the Court concludes it would be in the interests of judicial economy and efficiency to hear CBR's motion to stay on the same date as the motion to dismiss, the Court

hereby ORDERS that the counter-defendants' motions to dismiss and CBR's motion to stay shall be set for hearing on **Friday, January 7, 2005, at 9:00 a.m.**

The parties are directed to follow the following briefing schedule:

(1) CBR's opposition briefs to counter-defendants' motions to dismiss shall be filed on **Friday, November 19, 2004;**

(2) Counter-defendants' reply briefs to the motions to dismiss shall be filed on **Friday, December 10, 2004**;

(3) Counter-defendants' opposition briefs to the motion to stay shall be filed on **Friday, December 3, 2004**;

(4) CBR's reply brief to the motion to stay shall be filed on **Friday, December 17, 2004**.

All parties are further admonished to comply with this Court's standing order requiring submission of chambers copies of all documents electronically filed by 12:00 p.m. the day after filing.

As a result of this ruling, the hearing dates previously scheduled for December 10, 2004 (Pharmastem's Motion to Dismiss CBR's First through Sixth Counterclaims), January 14, 2005 (Stembanc and Mr. Grabinski's motions to dismiss), and February 4, 2005 (CBR's motion to stay) are VACATED.

CBR is further ORDERED to advise the Court and counter-defendants if the Judicial Panel on Multidistrict Litigation rules on the motion to transfer prior to the January 7, 2005, hearing date.

**IT IS SO ORDERED.**

Dated: November 3, 2004        /s/ Jeffrey S. White
                               JEFFREY S. WHITE
                               UNITED STATES DISTRICT JUDGE