PAUL J. ANDRE, Bar No. 196585
LISA KOBIALKA, Bar No. 191404
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
Ph: (650) 838-4300
Fx: (650) 838-4350

Attorneys for PharmaStem Therapeutics, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CORD BLOOD REGISTRY, INC., dba CBR, a California corporation, and SUTTER HEALTH, INC., a California corporation.<br><br>Defendant. | CASE NO. 04-3072 JSW<br><br>PHARMASTEM THERAPEUTICS, INC.'S OPPOSITION TO CBR'S SUPPLEMENTAL NOTICE OF PENDENCY OF OTHER ACTION OF PROCEEDING PURSUANT TO L.R. 3-13(c) |
| CBR SYSTEMS, INC., dba CBR a California corporation<br>Counterclaimant<br>v.<br><br>PHARMASTEM THERAPEUTICS, INC., a Delaware corporation; STEMBANC, INC., a Ohio corporation; NICHOLAS DIDIER; and ARCHIBALD A. GRABINSKI<br><br>Counterdefendants. | |

PHARMASTEM THERAPEUTICS, INC.'S OPPOSITION TO CBR'S
SUPPLEMENTAL NOTICE OF PENDENCY OF OTHER ACTION OF
PROCEEDING PURSUANT TO L.R. 3-13(c)
CASE NO. 04-3072 JSW

1   Pursuant to Civil L.R. 3-13(c), Plaintiff PharmaStem Therapeutics, Inc. ("PharmaStem")
2   hereby oppose CBR Systems, Inc.'s ("CBR") Supplemental Notice of Pendency of Other Action or
3   Proceeding filed on October 28, 2004 ("CBR's Notice"), because the case entitled *ViaCell, Inc.,*
4   *Cryo-Cell International, Inc and CorCell, Inc. v. PharmaStem Therapeutics, Inc.*, filed on October
5   5, 2004 in the United States District Court of Delaware, Civil Action No. 04-1335 (the "Second
6   Delaware Action") does not satisfy the "relatedness requirements" under Local Rule 3-13(a).

7   Local Rule 3-13(a) requires that an action be disclosed to the Court whenever it "involves
8   all or substantially all of the same parties *and* all or a material part of the same subject matter" as
9   any action in this district. *See* L.R. 3-13(a)(emphasis added). The Second Delaware Action fails
10  to meet either, let alone both, of these requirements under the rule.

11  Only *one party,* namely PharmaStem, is named in both this action and the Second
12  Delaware Action. Nicholas Didier, CBR, Sutter Health, Inc., Stembanc, Inc. and Archibald
13  Grabinski are not parties to the Second Delaware Action, and no other parties to the Second
14  Delaware Action are named in this action. Clearly, having only *one of nine* total parties in
15  common between the two actions does not constitute "all or substantially all of the same parties"
16  as required under the rule.

17  Furthermore, the plaintiffs in the Second Delaware Action (*none* of which are parties to this
18  action) have asserted various antitrust, unfair competition, and tort causes of action against
19  PharmaStem that are not based on "all or a material part of the same subject matter" as this action.
20  L.R. 3-13(a). In this action, PharmaStem alleges that CBR infringes two of PharmaStem's patents,
21  U.S. Patents Nos. 6,461,645 B1 and 6,569,427 B1 (the "'427 Patent"), and that Sutter Health also
22  infringes the '427 Patent. Thus, the subject matter of this action involves CBR's and Sutter Health's
23  activities related to cord blood banking.

24  In sharp contrast, the Second Delaware Action is not a patent infringement action and does not
25  involve any patent infringement claims, or defenses or counterclaims related to patent infringement.
26  Specifically, the following claims have been alleged against PharmaStem in the Second Delaware
27  Action: (1) violation of 15 U.S.C. §§1-2 for unreasonable restraint of trade and attempted
28  monopolization; (2) violation of 15 U.S.C. §1125(a) for federal unfair competition; (3) violation of

Massachusetts Gen. Laws Chapter 93A for unfair and deceptive trade acts, practices, and competition; and (4) tortious interference with contract and prospective business relationships.

While CBR's Notice alleges that the Second Delaware Action "may satisfy the subject matter 'relatedness requirements' of Local Rule 13-3(a) [sic] because both actions concern communications between or amongst PharmaStem and CBR's actual or potential clients and/or the doctor treating such clients," it is obvious that the subject matter of CBR's counterclaims in this action barely—and only immaterially—overlap with the subject matter of the Second Delaware Action. Patents are not being enforced in the Second Delaware Action. Thus, there is no overlap of patent infringement subject matter, except to the extent that the Second Delaware Action accuses all of PharmaStem's patent infringement actions of being mere shams. However, to the same extent that the Second Delaware Action accuses the underlying patent infringement actions to be mere shams, the antitrust claims asserted in the Second Delaware Action must be compulsory counterclaims to those underlying patent infringement actions, and should be raised there and not elsewhere. In fact, one of the defendants in the Second Delaware Action already has pled the same antitrust claim as a counterclaim in PharmaStem's patent infringement suit against it. In this action, CBR and Sutter Health do not bring antitrust counterclaims. Finally, as for CBR's unfair competition, tortious interference and trade libel counterclaims, those claims, and any alleged injuries to CBR it hopes to prove in this action, are necessarily peculiar to it and this case alone. Thus, the Second Delaware Action does not satisfy the "relatedness requirement" of Local Rule 3-13(a), because it does not involve *either* "all or substantially all of the same parties" *or* "all or a material part of the same subject matter" as the this action; and the rule requires *both*. L.R. 3-13(a).

For the foregoing reasons, PharmaStem opposes CBR's Notice pursuant to Civil L.R. 3-13(c).

DATED: November 11, 2004              **PERKINS COIE** LLP

                                      By _____/s/_____
                                         Paul J. Andre, Esq.
                                         Attorneys for PharmaStem Therapeutics, Inc.

- 2 -