```
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Samuel B. Shepherd (Bar No. 163564)
Matthew W. Meskell (Bar No. 208263)
Philip J. Wang (Bar No. 218349)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA. 94065
(650) 801-5000 (Telephone)
(650) 801-5100 (Facsimile)

Attorneys for Counterclaim Defendants,
STEMBANC, INC. and ARCHIBALD A. GRABINSKI
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CORD BLOOD REGISTRY, INC., dba CBR, a California corporation, and SUTTER HEALTH, INC., a California corporation,<br><br>Defendants.<br>_____<br>CBR SYSTEMS, INC., dba CBR, a California corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>PHARMASTEM THERAPEUTICS, INC., a Delaware corporation; STEMBANC, INC., a Ohio corporation; NICHOLAS DIDIER; and ARCHIBALD A. GRABINSKI,<br><br>Counterdefendants. | Case No. C 04-3072 (JSW)<br><br>**STEMBANC, INC. AND ARCHIBALD A. GRABINSKI'S OPPOSITION TO SUPPLEMENTAL NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING**<br><br>[CIVIL LOCAL RULE 3-13]<br><br>JUDGE:    Hon. Jeffrey S. White |

## Preliminary Statement

Pursuant to Civil Local Rule 3-13(c), third-party Counterclaim Defendants Stembanc, Inc. ("Stembanc") and Archibald A. Grabinski ("Grabinski") submit this Opposition to Cord Blood Registry, Inc. ("CBR") and Sutter Health, Inc.'s ("Sutter") Supplemental Notice of Pendency of Other Action or Proceeding; filed on October 28, 2004 ("Supplemental Notice"). The six actions listed in the Supplemental Notice involve substantially different parties, different patents, and/or different causes of action and therefore do not satisfy the criteria for relatedness under Civil Local Rule 3-13(a).

CBR and Sutter also maintain in the Supplemental Notice that this case should be transferred or otherwise coordinated with the other litigations. They are mistaken. Because this case, particularly the counterclaims against Stembanc and Grabinski, is unrelated to the six other actions, transfer or coordination would not avoid conflicts, conserve judicial resources, or promote an efficient determination of the action. Moreover, transfer or coordination would substantially prejudice Stembanc and Grabinski.

## Argument

CBR and Sutter incorrectly assert that six actions listed in the Supplemental Notice meet the criterion of Civil Local Rule 3-13(a). Under Civil Local Rule 3-13(a), a party must file a Notice of Pendency of Other Action or Proceeding if an action in this Court "involves all or a material part of the same subject matter *and* all or substantially all of the same parties as another action which is pending in any other federal or state court . . ." Civil Local Rule 3-13(a) (emphasis added). The actions listed in the Supplemental Notice do not satisfy this standard because, as discussed more fully below: (1) PharmaStem Therapeutics, Inc. v. ViaCell, Inc., et al., Civ. A. 02-148 GMS (D. Del., filed on February 22, 2002) ("First Delaware Action") concerns different patents, involves different parties, and has already proceeded to trial; (2) ViaCell, Inc. v. PharmaStem Therapeutics, Inc., Civ. A. No. 04-1335 (D. Del., filed on October 5, 2004) ("Second Delaware Action") involves antitrust allegations and different parties; (3) the four remaining actions involve different parties; and (4) the counterclaims against Stembanc and

Grabinski in this case are distinct and unrelated to any of the other six actions. Therefore, this case should not be transferred or otherwise coordinated.

## I. THE FIRST DELAWARE ACTION INVOLVES DIFFERENT PATENTS AND PARTIES

The First Delaware Action is unrelated to this case and transfer or coordination would be improper. First, the patents at issue in the First Delaware Action are different than those at issue here. The patents at issue in the First Delaware Action are U.S. Patent Nos. 5,004,681 (the "'681 Patent") and 5,192,553 (the "'553 Patent"), whereas the patents at issue in this Action are U.S. Patent Nos. 6,461,645 B1 (the "'645 patent") and 6,569,427 B1 (the "'427 patent"). CBR and Sutter's conclusory assertion that the '681 and '553 patents are the parent patents of the '645 and '427 patents does not change the fact that different patents are being asserted. See Supplemental Notice at 2 n.3. Second, the parties in this case are not substantially the same as the parties in the First Delaware Action. CBR is one of seven defendants in the First Delaware Action and none of the other defendants in the First Delaware Action are parties to this case. Moreover, Sutter, Nicholas Didier ("Didier"), Stembanc, and Grabinski are not parties to the First Delaware Action. Finally, the First Delaware Action has already proceeded to trial. Transfer and coordination would therefore lead to inefficiency. Indeed, coordination pursuant to the Multi-District Litigation Procedures of 28 U.S.C. § 1407 is permitted only for pre-trial proceedings. See 28 U.S.C. § 1407(a). Accordingly, this case is not related to the First Delaware Action under Civil Local Rule 3-13(a) and transfer or coordination of this case pursuant to 28 U.S.C. § 1407 or otherwise would be improper.

## II. THE SECOND DELAWARE ACTION CENTERS AROUND ANTITRUST ALLEGATIONS AND INVOLVES DIFFERENT PARTIES

The Second Delaware Action is also unrelated to this case. First, the causes of action asserted in the Second Delaware Action center around antitrust allegations. Plaintiffs in the Second Delaware Action have asserted causes of action against PharmaStem under the Sherman Act, Lanham Act, Massachusetts unfair competition law, Florida unfair competition law, and Delaware claims for tortious interference with contract and prospective advantageous

1  relationships. The Lanham Act false advertising claim is the only overlapping claim between the
2  Second Delaware Action and the counterclaims asserted in this case. Moreover, with the
3  exception of PharmaStem, none of the parties in the Second Delaware Action are parties in this
4  case. Accordingly, this case is not related to the Second Delaware Action under <u>Civil Local Rule</u>
5  <u>3-13(a)</u>.

6  **III.   THE OTHER FOUR ACTIONS INVOLVE DIFFERENT PARTIES**

7  The four other actions listed in CBR and Sutter's Supplemental Notice involve
8  different parties from this action. None of the defendants in those other four actions are parties
9  in this case. CBR, Sutter, and Grabinski are not parties to any of the other four actions, and
10 Stembanc is a third-party counterclaim defendant only in <u>PharmaStem Therapeutics v. CorCell,</u>
11 <u>Inc., et al.</u>, Civ. A. No. 04-3561 (E.D. Pa., filed on July 28, 2004) ("Pennsylvania Action").

12 None of the thirteen defendants in <u>PharmaStem Therapeutics, Inc. v. Curesource,</u>
13 <u>Inc., et al.</u>, Civ. A. No. SA-CV-04-921 (C.D. Cal., filed on July 28, 2004) ("Central District
14 Action") are parties to this case. CBR, Sutter, Didier, Stembanc, and Grabinski are not parties to
15 the Central District Action.

16 None of the three defendants in the Pennsylvania Action are parties to this case.
17 CBR, Sutter and Grabinski are not parties to the Pennsylvania Action, and Stembanc, a third-
18 party counterclaim defendant, has already filed a motion to dismiss, which is currently pending.

19 Neither of the two defendants in <u>PharmaStem v. Cryo-Cell International, Inc., et</u>
20 <u>al.</u>, Civ. A. No. 04-CV-1740-T-30 (M.D. Fla., filed on July 28, 2004) ("Florida Action") are
21 parties to this case. CBR, Sutter, Stembanc and Grabinski are not parties to the Florida Action.

22 Finally, none of the three defendants in <u>PharmaStem Therapeutics, Inc. v. ViaCell,</u>
23 <u>Inc., et al.</u>, Civ. A. No. 04-CV-11673 (D. Mass., filed on July 28, 2004) ("Massachusetts
24 Action") are parties to this case. CBR, Sutter, Didier, Stembanc, and Grabinski are not parties to
25 the Massachusetts action.

26 Accordingly, none of these actions involve "all or substantially all of the same
27 parties" as the case at bar. <u>See</u> <u>Civil Local Rule</u> 3-13(a). Transfer to or coordination with this
28 case is therefore not appropriate.

## IV. THE COUNTERCLAIMS IN THIS CASE AGAINST STEMBANC AND GRABINSKI ARE DISTINCT

The counterclaims asserted by CBR against Stembanc and Grabinski are distinct from the claims at issue in the other actions. First, as discussed above, Grabinski is not a party to any of the other six actions, and Stembanc is a third-party counterclaim defendant only in the Pennsylvania Action. Therefore, the counterclaims against Stembanc and Grabinski do not involve "all or substantially all of the same parties" as are involved in the other six actions. See Civil Local Rule 3-13(a). Second, CBR's counterclaims against Stembanc and Grabinski in this case are predominantly California causes of action. The only overlapping claim between the counterclaims against Stembanc and Grabinski in this case and the six other actions is the Lanham Act claim asserted against Stembanc in the Pennsylvania Action, and that claim is subject to a currently pending motion to dismiss. The remaining claims in the Pennsylvania Action against Stembanc are based on Pennsylvania state law. Accordingly, the counterclaims against Stembanc and Grabinski do not "involve[] all or a material part of the same subject matter" as is involved in the other six actions identified by CBR and Sutter. See Civil Local Rule 3-13(a).

## V. COORDINATION WOULD PREJUDICE STEMBANC AND GRABINSKI

Because the counterclaims against Stembanc and Grabinski are unique to this case, transfer or other coordination would prejudice Stembanc and Grabinski by forcing them to incur additional expense -- for example, hiring local counsel, complying with the transferee district's local rules, and filing a motion to dismiss for want of jurisdiction over Grabinski in the transferee court.

///
///
///
///

## Conclusion

For the foregoing reasons, the six actions listed in CBR and Sutter's Supplemental Notice are not related to this case under the criterion set forth under Civil Local Rule 3-13(a); transfer or other coordination of these cases would not avoid conflicts, conserve judicial resources, or promote the efficient administrative of this case; and transfer or other coordination would prejudice Stembanc and Grabinski.

Dated: November 12, 2004

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/
Samuel B. Shepherd (Bar No. 163564)
Matthew W. Meskell (Bar No. 208263)
Philip J. Wang (Bar No. 218349)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Attorneys for Stembanc, Inc. and Archibald A. Grabinski