PILLSBURY WINTHROP LLP

2475 HANOVER STREET PALO ALTO, CA 94304-1114 650.233.4500 F: 650.233.4545

November 17, 2004

Chang H. Kim
Phone: 650.233.4776
ckim@pillsburywinthrop.com

**VIA FACSIMILE AND VIA U.S. MAIL**

Ulysses Hui, Esq.
Amy Fox, Esq.
Perkins Coie
101 Jefferson Drive
Menlo Park, CA 94025-1114

    Re:    PharmaStem v. Curesource et al.: Case No. SA-CV-04-921 GLT
              PharmaStem v. CBR et al.: Case No. 04-3072 JSW

Dear Ulysses and Amy:

I write in response to Ulysses's letter to me dated November 12, 2004 and Amy's letter to Peter Nohle dated November 17, 2004, with respect to the Central District of California Action. I also write to confirm my discussion with Ulysses from earlier today regarding the Supplemental Joint Status Report in the Northern District of California Action.

Response to November 12 Letter

On November 8, Ulysses and I discussed at length the Defendant Doctors' request for a stay in the Central District of California Action pending the resolution of Defendant Doctors' Multidistrict Litigation Motion. PharmaStem responded on November 12 stating that it is "still considering your request for PharmaStem to stipulate or otherwise agree to such a stay," but that you desire to participate in an informal settlement conference before deciding whether to agree to a stay. PharmaStem then purports to make a settlement offer to the Defendant Doctors in the November 12 letter.

First, we don't see what relation engaging in settlement discussions has to determining whether to agree to a stay. Settlement discussions can proceed during a stay. One is not related to or dependent on the other. Please advise whether you agree to a stay by next Monday, November 22. If we don't hear from you by then that you agree to a stay, we will seek a stay from the Court.

PILLSBURY WINTHROP LLP

Ulysses Hui, Esq.
Amy Fox, Esq.
November 17, 2004
Page 2

Second, the settlement "offer" you make is the same as PharmaStem's previous requests from the Defendant Doctors to sign the Amnesty Agreement. The Defendant Doctors previously rejected signing the Amnesty Agreement, in light of PharmaStem's and Didier's intimidation and coercion tactics used against them. We will, of course, inform the Defendant Doctors of your purported offer, but we do not believe that it provides the basis for an agreement to resolve this case.

Response to November 17 Letter

Bill Abrams and/or Peter Nohle will be available on Monday, November 22 to meet and confer as requested by Ms. Fox. We expect that you will have a definitive response to the Defendant Doctors' request for a Stay at or before the meet and confer. Please propose a time on Monday for the conference as we will try to accommodate your travel schedule. Also, please direct your response to either Bill Abrams or Peter Nohle as I will be out of the office on Nov. 19 and 22.

Meet and Confer with PharmaStem Regarding Supplemental Joint Status Report

I want to confirm my conversation with Ulysses from this afternoon regarding CBR's request from yesterday morning that your clients join the Supplemental Joint Status Report, which draft was prepared and provided to you yesterday. First, I stated that the parties are required to inform the Court through a Supplemental Joint Status Report of the status of other actions with respect to developments that occur after October 29, 2004 (filing date of the Joint Status Report). The October 5 Order does not prohibit nor discourage the parties from filing a Supplemental Joint Status Report to inform the Court of recent developments. Therefore, we disagree with your statement that the preamble "pursuant to the Court's Order" in the Supplemental Joint Status Report is improper. Nonetheless, I stated that we would remove such language from the Report, although we believe it should be included, if you agree to join the Supplemental Joint Status Report. You stated that you would not agree to joining the Supplemental Joint Status Report even if we removed such language. I stated that we will file the Supplemental Status Report stating that your clients have declined to join.

You also stated that CBR would need to file "something" to the Court if it wanted to inform the Court of the Stay Order in the Florida Action. We intend to file the Stay Order from the Florida Action through a Supplemental Declaration to CBR's Motion to Stay.

60382981V1



Ulysses Hui, Esq.
Amy Fox, Esq.
November 17, 2004
Page 3

                         Sincerely,

                         PILLSBURY WINTHROP LLP

                         Chang H. Kim

60382981V1