IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC. ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> VIACELL, INC. et al. ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 02-148-GMS <br><br> <u>DECLARATION OF TARA ZARM IN SUPPORT OF DEFENDANTS' MOTION FOR CONTEMPT</u> |

I, TARRA ZARM, declare:

1. I am a married, 31 year-old, mother of two children, Riley, who is now 4 weeks old and Samantha, who is now 3 years old. I am a resident of Rhinelander, Wisconsin and am employed as a Family Assistance Center Liaison by the Department of Military Affairs, State of Wisconsin. In addition, I am, and at all relevant times was, a customer of CBR Systems, Inc. ("CBR"). I make this declaration in support of Defendants' Motion for Contempt. The statements in this declaration are of my personal knowledge and are true and correct.

2. During my recent pregnancy, I enrolled with CBR for collection and storage of cord blood to be obtained from my baby in the delivery room.

3. On August 23, 2004, when I was eight months pregnant and in labor, I was apprised by my obstetrician, Dr. Jodelle Bentley ("Dr. Bentley"), that she would not collect cord blood from my baby due to concerns she had over liability for patent infringement as represented in a letter from Nicholas Didier ("Mr. Didier") and PharmaStem Therapeutics, Inc. ("PharmaStem").

4. Because of the exigency of my situation, I obtained Mr. Didier's contact information from his Webpage located on the Internet, and immediately called him to discuss the letter he had sent to Dr. Bentley.

5. During my August 23, 2004 telephone conversation with Mr. Didier, I asked him the basis for his assertion that Dr. Bentley could be liable for patent infringement merely for collecting blood, telling him, "it's just a phlebotomy." In response, Mr. Didier told me that PharmaStem did indeed have a patent on collecting blood. I then asked him what the patent number was, as I was skeptical of his assertion and wanted to read the patent for myself. Mr. Didier became agitated, and did not respond to my question.

6. I then asked Mr. Didier about the injunction that had been issued by this Court, telling him that it was my understanding that he was prohibited from making false statements. Mr. Didier responded, stating that there was nothing misleading about his representations. He further stated that he intends to sue in every state or lots of states, because even if PharmaStem loses in Delaware it would not have any impact in other states.

7. I am very upset by the actions of Mr. Didier and PharmaStem. His actions of sending out repeated letters with misrepresented information created confusion with myself and my OBGYN during a time that should not be confusing or emotional. I was an informed consumer and did many hours of research into companies that offered cord blood banking. My husband and I went with a company that we felt comfortable with. We chose CBR and had everything cleared with our Physician. We could finally relax knowing we made a wise choice. My Physician then informs me that she is receiving letters from Mr. Didier and will not draw the cord blood. To say the least, I was very upset knowing I could go into labor at any time and miss the opportunity to bank my son's cord blood. I now had to spend countless hours with CBR and the legal department through my Physician to clear up this upsetting matter. I am sure I am not the only one this has happened to. I just pray that there are no families that did miss the precious opportunity to bank cord blood because of Mr. Didier's actions.

I declare under penalty of perjury under the laws of the United States and the States of Wisconsin and Delaware that the foregoing is true and correct. Executed at Rhinelander, WI this 16th day of September, 2004.

<u>Signed Electronically, Tara Zarm</u>
Tara Zarm