1  PAUL J. ANDRE, Bar No. 196585
   LISA KOBIALKA, Bar No. 191404
2  PERKINS COIE LLP
   101 Jefferson Drive
3  Menlo Park, CA 94025-1114
   Ph: (650) 838-4300
4  Fx: (650) 838-4350

5  Attorneys for PharmaStem Therapeutics, Inc.

6

7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

SAN FRANCISCO DIVISION

10

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> CORD BLOOD REGISTRY, INC., dba CBR, a California corporation, and SUTTER HEALTH, INC., a California corporation. <br><br> Defendant. | CASE NO. 04-3072 JSW <br><br> PHARMASTEM THERAPEUTICS, INC.'S OPPOSITION TO CBR'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE MULTIDISTRICT LITIGATION MOTION TO TRANSFER FOR CONSOLIDATION AND COORDINATION OF PRETRIAL PROCEEDING IN A SINGLE FORUM |
| CBR SYSTEMS, INC., dba CBR a California corporation <br> Counterclaimant <br> v. <br><br> PHARMASTEM THERAPEUTICS, INC., a Delaware corporation; STEMBANC, INC., a Ohio corporation; NICHOLAS DIDIER; and ARCHIBALD A. GRABINSKI <br><br> Counterdefendants. | |

## INTRODUCTION

Plaintiffs PharmaStem Therapeutics, Inc. ("PharmaStem") and Nicholas Didier ("Mr. Didier") (collectively, "PharmaStem") oppose CBR Systems, Inc.'s ("CBR") motion for the extraordinary relief of a general stay of proceedings pending resolution of a motion before the Judicial Panel on Multidistrict Litigation ("JPML") for the following two reasons: (1) stays of underlying actions are not generally justified by the pendency of a motion before the JPML, and (2) in this case, a stay would prejudice PharmaStem and would not result in the efficient administration of justice.

CBR provided the court with nine pages of briefing, but somehow managed to avoid addressing the simple, central question of whether a stay of this case pending decision by the JPML is warranted. The law on this issue is clear: some issues (specifically *including* motions to dismiss, four of which are pending in this case against CBR) not only *can* be properly resolved while a decision by the JPML is pending, they are *particularly appropriate* for resolution *before* the JPML issues a ruling on transfer. A general stay would prevent this Court from addressing these motions, and would also temporarily halt discovery, scheduling, and case management matters for no good reason at all. This Court should decline to issue a general stay in this case and instead, should decide whether to rule on individual issues that may be inappropriate for decision before the JPML rules regarding transfer if any such issues do, indeed, arise.

## FACTUAL BACKGROUND

There are few (if any) facts which could reasonably be disputed regarding the limited question presented by CBR's motion.[1] PharmaStem brought this suit for patent

---

[1] CBR set forth several pages of allegedly "relevant facts," and although PharmaStem disagrees with most of CBR's characterizations, lengthy discussion of CBR's commentary would not assist the Court in deciding this motion and so is omitted.

PHARMASTEM THERAPEUTICS, INC.'S OPPOSITION TO CBR'S
MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE
MULTIDISTRICTION LITIGATION MOTION TO TRANSFER FOR
CONSOLIDATION AND COORDINATION OF PRETRIAL
PROCEEDINGS IN A SINGLE FORUM
CASE NO. 04-3072 JSW

[40923-0005/BY043360.157]

1  infringement on July 28, 2004. CBR answered PharmaStem's complaint and brought
2  counterclaims against (a) PharmaStem, (b) Mr. Didier (PharmaStem's CEO and President),
3  (c) Stembanc, Inc. ("Stembanc") (a third-party licensee of PharmaStem), and (d) Archibald
4  A. Grabinski (Stembanc's CEO and President) on August 23, 2004. On October 26, 2004,
5  CBR, along with several other interested parties, brought a motion before the JPML
6  seeking to consolidate pretrial proceedings in these various cases to the District Court for
7  the District of Delaware. PharmaStem opposed that motion, and no ruling has issued and
8  no hearing has yet been set before the JPML.

There are several motions pending in this case involving PharmaStem and Mr. Didier which will be fully briefed and ripe for decision before the Court hears this motion. These motions are:

1. PharmaStem's motion to dismiss CBR's First, Second, Third, Fourth, Fifth, and Sixth counterclaims. Docket No. 18.

2. PharmaStem's and Mr. Didier's motion to sever CBR's counterclaims against PharmaStem and Mr. Didier from CBR's counterclaims against Stembanc and Archibald A. Grabinski ("Mr. Grabinski"). Docket No. 21.

3. Mr. Didier's motion to dismiss CBR's counterclaims. Docket No. 23

These motions are scheduled to be heard on January 7, 2004, the same day that this motion is scheduled to be heard. Docket No. 57. In addition, Stembanc and Mr. Grabinski have also filed motions to dismiss CBR's counterclaims, which are scheduled to be heard on January 7, 2004 as well. *See* Docket Nos. 28, 32 and 57. CBR has no motions pending in this case.

## ARGUMENT

**I.   A DISTRICT COURT SHOULD NOT GENERALLY SUSPEND PROCEEDINGS PENDING DECISION ON A MOTION TO TRANSFER BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION.**

The issue raised by CBR's motion is squarely addressed by the Manual for Complex Litigation, Fourth Edition. Regarding how a potential transferor court should proceed in

- 2 -

PHARMASTEM THERAPEUTICS, INC.'S OPPOSITION TO CBR'S
MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE
MULTIDISTRICTION LITIGATION MOTION TO TRANSFER FOR
CONSOLIDATION AND COORDINATION OF PRETRIAL
PROCEEDINGS IN A SINGLE FORUM
CASE NO. 04-3072 JSW

[40923-0005/BY043360.157]

light of a pending petition before the JPML, it states the following:

> The transferor court should not automatically stay discovery [...]. ***Nor should the court automatically postpone rulings on pending motions, or generally suspend further proceedings.***

Manual for Complex Litigation, Fourth § 20.131 (internal citations omitted)(emphasis added). The manual further sets forth specific guidelines for motions to dismiss and other motions raising issues unique to the potential transferor court's case, such as the five motions pending here.

> When notified of the filing of a motion to transfer [...] ***matters such as motions to dismiss*** or to remand, raising issues unique to the particular case, ***may be particularly appropriate for resolution before the Panel acts*** on the motion to transfer."

*Id.* (internal citations omitted)(emphasis added). Here, the motions before this Court include both PharmaStem's and Mr. Didier's and Stembanc's and Mr. Grabinski's motions to dismiss, and PharmaStem's and Mr. Didier's motion to sever. All of these motions undeniably "rais[e] issues unique to [this] particular case" and as such, should not be subject to a general stay. Given that neither CBR nor any other defendant has moved to dismiss any of PharmaStem's claims, it is unsurprising that CBR wishes to stay resolution of PharmaStem's, Mr. Didier's, Stembanc's, and Mr. Grabinski's motions. Its stay request costs CBR nothing, and is self serving as a stay would delay resolution of four separate motions to dismiss CBR's counterclaims, as well as a motion to sever CBR's various counterclaims against Stembanc and Mr. Grabinski from its counterclaims against PharmaStem and Mr. Didier.

A court "must exercise its sound discretion" when deciding whether to issue a stay, stopping the progress of the case. *CMAX, Inc. v. Hall,* 300 F.2d 265 (9th Cir. 1962). That is why in cases involving the JMPL, courts routinely find that while the Court "may decide to await ruling on certain issues that are likely to arise in [...] other actions," there is "no

-3-

PHARMASTEM THERAPEUTICS, INC.'S OPPOSITION TO CBR'S
MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE
MULTIDISTRICTION LITIGATION MOTION TO TRANSFER FOR
CONSOLIDATION AND COORDINATION OF PRETRIAL
PROCEEDINGS IN A SINGLE FORUM
CASE NO. 04-3072 JSW

[40923-0005/BY043360.157]

compelling reason to stay [an] action pending determination by the MDL Panel of the MDL Motion." *Turrett v. JetBlue Airways,* 2003 WL 23171693, *1, *2 (C.D. Cal. 2003).

Thus, while this Court can reasonably decide not to address specific issues pending a decision on transfer by the JPML, it should not issue a general stay. The "mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in the transferor district court and does not in any way limit the jurisdiction of the transferor court to rule upon matters properly presented to it for decision." *In re Air Crash Disaster at Paris, France,* 376 F. Supp. 887, 888 (JPML 1974); 28 U.S.C.A. § 1407.

In other words, the Court should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings simply because one party has made a motion to the JPML for transfer and consolidation. *See id.;* Manual For Complex Litigation, Fourth, § 20.131. To the extent that issues arise that the Court feels should not be ruled upon pending the decision by the JPML, the Court can certainly decide to withhold ruling on those issues on an issue-by-issue basis.

II. **A STAY SHOULD NOT ISSUE IN THIS CASE BECAUSE STAYING THIS CASE WOULD PREJUDICE PHARMASTEM AND MR. DIDIER, WOULD NOT PROMOTE JUDICIAL EFFICIENCY, AND WOULD NOT LESSEN THE BURDEN ON THE PARTIES AND THE COURTS.**

CBR does not address the standard that a Court should use in evaluating whether or not to grant a stay. Upon a motion to stay a pending proceeding, a court must weigh competing interests. *See CMAX,* 300 F.2d at 268. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id., citing Landis v. North American Co.,* 299 U.S. 248, 254-55, (1936).

---
- 4 -

PHARMASTEM THERAPEUTICS, INC.'S OPPOSITION TO CBR'S
MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE
MULTIDISTRICTION LITIGATION MOTION TO TRANSFER FOR
CONSOLIDATION AND COORDINATION OF PRETRIAL
PROCEEDINGS IN A SINGLE FORUM
CASE NO. 04-3072 JSW

[40923-0005/BY043360.157]

1  In this case, it is clear that any inequity in granting a general stay would accrue only against PharmaStem and Mr. Didier (and likely Stembanc and Mr. Grabinski) and would work no hardship on CBR. They have each filed motions to dismiss CBR's counterclaims, and PharmaStem and Mr. Didier have also filed a motion to sever the counterclaims. Docket Nos. 18, 21, 23, 28, and 32. On the other hand, CBR has no pending motions (other than this one) before the Court, and is attempting to avoid rulings on these motions. "[T]he orderly course of justice" would only be complicated by delaying resolution of these matters, as the motions to dismiss will be fully briefed and ready for argument by the time they are heard, and any action on them could only simplify the case if it is, indeed, transferred. While it is unclear when or how the JPML may eventually rule on the motion to transfer, in the meantime, PharmaStem has a right to pursue its action in the forum in which it filed it.

A general stay in this case of, as CBR requests, "initial disclosures, case management conferences, discovery, and motions" is the equivalent of operating with a chainsaw when a scalpel is available. A general stay would serve no purpose at all, other than to delay the ultimate resolution of PharmaStem's infringement claims. Discovery, initial disclosures, and case management conferences could hardly be less appropriate for a motion to stay based on the pending motion before the JPML. Even if the JPML *does* consolidate pretrial proceedings, the case will return to this Court for trial. As to motions, this Court certainly can choose to issue rulings or withhold them on an issue-by-issue basis pending a decision by the JPML on the motion to transfer, where that is appropriate.[2]

---

[2] CBR vaguely refers to the possibility of inconsistent judgments as the basis for a stay, however, the pending motions to dismiss depend largely on 9th Circuit law and the specific facts of this case. As such, rulings on these motions would hardly create the possibility of inconsistent verdicts.

- 5 -
PHARMASTEM THERAPEUTICS, INC.'S OPPOSITION TO CBR'S
MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE
MULTIDISTRICTION LITIGATION MOTION TO TRANSFER FOR
CONSOLIDATION AND COORDINATION OF PRETRIAL
PROCEEDINGS IN A SINGLE FORUM
CASE NO. 04-3072 JSW

[40923-0005/BY043360.157]

### III. A STAY SHOULD NOT ISSUE IN THIS CASE PENDING TRANSFER BECAUSE DELAY OF THESE MATTERS WILL FURTHER OVERBURDEN THE POTENTIAL TRANSFEREE COURT.

CBR and other interested parties have asked to have this case transferred to the Honorable Judge Gregory M. Sleet ("Judge Sleet") in the District of Delaware. CBR spends much of its briefing discussing why that transfer should occur, but ignores several key facts which weigh against transfer. As set forth in greater detail in PharmaStem's briefing in opposition to the motion to transfer and consolidate currently pending before the JPML, although PharmaStem opposes transfer in the first place, if transfer is to occur, the Northern District of California is a better venue for transfer and consolidation of these actions than the District of Delaware.[3]

As recently as November 15, Judge Sleet directed the parties to voluntarily stipulate to a "standstill agreement" with respect to a new action brought in Delaware by CBR and two other parties claiming antitrust violations so that Judge Sleet could direct what he noted were his "limited resources" towards the resolution of still-pending motions from the 2002 Delaware patent infringement action. *See* Kobialka Decl., Exhibit 2 (Transcript of November 15, 2004 hearing before Judge Sleet), *passim*. The clear implication of this action is that Judge Sleet already has a substantial workload attributable to the 2002 Delaware patent infringement action that went to trial and had a jury verdict entered in October of 2003, but still has pending as-yet unresolved post-trial issues. The Delaware Court is also headed into an entirely new trial on infringement of one of the two patents that were at issue there. Judge Sleet has yet to schedule a case management or initial pretrial conference for the new trial. Further adding to Judge Sleet's docket would hardly be in the interests of "expeditious justice," and could constitute unfair delay of the

---

[3] *See* Declaration of Lisa Kobialka, ("Kobialka Decl."), Exhibit 1, filed herewith (Reply to motion to transfer for consolidation and coordination of pretrial proceedings in a single forum).

- 6 -

PHARMASTEM THERAPEUTICS, INC.'S OPPOSITION TO CBR'S
MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE
MULTIDISTRICTION LITIGATION MOTION TO TRANSFER FOR
CONSOLIDATION AND COORDINATION OF PRETRIAL
PROCEEDINGS IN A SINGLE FORUM
CASE NO. 04-3072 JSW

[40923-0005/BY043360.157]

1  conclusion of the 2002 Delaware Action. *See In re Deering Milliken Patent Litigation*,
2  476 F.Supp. 461, 464 (J.P.M.L. 1979) (denying motion to transfer where cases at
3  significantly different stages to avoid delaying earlier case).

## CONCLUSION

For all of the reasons set forth above, PharmaStem respectfully requests that the Court deny CBR's motion to stay proceedings pending resolution of the multidistrict litigation motion to transfer for consolidation and coordination of pretrial proceedings in a single forum.

DATED: December 3, 2004            **PERKINS COIE LLP**


By  /s/
    Paul J. Andre
    Lisa Kobialka
    Attorneys for PharmaStem Therapeutics, Inc.

PHARMASTEM THERAPEUTICS, INC.'S OPPOSITION TO CBR'S
MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE
MULTIDISTRICTION LITIGATION MOTION TO TRANSFER FOR
CONSOLIDATION AND COORDINATION OF PRETRIAL
PROCEEDINGS IN A SINGLE FORUM
CASE NO. 04-3072 JSW

[40923-0005/BY043360.157]