**Westlaw.**

Not Reported in F.Supp.2d  Page 1
2003 WL 23171693 (C.D.Cal.)
**(Cite as: 2003 WL 23171693 (C.D.Cal.))**

H

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
C.D. California.

D. TURRETT, et al.
v.
JETBLUE AIRWAYS

No. CV036785RGK(PLAX).

Dec. 26, 2003.

**Background:** Plaintiffs brought putative class action against airline, alleging violations of state and federal privacy rights. After filing motion to transfer with Judicial Panel on **Multidistrict** Litigation, airline moved to **stay** action or, alternatively, for transfer of action to New York district court.

**Holdings:** The District Court, Klausner, J., held that:
(1) stay was not warranted, and
(2) transfer of action was not warranted.
Motions denied.

West Headnotes

[1] Federal Courts 🗝151
170Bk151 Most Cited Cases
No compelling reason existed to stay consumers' putative class action against airline for alleged violations of state and federal privacy rights pending determination by Judicial Panel on Multidistrict Litigation on transfer motion filed by airline. 28 U.S.C.A. § 1407.

[2] Federal Courts 🗝154
170Bk154 Most Cited Cases
Transfer from California to New York federal district court of putative class action against airline, for alleged violations of state and federal privacy rights, was not warranted when airline had motion for transfer pending before Judicial Panel on Multidistrict Litigation. 28 U.S.C.A. § 1404(a).

Sharon L. Williams, for Plaintiffs.

Stephen Yagman, Marion R. Yagman, Kathryn S. Bloomfield, Joseph Reichmann, Yagman & Yagman & Reichmann & Bloomfield, Venice Beach, CA, for complainant.

Mark Shipow, Holland & Knight, LLP, Los Angeles, CA for defendant.

KLAUSNER, J.

PROCEEDINGS:   (IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO **STAY** ACTION
               PENDING DETERMINATION BY THE JUDICIAL PANEL ON
               **MULTIDISTRICT** LITIGATION OF JETBLUE'S MOTION TO TRANSFER
               (Docket Entry 23)

I. *FACTUAL BACKGROUND*

*1 This is a purported class action brought by Plaintiffs D. Turrett, K. Noble, D. Mattox, and E. Mattox (collectively "Plaintiffs") on behalf of themselves and a putative class of similarly situated persons ("class members") against Defendant JetBlue Airways ("JetBlue") for violation of privacy rights provided to Plaintiffs under state and federal laws.

Plaintiffs allege the following in their Complaint:

In approximately 2001 and 2002, JetBlue violated Plaintiffs' and class members' privacy rights by illegally disclosing personal and private information to Torch Concepts and others. Plaintiffs had a "reasonable expectation" that such information provided to JetBlue by Plaintiffs and the class members would remain private. Plaintiffs further claim that these wrongful acts and violations were concealed from Plaintiffs and the class members until JetBlue made them known in September 2003.

On October 13, 2003, JetBlue filed with the Judicial Panel on Multidistrict Litigation ("MDL Panel") a Motion to Transfer pursuant to 28 U.S.C. § 1407 ("MDL Motion"). It appears that the MDL Panel has yet to issue a decision in the matter. On November 14,

2003, JetBlue filed the Motion to Stay Action, which is currently before this Court. In the alternative, JetBlue requests that this action be transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

II. *JUDICIAL STANDARD*

A. *Motion To Stay*

Upon a motion to stay a pending proceeding, a court must weigh competing interests. See *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962).
> Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.
> *Id.* (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir.1979). A court must exercise its discretion when exercising its power to stay proceedings. See *CMAX, Inc.*, 300 F.2d at 268.

B. *Motion To Transfer*

In deciding whether to grant a motion to transfer pursuant to Section 1404(a), a district court must consider the following: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. See 28 U.S.C. § 1404(a); see also *Kaset v. Molybdenum Corp.*, 408 F.2d 16, 20 (9th Cir.1969). The district court has discretion "to adjudicate motions for transfer according to an individualized case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, 211 F.3d 495, 498 (9th Cir.2000)*. The burden of establishing that an action should be transferred pursuant to Section 1404(a) is on the moving party. See *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270 (9th Cir.1979).

III. *DISCUSSION*

*2 [1] As stated above, JetBlue filed with the MDL Panel a Motion to Transfer pursuant to 28 U.S.C. § 1407. According to Panel Rule 1.5, 199 F.R.D. 425, 427 (2001):
> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

A thorough review of JetBlue's moving papers in support of staying the action has been made. While this Court may decide to await ruling on certain issues that are likely to arise in the other actions, this Court finds no compelling reason to stay the action pending determination by the MDL Panel of the MDL Motion.

[2] Furthermore, given the pending transfer motion before the MDL Panel, this Court also finds no compelling reason at this time to transfer this action to the Eastern District of New York.

IV. *CONCLUSION*

In light of the foregoing, JetBlue's Motion to Stay is DENIED, and JetBlue's Motion to Transfer is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

2003 WL 23171693 (C.D.Cal.)

Motions, Pleadings and Filings (Back to top)

• 2004 WL 868583 (Trial Motion, Memorandum and Affidavit) Defendant Jetblue Airways Corporation's Reply Memorandum of Law in Further Support of Its Motion to Dismiss Plaintiffs' Amended Complaint (Feb. 03, 2004)

• 2004 WL 868582 (Trial Motion, Memorandum and Affidavit) Defendant's Notice of Motion and Motion to Dismiss (Rule 12(B)(6)) Motion for Failure to State A Claim; Motion to Strike (Rule 12(F)); Memorandum of Points and Authorities (Jan. 05, 2004)

• 2:03CV06785 (Docket) (Sep. 22, 2003)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.