1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Samuel B. Shepherd (Bar No. 163564)
2  Matthew W. Meskell (Bar No. 208263)
   Philip J. Wang (Bar No. 218349)
3  555 Twin Dolphin Drive, Suite 560
   Redwood Shores, CA. 94065
4  (650) 801-5000 (Telephone)
   (650) 801-5100 (Facsimile)
5
   Attorneys for Counterclaim Defendants,
6  STEMBANC, INC. and ARCHIBALD A. GRABINSKI

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12 PHARMASTEM THERAPEUTICS, INC., a    ) Case No. C 04-3072 (JSW)
   Delaware corporation,               )
13                                     ) STEMBANC, INC. AND ARCHIBALD A.
              Plaintiff,               ) GRABINSKI'S OPPOSITION TO CORD
14                                     ) BLOOD REGISTRY, INC.'S MOTION TO
       vs.                             ) STAY PROCEEDINGS PENDING
15                                     ) RESOLUTION OF THE MULTI-
   CORD BLOOD REGISTRY, INC., dba CBR, ) DISTRICT LITIGATION MOTION TO
16 a California corporation, and SUTTER ) TRANSFER FOR CONSOLIDATION
   HEALTH, INC., a California corporation, ) AND COORDINATION OF PRETRIAL
17                                     ) PROCEEDINGS IN A SINGLE FORUM
              Defendants.              )
18 _____ ) DATE:    January 7, 2005
   CBR SYSTEMS, INC., dba CBR, a California ) TIME:  9:00 a.m.
19 corporation,                        ) ROOM:    Courtroom 2
                                       ) JUDGE:   Hon. Jeffrey S. White
20            Counterclaimant,         )
                                       )
21     vs.                             )
                                       )
22 PHARMASTEM THERAPEUTICS, INC., a    )
   Delaware corporation; STEMBANC, INC., a )
23 Ohio corporation; NICHOLAS DIDIER; and )
   ARCHIBALD A. GRABINSKI,             )
24                                     )
              Counterdefendants.       )
25 _____ )

26

27

28

50494/25060.9

OPP. TO STAY MOTION
Case No. C 04-3072 JSW

**TABLE OF CONTENTS**

Page

Summary of Argument ............................................................. 1

Statement of Issues to be Decided ............................................. 2

Statement of Facts ................................................................. 2

Standards Governing Motions to Stay ........................................ 6

Argument .............................................................................. 7

I.  THE TORT CLAIMS SHOULD NOT BE STAYED ..................... 7

   A.  CBR Did Not Address the Tort Claims Against Stembanc and Grabinski ...... 8

   B.  A Stay of the Tort Claims Against Stembanc and Grabinski Is Unwarranted .......... 9

      1.  Proceeding on the Tort Claims would promote judicial efficiency ...... 9

      2.  The balance of hardships weighs against staying the Tort Claims ..... 11

II. IF THE TORT CLAIMS ARE STAYED, THE MOTIONS TO DISMISS FILED BY STEMBANC AND GRABINSKI SHOULD STILL BE RESOLVED ............... 13

Conclusion ........................................................................... 14

**TABLE OF AUTHORITIES**

Page

**CASES**

Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft
    54 F. Supp. 2d 1042 (D. Kan. 1999) .................................................. 11, 13

CMAX, Inc. v. Hall
    300 F. 2d 265 (9th Cir. 1962) ............................................................... 6

Coastal Abstract Service, Inc. v. First American Title Ins. Co.
    173 F.3d 725 (9th Cir. 1999) ............................................................... 10

Crawford v. Bell
    599 F.2d 890 (9th Cir. 1979) ............................................................... 12

Gulf Oil v. Gilbert
    330 U.S. 501 (1947) ............................................................................ 11

In re Lal
    No. 01-1507 VRW, 2002 WL 449661 (N.D. Cal. 2002) ...................... 9

Kohl v. American Home Products, Corp.
    78 F. Supp. 2d 885 (W.D. Ark. 1999) ................................................ 11

Landis v. North American Co.
    299 U.S. 248 (1936) ......................................................................... 6, 8

Lentini v. California Center For the Arts, Escondido
    370 F.3d 837 (9th Cir. 2004) ............................................................... 9

Lloyd v. Cabell Huntington Hospital, Inc.
    58 F. Supp. 2d 694 (S.D. W.Va. 1999) .............................................. 13

Moore v. Wyeth-Ayerst Laboratories
    236 F. Supp. 2d 509 (D. Md. 2002) ..................................................... 7

Organon Teknika Corp. v. Hoffman-La Roche, Inc., et al.
    No. 1:95CV00865, 1997 U.S. Dist. LEXIS 3798 (M.D. N.C. 1997) ... 8

Rockwell Technologies, LLC v. Spectra-Physics Lasers, Inc.
    No. 00-589 GMS, 2002 WL 531555 (D. Del. 2002) ........................... 9

Sandoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc.
    902 F.2d 222 (3d Cir. 1990) ............................................................... 10

Sitka Sound Seafoods, Inc. v. N.L.R.B.
    206 F.3d 1175 (D.C. Cir. 2000) ........................................................... 9

Smith v. Mail Boxes Etc., USA, Inc.
    191 F. Supp. 2d 1155 (E.D. Cal. 2002) .............................................. 13

Tortola Restaurants, L.P. v. Kimberly-Clark, Inc.
    987 F. Supp. 1186 (N.D. Cal. 1997) .................................................. 7

Turrett v. JetBlue Airways
    No. CV036785 RGK (PLAX), 2003 WL 23171693 (C.D. Cal. Dec. 26, 2003) ..... 6, 7

Yamaha Hatsudoko Kabushiki Kaisha v. Bombardier, Inc.
    60 U.S.P.Q. 2d 1541 (C.D. Cal. 2001) .............................................. 12

**STATUTES**

28 U.S.C. § 1407 ........................................................................ 1, 2, 6, 8, 12

**OTHER AUTHORITIES**

Federal Judicial Center, Manual for Complex Litigation (4th ed. 2004) ................. 13

Rule of Procedure of the Judicial Panel on Multidistrict Litigation 1.5 ................. 6, 8

## Summary of Argument

Third-party counterclaim defendants Stembanc, Inc. ("Stembanc") and Archibald A. Grabinski ("Grabinski") oppose Cord Blood Registry, Inc.'s ("CBR") request for a stay of all proceedings in this action. CBR contends the stay is necessary because it has filed a request for transfer pursuant to the Multi-District Litigation procedures of 28 U.S.C. § 1407 ("MDL Motion"), but CBR's motion for a stay ("Stay Motion") offers no argument explaining why the transfer request necessitates a stay of CBR's counterclaims against Stembanc and Grabinski. Those counterclaims are unlikely to be coordinated or transferred and a stay as to those claims would waste judicial resources. Moreover, a stay would prejudice Stembanc and Grabinski but denial of a stay would not harm CBR at all. Accordingly, Stembanc and Grabinski request that this Court separate and exclude from any stay order the proceedings related to CBR's counterclaims against Stembanc and Grabinski.

The party requesting a stay must demonstrate that the stay will promote judicial efficiency and that the harm a denial of the stay would cause outweighs the harm that might flow from granting the stay. Despite this burden, CBR's Stay Motion offers no argument whatsoever concerning CBR's counterclaims against Stembanc and Grabinski ("Tort Claims"). On that basis alone, the request for a stay should be denied as to the Tort Claims.

Had CBR addressed the Tort Claims, however, it would have become clear that a stay as to those claims is not warranted. The Tort Claims are likely to be separated from any transfer order issued by the Judicial Panel on Multi-District Litigation because those claims involve distinct factual and legal issues. Forcing CBR to litigate the Tort Claims in a timely fashion would therefore not risk inconsistent rulings or duplicative judicial efforts. Furthermore, a stay of the Tort Claims would subject Stembanc and Grabinski to unnecessary litigation and expense while a denial of the stay would simply force CBR to litigate its claims.

If this Court does issue a stay as to the Tort Claims, then Stembanc and Grabinski respectfully request that their motions to dismiss be resolved first. Ruling on the motions to dismiss would promote judicial economy by eliminating extraneous issues and parties and would not prejudice CBR.

**Statement of Issues to be Decided**

1.  Should this Court stay the proceedings related to CBR's counterclaims against Stembanc and Grabinski pending resolution of CBR's request to transfer this action pursuant to the Multi-District Litigation procedures of 28 U.S.C. § 1407?

2.  Assuming the proceedings related to CBR's counterclaims are stayed, should this Court nonetheless resolve the motions to dismiss filed by Stembanc and Grabinski?

**Statement of Facts**

Stembanc is an Ohio corporation with its principal place of business in Chardon, Ohio. It provides collection, processing, and cryopreservation services for stem cells obtained from the umbilical cord and placental blood of a newborn child for the future potential benefit of the child (autologous banking) or for first-degree relatives, such as a sibling or parent. Archibald A. Grabinski ("Grabinski") is a resident of Ohio and has served as the Chief Operating Officer of Stembanc since the company's inception. CBR is a California corporation with its principal place of business in San Bruno, California, and describes itself as "engaged in the business of storage or banking of umbilical cord blood, collected at the birth of an infant." Answer and Counterclaims ("Counterclaims") ¶ 9. PharmaStem Therapeutics, Inc. ("PharmaStem") is a Delaware corporation with its principal place of business in Larchmont, New York, and is the owner of U.S. Patents Nos. 5,004,681 B1 (the "'681 Patent"); 5,192,553 (the "'553 Patent"); 6,461,645 B1 (the "'645 Patent"); and 6,569,427 B1 (the "'427 Patent"), among others. In 2003, Stembanc obtained a license to practice the teachings contained in PharmaStem's patents.

PharmaStem has brought six actions for infringement of its patents against various parties, including CBR, and is the defendant in an antitrust suit premised on the misuse of one or more of those patents (collectively, "Patent Litigations"). The Patent Litigations are outlined in the MDL Motion, which CBR has attached as an exhibit to its Stay Motion. See Stay Motion, Exs. 1 & 2. For the convenience of the Court, however, a brief summary of each action comprising the Patent Litigations follows.[1]

---

[1] The text for these summaries derives predominantly from the Joint Status Report that (continued...)

1    <u>PharmaStem Therapeutics, Inc. v. ViaCell, Inc., et al.</u>, Civ. Case No. 02-148 GMS (D. Del.), filed on February 22, 2002 ("Delaware Action"). PharmaStem brought the Delaware Action for infringement of the '681 and '553 Patents against various defendants, including CBR. A jury found that CBR had willfully infringed the '681 and '553 Patents. On post-trial motions, however, Judge Sleet ruled that the '553 Patent was not infringed as a matter of law and granted a new trial regarding the '681 Patent. Neither Stembanc nor Grabinski is a party to the Delaware Action.

<u>PharmaStem Therapeutics, Inc. v. ViaCell, Inc., et al.</u>, Civ. Case No. 04-11673 RWZ (D. Mass.), filed on July 28, 2004 ("Massachusetts Action"). PharmaStem brought the Massachusetts Action for infringement of the '645 and '427 Patents. Neither CBR, Stembanc, nor Grabinski is a party to the Massachusetts Action.[2]

<u>PharmaStem Therapeutics, Inc. v. Cryo-Cell International, Inc., et al.</u>, Civ. Case No. 04-01740 JSM TGW (M.D. Fla.), filed on July 28, 2004 ("Florida Action"). PharmaStem brought the Florida Action for infringement of the '645 and '427 Patents. The defendants have answered and asserted counterclaims against PharmaStem and Nicholas Didier ("Didier"). Neither CBR, Stembanc, nor Grabinski is a party to the Florida Action.

<u>PharmaStem Therapeutics, Inc. v. CureSource, Inc., et al.</u>, Civ. Case No. 04-00921 GLT AN (C.D. Cal.), filed on August 2, 2004 ("Central California Action"). PharmaStem brought the Central California Action for infringement of the '681, '645 and '427 Patents. Neither CBR, Stembanc nor Grabinski is a party to the Central California Action.

---

[1] (...continued) the parties submitted on October 29 pursuant to this Court's Order.

[2] As of December 3, no answer or counterclaims appear on the Massachusetts district court's electronic docket sheet. <u>See</u> Declaration of Philip J. Wang In Support of Stembanc, Inc.'s and Archibald A. Grabinski's Opposition to CBR's Motion to Stay Proceedings ("Wang Decl.") at ¶ 2, Ex. A.

<u>ViaCell, Inc., et al. v. PharmaStem Therapeutics, Inc.</u>, Civil Action No. 04-1335-GMS (D. Del.), filed October 5, 2004 ("2004 Delaware Action").[3] Plaintiffs brought the 2004 Delaware Action against PharmaStem alleging, <u>inter alia</u>, violations of the federal anti-trust laws, federal unfair competition, unfair trade acts pursuant to Massachusetts and Florida statutory law, and common law torts. Neither CBR, Stembanc, nor Grabinski is a party to the 2004 Delaware Action.

<u>PharmaStem Therapeutics, Inc. v. CorCell, Inc., et al.</u>, Civil Action No. 04-03561 RK (E.D. Pa.), filed on July 28, 2004 ("Pennsylvania Action"). PharmaStem brought the Pennsylvania Action for infringement of the '645 and '427 Patents against CorCell, Inc. ("CorCell"), Molly McBride, M.D., and Carlo M. Croce, M.D. The defendants have answered and asserted counterclaims against PharmaStem and Didier. CorCell also purportedly named Stembanc as a third-party counterclaim defendant without obtaining leave of court. Stembanc has moved to dismiss all claims against it and that motion is currently pending before the court. Neither CBR nor Grabinski is not a party to the Pennsylvania Action.

<u>PharmaStem Thereapeutics, Inc. v. Cord Blood Registry, Inc., et al.</u>, Civil Action No. 04-3072 JSW (N.D. Cal.), filed July 28, 2004 ("Northern California Action"). PharmaStem brought an action in this Court for infringement of the '645 and '427 Patents against CBR and Sutter Health, Inc. The defendants have answered. CBR has asserted counterclaims against PharmaStem and Didier and they have filed motions to dismiss. CBR also purported to join Stembanc and Grabinski as third-party counterclaim defendants. Stembanc and Grabinski have moved to dismiss all claims against them, CBR filed its oppositions on November 19 and November 22, and a hearing is scheduled for January 7, 2005.

As noted above, Stembanc and/or Grabinski have been purportedly named as third-party counterclaim defendants in the Pennsylvania Action and in the instant lawsuit, although in neither case did the counterclaimants obtain leave to join Stembanc and Grabinski.

---

[3] This summary is derived from PharmaStem Therapeutics, Inc.'s Opposition to CBR's Supplemental Notice of Pendency of Other Action of [sic] Proceeding Pursuant to L.R. 3-13(c).

In both actions, the counterclaims involving Stembanc and Grabinski are based on a handful of statements that Stembanc allegedly made. In the Pennsylvania Action, CorCell alleged violation of section 43(a) of the Lanham Act ("Section 43(a)") and asserted two claims that purportedly sound under Pennsylvania's common law. See Wang Decl., Ex. C at 14-16 ¶¶ 28-46 (CorCell Counterclaims). In this action, CBR alleged a Section 43(a) violation and asserted five claims under California law. See Counterclaims at 18-21 ¶¶ 36-61. All of these claims are meritless because the statements on which they are based are not actionable as a matter of state and federal law.

       Stembanc and Grabinski have attempted to resolve CBR's claims without further litigation, but the CBR has refused even to discus settlement, despite numerous requests for such discussions. See Declaration of Philip J. Wang In Support of Stembanc's and Grabinski's Opposition to CBR's Motion to Stay ("Wang Decl."), Exs. D, E, F. (Letters re settlement). Consequently, Stembanc and Grabinski have been forced to file motions to dismiss CBR's counterclaims for failure to state a claim on which relief may be granted. Grabinski also moved to dismiss for want of jurisdiction over his person in California. The motions to dismiss filed in the instant action are set to be heard on January 7, 2005. See Order Re: 1. CBR's Motion to Shorten Time; and 2. Stembanc, Inc.'s and Archibald A. Grabinski's Miscellaneous Administrative Request at 3.

       On October 26, 2004, after Stembanc and Grabinski had filed their motions to dismiss in this action and after Stembanc had filed its motion to dismiss in the Pennsylvania Action, CBR and other parties involved in the Patent Litigations filed the MDL Motion requesting the transfer of the Patent Litigations to the United States District Court for the District of Delaware for coordinated pre-trail proceedings before Judge Sleet. See Stay Motion, Exs. 1 & 2. The MDL Motion did not discuss the CBR's counterclaims against Stembanc and Grabinski in this action ("Tort Claims") nor did it address the claims asserted against Stembanc in the Pennsylvania Action. See id. Concurrently with the MDL Motion, CBR filed the instant request for a stay of all proceedings in this action ("Stay Motion") pending resolution of the MDL

1  Motion. On November 22, 2004, Stembanc and Grabinski filed an Opposition to the MDL
2  Motion, requesting that the Judicial Panel on Multi-District Litigation ("Panel") separate and
3  sever from any transfer order all claims asserted against Stembanc and Grabinski because those
4  claims involve distinct issues of law and fact and transfer would unnecessarily burden Stembanc
5  and Grabinski. See Wang Decl. Ex. G ("Opp. to MDL Motion"). On November 30, the parties
6  who had joined in the MDL Motion filed a joint reply. See Wang Decl., Ex. H (Reply In Support
7  of MDL Motion). The reply again failed to address either the Tort Claims asserted against
8  Stembanc and Grabinski in this action or the claims lodged against Stembanc in the Pennsylvania
9  action, except in passing in one footnote. See Wang Decl., Ex. H at 8 n.8.

### Standards Governing Motions to Stay

11  When a party requests that "a pending proceeding be stayed, the competing
12  interests which will be affected by the granting or refusal to grant a stay must be weighed."
13  CMAX, Inc. v. Hall, 300 F. 2d 265, 268 (9th Cir. 1962); Turrett v. JetBlue Airways, No.
14  CV036785 RGK (PLAX), 2003 WL 23171693, at *1 (C.D. Cal. Dec. 26, 2003) (citing CMAX).
15  The determination to grant or deny a stay is within the discretion of the court, but the Ninth
16  Circuit has held that the interests to be considered include "the possible damage which may result
17  from granting the stay, the hardship or inequity which a party may suffer in being required to go
18  forward, and the orderly course of justice measured in terms of the simplifying or complicating
19  of issues, proof, and questions of law which could be expected to result from a stay." CMAX,
20  300 F. 2d at 268 (citing Landis v. North American Co., 299 U.S. 248, 255 (1936)). Moreover,
21  when it appears that "there is even a fair possibility that the stay . . . will work damage to some
22  one else," the moving party "must make out a clear case of hardship or inequity in being required
23  to go forward . . . ." Landis, 299 U.S. at 255. Pendency of a motion requesting transfer pursuant
24  to the Multi-District Litigation procedures of 28 U.S.C. § 1407 does not alter these requirements
25  or suspend proceedings in the district court. See Rule of Procedure of the Judicial Panel on
26  Multidistrict Litigation ("JPML Rules") 1.5 ("[t]he pendency of a motion . . . before the Panel
27  concerning transfer . . . of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend
28

orders and proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court"); Tortola Restaurants, L.P. v. Kimberly-Clark, Inc., 987 F. Supp. 1186, 1188 (N.D. Cal. 1997) ("A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed"); Turrett, 2003 WL 23171693, at *2 ("[T]his Court finds no compelling reason to stay the action pending determination by the MDL Panel of the MDL Motion").[4]

## Argument

### I.    THE TORT CLAIMS SHOULD NOT BE STAYED

CBR bears the burden of establishing that a stay is warranted. Despite this burden, CBR makes no argument explaining why the proceedings related to the Tort Claims against Stembanc and Grabinski should be stayed. On that basis alone, therefore, CBR has failed to establish it is entitled to a stay of those proceedings. If CBR had addressed the Tort Claims, however, it would have become clear that none of the arguments CBR proffers in support of its request for a stay applies to the those claims. The Tort Claims present issues of fact and law distinct from the Patent Litigations that are the true subject of CBR's MDL Motion and stay request. Consequently, directing CBR to prosecute the Tort Claims would not risk inconsistent rulings or duplicative judicial efforts. Furthermore, Stembanc and Grabinski would be prejudiced by a stay, whereas CBR has identified no harm that it would suffer from being forced to proceed on the Tort Claims.

---

[4] CBR cites Moore v. Wyeth-Ayerst Laboratories, 236 F. Supp. 2d 509, 511 (D. Md. 2002) for the proposition that "[t]he MDL Panel has held that a district court has the authority to wait for a transfer order without ruling on a motion." Stay Motion at 8. In fact, the court actually highlighted that "[t]he Judicial Panel on Multidistrict Litigation has held that a district court judge has the authority to either wait for a transfer order without ruling on a motion to remand, or to rule on the motion before a transfer order has been issued." Id. at 511 (emphasis added).

A.  **CBR Did Not Address the Tort Claims Against Stembanc and Grabinski**

It is well-settled that the moving party must establish the need for a stay and make out a clear case that the balance of hardships weighs in favor of the stay. See Landis, 299 U.S. at 255. The pendency of a request for transfer pursuant to the Multi-District Litigation procedures of 28 U.S.C. § 1407 does not alter this burden. See JPML Rule 1.5.

Despite this clear requirement, CBR simply does not address in the Stay Motion why a stay with respect to the Tort Claims is necessary. Instead, CBR gives a lengthy procedural account detailing the various actions comprising the Patent Litigations, identifying which patents PharmaStem has asserted in each and describing the alleged overlaps between the claims of PharmaStem's patents. See Stay Motion at 1-6. CBR notes that Judge Sleet of the U.S. District Court for the District of Delaware has indicated he is familiar with PharmaStem's patents and PharmaStem's allegedly false advertising regarding those patents.[5] See id. at 7 n.4, 8. CBR argues a stay is necessary to prevent inconsistent rulings that might result if various district courts conduct parallel claim constructions of PharmaStem's patents. See id. at 8-9. Finally, the motion concludes with a cursory paragraph announcing that "counterdefendants" -- a term CBR presumably means to include Stembanc and Grabinski, although they are never individually discussed -- will suffer no harm from a stay. See id. at 9. Aside from mentioning Stembanc and Grabinski in passing in its statement of facts, therefore, CBR's Stay Motion simply does not address the distinct issues involved in the Tort Claims nor the hardships a stay would pose for Stembanc and Grabinski. Accordingly, CBR has failed to meet its burden of establishing the necessity of a stay, and on that basis alone, its motion should be denied as to any proceedings related to the Tort Claims. See e.g. Organon Teknika Corp. v. Hoffman-La Roche, Inc., et al., No. 1:95CV00865, 1997 U.S. Dist. LEXIS 3798, at *8 (M.D. N.C. 1997) (staying action as to

---

[5] CBR claims without citation to the record that "[e]ven certain Counterdefendants concede in their motion to dismiss papers that CBR's counterclaims subject to those motions should be addressed by the Delaware District Court." Stay Motion at 7. Stembanc and Grabinski have never made such a concession. In any event, the Tort Claims are predominated by California law and neither those claims nor Stembanc or Grabinski has been before Judge Sleet. See Wang Decl., Ex. G at 11-12 (Opp. to MDL Motion).

50494/25060.9

OPP. TO STAY MOTION
Case No. C 04-3072 JSW

8

one patent but denying stay for remainder of the case because "[Movants] have not shown enough evidence of a substantial overlap nor how the outcome of the [parallel proceeding] will have an effect on this case").[6]

### B. A Stay of the Tort Claims Against Stembanc and Grabinski Is Unwarranted

If CBR had addressed the Tort Claims, however, it would have become clear that none of the arguments CBR has offered in favor of a stay applies to those claims.

#### 1. Proceeding on the Tort Claims would promote judicial efficiency

CBR contends that this Court should stay the instant action "to avoid wasting this Court's resources and time because if the MDL Motion is granted, there may be inconsistent rulings and duplicative efforts by the different courts." Stay Motion at 8. These concerns simply do not apply to the Tort Claims against Stembanc and Grabinski because the Tort Claims involve distinct factual and legal issues.

That the Tort Claims present distinct issues cannot seriously be disputed. Stembanc is a licensee of PharmaStem's and has a license to practice the teachings contained in PharmaStem's patent portfolio. PharmaStem has never alleged, nor could it allege, that either Stembanc or Grabinski infringed any of those patents. Obviously, as a licensee, Stembanc has not alleged that any of PharmaStem's patents is invalid or unenforceable. Therefore, none of the patent issues dominating the Patent Litigations involves Stembanc or Grabinski at all.

---

[6] CBR ought not be permitted to offer on reply any new arguments regarding the Tort Claims because such "sandbagging" would severely prejudice Stembanc and Grabinski, as recognized by Judge Sleet, the very judge to whom CBR seeks to transfer the Patent Litigations. See Rockwell Technologies, LLC v. Spectra-Physics Lasers, Inc., No. 00-589 GMS, 2002 WL 531555, at *3 (D. Del. 2002) ("Rockwell's tactic of reserving new arguments for its reply brief amounts to impermissible 'sandbagging'") (citations omitted); see also In re Lal, No. 01-1507 VRW, 2002 WL 449661, at *3 (N.D. Cal. 2002) ("Advancing new arguments in a reply brief is improper . . . because [movant] did not raise theses [sic] issues in his opening brief, they are waived"); Lentini v. California Center For the Arts, Escondido, 370 F.3d 837, 843 n.6 (9th Cir. 2004) (same); Sitka Sound Seafoods, Inc. v. N.L.R.B., 206 F.3d 1175, 1181 (D.C. Cir. 2000) ("In order to prevent 'this sort of sandbagging of appellees and respondents, we have generally held that issues not raised until the reply brief are waived'").

Furthermore, the Tort Claims do not overlap with the causes of action brought against PharmaStem in the Florida, Pennsylvania, and 2004 Delaware Actions based on PharmaStem's alleged patent misuse and false advertising. Stembanc is a licensee of PharmaStem's patents. There is no allegation in any of the complaints in any of the cases subject to the MDL Motion suggesting that Stembanc or Grabinski is responsible for PharmaStem's statements or actions. As for the 2004 Delaware Action, neither Stembanc nor Grabinski has ever been named as a party to that action -- even after the plaintiffs amended the complaint -- and nowhere in the 143 paragraphs of the complaint dedicated to PharmaStem's statements and actions is Stembanc or Grabinski mentioned. See Wang Decl., Ex. I (2004 Delaware Action Amended Complaint).

Finally, to the extent the Tort Claims against Stembanc and Grabinski in this action present any common issue with the claims against Stembanc in the Pennsylvania Action, those overlaps do not warrant a stay. First, many of the statements that CorCell, in the Pennsylvania Action, accuses Stembanc of making differ from the statements that CBR, in this action, accuses Stembanc and Grabinski of making. Second, two of the three claims against Stembanc in the Pennsylvania action purportedly sound in the common law of Pennsylvania. See Wang Decl., Ex. C at 14-16 (CorCell Counterclaims). Conversely, five out of six of CBR's Tort Claims against Stembanc and Grabinski purportedly sound in California law. See Counterclaims at 18-21 ¶¶ 36-59. In fact, the only claim in common between the Pennsylvania Action and the Tort Claims in this action is a claim for false advertising under section 43(a) of the Lanham Act. There is, however, little risk that the two Lanham Act claims would result in inconsistent rulings because the law is absolutely clear, both in the Third Circuit and in the Ninth Circuit, that Stembanc's statements are not subject to liability under the Lanham Act. See, e.g., Coastal Abstract Service, Inc. v. First American Title Ins. Co., 173 F.3d 725, 731 (9th Cir. 1999); Sandoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc., 902 F.2d 222, 232 (3d Cir. 1990).

Because the Tort Claims involve distinct issues, there is no risk that proceeding on those claims would result in inconsistent rulings or duplicative efforts. In fact, allowing the

1  Tort Claims to proceed in this Court would promote judicial economy because this Court is best
2  equipped to resolve questions of California law -- the law that will govern the Tort Claims even
3  if the Panel transfers those claims to Delaware, as CBR has requested. See, e.g., Gulf Oil v.
4  Gilbert, 330 U.S. 501, 509 (1947), superceded by statute on other grounds ("There is an
5  appropriateness, too, in having the trial of a diversity case in a forum that is at home with the
6  state law that must govern the case, rather than having a court in some other forum untangle
7  problems in conflict of laws, and in law foreign to itself"); Aetna U.S. Healthcare, Inc. v.
8  Hoechst Aktiengesellschaft, 54 F. Supp. 2d 1042, 1048 (D. Kan. 1999) ("[n]o great judicial
9  economy will be realized from a delay . . . [t]he Court is well versed in both Kansas and federal
10  law, while the transferor [sic] court would need to apply the law of different states to different
11  claims"); Kohl v. American Home Products, Corp., 78 F. Supp. 2d 885, 888 (W.D. Ark. 1999)
12  ("uniformity in the handling of the diet drug cases [consolidated under MDL Procedures] will not
13  be compromised by deciding a unique question wholly dependent on the law of the State of
14  Arkansas").[7]

15              2.      The balance of hardships weighs against staying the Tort Claims
16              CBR asserts that "there is no prejudice to the Counterdefendants caused by the
17  stay because the pending motions will be adequately addressed after the stay is lifted." Stay
18  Motion at 8. That assertion ignores the burden imposed on Stembanc and Grabinski from being
19  forced to litigate numerous issues not dispositive of the Tort Claims until they have defeated
20  CBR's claims. For example, since Stembanc and Grabinski filed their motions to dismiss with

---

[7] CBR has submitted a supplemental declaration that highlights an order in the Florida Action granting a stay of proceedings. See Supplemental Declaration of Chang H. Kim in Support of CBR Systems, Inc.'s Motion to Stay Proceedings ("Supp. Kim Decl.") Exhibit 3 (Order). That stay is irrelevant to CBR's instant request. First, the stay was issued because "[t]he Court believes that one court should construe the patents to maintain judicial economy." Wang Decl., Ex. B (Clerk's Minutes). As discussed above, that concern is irrelevant to the Tort Claims because they do not involve the construction of PharmaStem's patents. Second, neither Stembanc nor Grabinski nor CBR is a party to the Florida Action. Finally, the Florida Action involves only the plaintiff and defendants, not third parties. Conversely, in this action, CBR has improperly asserted claims against Stembanc and Grabinski and will continue to harass them until those claims are defeated.

1  this Court, they have already been forced to oppose the MDL Motion, this Stay Motion, CBR's
2  and Sutter's Supplemental Notice of Pendency of Other Action or Proceeding, and CBR's
3  Expedited Motion to Enlarge Counterdefendants' Hearing Dates and Briefing Schedule Pending
4  Resolution of CBR's Motion To Stay Proceedings. Already, Stembanc and Grabinski have begun
5  making arrangements for participating in oral argument before the Panel. If this case were stayed
6  and the Tort Claims eventually transferred to Delaware, Grabinski and Stembanc would then
7  incur yet more expense -- for example, hiring local counsel and complying with Delaware local
8  rules -- all before they have a chance to proceed on any of the claims asserted against them.
9         In contrast to the hardship a stay would impose on Stembanc and Grabinski, CBR
10 has not identified any harm it would suffer if the Tort Claims are allowed to proceed. CBR
11 claims that a stay would "lessen the burden on the parties and the courts imposed by proceeding
12 in the several jurisdictions." Stay Motion at 8. As discussed above, however, the Tort Claims
13 involve distinct issues of law and fact not at issue in other actions. Moreover, CBR's claims of
14 burden are overblown. It is a party only in two of the actions that are subject to the MDL
15 Motion: this action and the Delaware Action. And, in any event, the Delaware Action is
16 unlikely to be consolidated because it is already in post-trial proceedings; the Multi-District
17 Litigation procedures permit coordination only for pre-trial proceedings. See 28 U.S.C.
18 § 1407(a). Accordingly, CBR will not be burdened by litigating the claims that it itself decided
19 to bring against Stembanc and Grabinski well after the Delaware Action had begun.[8]

---

[8] CBR's citations to Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979) and Yamaha Hatsudoko Kabushiki Kaisha v. Bombardier, Inc., 60 U.S.P.Q. 2d 1541 (C.D. Cal. 2001) are not to the contrary. See Stay Motion at 7. In Yamaha, the court refused to enjoin a proceeding before the U.S. International Trade Commission involving the same parties and eleven of the patents currently being litigated before that court. See Yamaha at 1153. In Crawford, the court dismissed plaintiff's claim because the exact same claim was being asserted in a class action in which the plaintiff was a member of the class. See Crawford at 893. Here, the Tort Claims present distinct issues that are not being dealt with elsewhere.

## II. IF THE TORT CLAIMS ARE STAYED, THE MOTIONS TO DISMISS FILED BY STEMBANC AND GRABINSKI SHOULD STILL BE RESOLVED

Even if the Court grants CBR's Stay Motion in its entirety, the Court should first resolve Stembanc's and Grabinski's motions to dismiss. It is well-established that jurisdictional issues and motions to dismiss raising issues particular to the case should be resolved before issuing a stay. See Smith v. Mail Boxes Etc., USA, Inc., 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) ("In circumstances where the jurisdiction of the court is at issue, several courts have determined that jurisdictional issues should be resolved before the court determines if a stay [pending resolution of a MDL motion] is appropriate") (collecting cases); Federal Judicial Center, Manual for Complex Litigation at 221 (4th ed. 2004) ("[w]hen notified of the filing of a transfer [pursuant to 28 U.S.C. § 1407]. . . matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer"). Indeed, at least one court has held that it cannot stay a proceeding over which it does not have jurisdiction. See Lloyd v. Cabell Huntington Hospital, Inc., 58 F. Supp. 2d 694, 696 (S.D. W.Va. 1999) ("This Court cannot, however, stay proceedings [pending resolution of a MDL motion] in an action over which it lacks jurisdiction"). Because the motions to dismiss filed by Stembanc and Grabinski raise jurisdictional issues and matters of California law particular to this action, those motions should be resolved before any stay issues.

In addition, prompt resolution of those motions would foster judicial economy by weeding out extraneous parties and issues. See, e.g. Aetna, 54 F. Supp. 2d at 1048 ("For purposes of judicial economy, the jurisdictional issue should be resolved immediately"). Moreover, this Court has already indicated it has examined the motions to dismiss, at least quickly. See Order Requiring Joint Status Report at 1. Forcing another court to repeat that work would be a waste of resources. Finally, prompt resolution of the motions would protect Stembanc and Grabinski from further unnecessary expense. The Tort Claims are without merit. Despite Stembanc's and Grabinski's requests for informal resolution, including mediation, CBR has refused even to discuss settlement and has consistently stonewalled Stembanc's attempts to

1  expedite this litigation. See Wang Decl. Ex. D, E, F. (Ltrs. Re settlement). It strongly appears
2  that CBR is more interested in harassing Stembanc and Grabinski than in pursuing legitimate
3  claims. Therefore, Stembanc and Grabinski need the protection of a quick resolution.

### Conclusion

5  For the foregoing reasons, CBR's Motion to Stay should be denied as to the Tort
6  Claims, or, alternatively, Stembanc and Grabinski respectfully request that this Court resolve
7  their motions to dismiss before any stay issues.

9  Dated: December 3, 2004

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP


By_____/s/_____
Samuel B. Shepherd (Bar No. 163564)
Matthew W. Meskell (Bar No. 208263)
Philip J. Wang (Bar No. 218349)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Attorneys for Stembanc, Inc. and Archibald A. Grabinski