QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Samuel B. Shepherd (Bar No. 163564)
Matthew W. Meskell (Bar No. 208263)
Philip J. Wang (Bar No. 218349)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000 (Telephone)
(650) 801-5100 (Facsimile)

Attorneys for Counterclaim Defendants,
STEMBANC, INC. and ARCHIBALD A. GRABINSKI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CORD BLOOD REGISTRY, INC., dba CBR, a California corporation, and SUTTER HEALTH, INC., a California corporation,<br><br>　　　　Defendants.<br><br>CBR SYSTEMS, INC., dba CBR, a California corporation,<br><br>　　　　Counterclaimant,<br><br>　　vs.<br><br>PHARMASTEM THERAPEUTICS, INC., a Delaware corporation; STEMBANC, INC., a Ohio corporation; NICHOLAS DIDIER; and ARCHIBALD A. GRABINSKI,<br><br>　　　　Counterdefendants. | Case No. C 04-3072 (JSW)<br><br>**[PROPOSED] ORDER DENYING CORD BLOOD REGISTRY, INC.'S MOTION TO STAY PROCEEDINGS AS TO THE COUNTERCLAIMS AGAINST STEMBANC, INC. AND ARCHIBALD A. GRABINSKI**<br><br>**DATE:**　January 7, 2005<br>**TIME:**　9:00 a.m.<br>**ROOM**:　Courtroom 2<br>**JUDGE**:　Hon. Jeffrey S. White |

1  On January 7, 2005, defendant/counterclaim plaintiff Cord Blood Registry, Inc.'s
2  ("CBR") Motion to Stay Proceedings Pending Resolution of the Multidistrict Litigation Motion
3  to Transfer for Consolidation and Coordination of Pretrial Proceedings in a Single Forum ("Stay
4  Motion") came for hearing before the Court.  All parties were given notice and an opportunity to
5  be heard.
6  Having considered all papers filed in support of and in opposition to CBR's
7  motion and the arguments of counsel at the hearing, and GOOD CAUSE APPEARING
8  THEREFOR,
9  IT IS HEREBY ORDERED as follows:
10  1.  CBR's Stay Motion is DENIED as to the proceedings related to
11  counterclaims asserted against Stembanc, Inc. ("Stembanc") and Archibald A. Grabinski
12  ("Grabinski").  When a party requests that "a pending proceeding be stayed, the competing
13  interests which will be affected by the granting or refusal to grant a stay must be weighed."
14  CMAX, Inc. v. Hall, 300 F. 2d 265, 268 (9th Cir. 1962); Turrett v. JetBlue Airways, No.
15  CV036785 RGK (PLAX), 2003 WL 23171693, at *1 (C.D. Cal. Dec. 26, 2003) (citing CMAX).
16  The determination to grant or deny a stay is within the discretion of the court, but the Ninth
17  Circuit has held that the interests to be considered include "the possible damage which may result
18  from granting the stay, the hardship or inequity which a party may suffer in being required to go
19  forward, and the orderly course of justice measured in terms of the simplifying or complicating
20  of issues, proof, and questions of law which could be expected to result from a stay."  CMAX,
21  300 F. 2d at 268 (citing Landis v. North American Co., 299 U.S. 248, 255 (1936)).  Moreover,
22  when it appears that "there is even a fair possibility that the stay . . . will work damage to some
23  one else," the moving party "must make out a clear case of hardship or inequity in being required
24  to go forward . . . ."  Landis, 299 U.S. at 255.  CBR has failed to meet this burden.  It has failed
25  to establish the need for a stay of the proceedings related to counterclaims against Stembanc and
26  Grabinski or that the balance of hardship weighs in favor of staying those proceedings.
27  Accordingly, CBR's Stay Motion is DENIED as to proceedings related to the counterclaims
28  against Stembanc and Grabinski.

1       2.      Alternatively, CBR's Stay Motion is DENIED as to Stembanc's and
Grabinski's motions to dismiss CBR's counterclaims.   Jurisdictional issues and motions to
dismiss raising issues particular to the case should be resolved before issuing a stay. See Smith
v. Mail Boxes Etc., USA, Inc., 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) ("In circumstances
where the jurisdiction of the court is at issue, several courts have determined that jurisdictional
issues should be resolved before the court determines if a stay [pending resolution of a MDL
motion] is appropriate") (collecting cases); Federal Judicial Center, Manual for Complex
Litigation at 221 (4th ed. 2004) ("[w]hen notified of the filing of a transfer [pursuant to MDL
Procedures]. . . matters such as motions to dismiss or to remand, raising issues unique to the
particular case, may be particularly appropriate for resolution before the Panel acts on the motion
to transfer").  Because Stembanc's and Grabinski's motions to dismiss raise jurisdictional issues
and particular issues of California law, prompt rulings on the motions to dismiss filed by
Stembanc and Grabinski will conserve judicial resources and would not prejudice CBR.
Accordingly, CBR's Stay Motion is DENIED as to Stembanc's and Grabinski's motions to
dismiss.

        IT IS SO ORDERED.


Dated: _____, 2005        _____
                                     HONORABLE JEFFREY S. WHITE
                                     UNITED STATES DISTRICT COURT JUDGE