```
 1  PAUL J. ANDRE, Bar No. 196585
    LISA KOBIALKA, Bar No. 191404
 2  PERKINS COIE LLP
    101 Jefferson Drive
 3  Menlo Park, CA  94025-1114
    Ph: (650) 838-4300
 4  Fx: (650) 838-4350

 5  Attorneys for Plaintiff
    PharmaStem Therapeutics, Inc.
 6
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br> v.<br><br>CORD BLOOD REGISTRY, INC., dba CBR, a California corporation, and SUTTER HEALTH, INC., a California corporation.<br><br>    Defendant.<br><br><br>CBR SYSTEMS, INC., dba CBR a California corporation<br>    Counterclaimant<br> v.<br><br>PHARMASTEM THERAPEUTICS, INC., a Delaware corporation; STEMBANC, INC., a Ohio corporation; NICHOLAS DIDIER; and ARCHIBALD A. GRABINSKI<br>    Counterdefendant | CASE NO. 04-3072 JSW<br><br>PHARMASTEM THERAPEUTICS, INC.'S REPLY TO CBR SYSTEM, INC.'S OPPOSITION TO MOTION TO DISMISS FIRST SECOND, THIRD, FOURTH, FIFTH, & SIXTH COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(6)<br><br>Date: January 7, 2005<br>Time: 9:00 a.m.<br>Room: Courtroom 2<br>Judge: Honorable Jeffrey S. White |

PHARMASTEM'S REPLY TO CBR'S OPPOSITION TO MOTION TO DISMISS FIRST, SECOND, THIRD, FOURTH, FIFTH & SIXTH COUNTERCLAIMS
CASE NO. 04-3072 JSW

[40923-0005/BY043380.026]

## CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. ARGUMENT ........................................................................................................ 1

    A. Standard For A Rule 12(b)(6) Motion .......................................................... 1

    B. CBR Has Not Sufficiently Pled Its California State Law Claims .................. 2

        1. Intentional Interference With A Contractual Relationship Is A Different Tort Than Intentional Interference With Prospective Economic Advantage and CBR Has Successfully Pled Neither. ......... 2

        2. CBR Relies Exclusively On Speculative Damages, And Thus Has Not Successfully Pled Either Interference With A Prospective Relationship Or With A Contract. ...................................................... 4

        3. CBR Has Not Successfully Pled Negligent Interference With A Contractual Relationship ............................................................... 5

    C. CBR Has Not Sufficiently Pled Its Lanham Act Section 43(a) Claims Or Its Cal. Bus. Prof. Code § 17500 Claims. .......................................................... 6

        1. CBR Has Not Sufficiently Pled Bad Faith, A Necessary Element Of Both Its Lanham Act Section 43(a) Claims Or Its Cal. Bus. Prof. Code § 17500 Claims. ............................................................ 6

        2. CBR Has Not Sufficiently Pled Falsity, A Necessary Element Of Both Its Lanham Act Section 43(a) Claims Or Its Cal. Bus. Prof. Code § 17500 Claims. ............................................................ 7

        3. CBR Has Not Sufficiently Pled That PharmaStem's Alleged Statements Are Commercial Speech. ................................................ 8

    D. CBR's Claims Are Barred By The Doctrine Of *Res Judicata* ..................... 9

III. CONCLUSION .................................................................................................. 10

i

PHARMASTEM'S REPLY TO CBR'S OPPOSITION TO MOTION
TO DISMISS FIRST, SECOND, THIRD, FOURTH, FIFTH & SIXTH
COUNTERCLAIMS
CASE NO. 04-3072 JSW

[40923-0005/BY043380.026]

1

2

# TABLE OF AUTHORITIES

3

## Cases

*Associated General Contractors of California, Inc. v. California State Council of Carpenters,*
459 U.S. 519 (1983).................................................................................................. 2

*Concrete Unlimited, Inc. v. Cementcraft, Inc.,*
776 F.2d 1537 (Fed. Cir. 1985) ................................................................................. 7

*Fuller Brothers, Inc. v. Int'l Marketing, Inc.,*
870 F.Supp. 299 (D. Or. 1994) .................................................................................. 9

*Golan v. Pingel Enterprise, Inc.,*
310 F.3d 1360 (Fed. Cir. 2002) ................................................................................. 7

*Hal Roach Studios, Inc. v. Richard Feiner & Co, Inc.,*
896 F2d 1542 (9th Cir. 1989) .................................................................................... 8

*Hunter Douglas, Inc. v. Mone Design, Inc.,*
153 F.3d 1318 (Fed. Cir. 1998) ................................................................................. 7

*J'Aire Corp. v. Gregory,*
24 Cal 3d 799 (Cal. 1979) ......................................................................................... 5

*Mikohn Gaming Corp. v. Acres Gaming, Inc.,*
165 F.3d 891 (Fed. Cir. 1998) ................................................................................... 7

*Quality Foods v. Latin American Agribusiness Development,*
711 F.2d 989 (11th Cir. 1983).................................................................................... 2

*Rice v. Fox Broadcasting Co.,*
330 F.3d 1170 (9th Cir. 2003) ................................................................................... 9

*Richards v. Stanley,*
43 Cal.2d 60 (Cal. 1954) ........................................................................................... 5

*Robi v. Five Platters, Inc.,*
838 F.2d 318 (9th Cir. 1988) ................................................................................... 10

*Sebastian Intern., Inc. v. Russolillo,*
186 F.Supp.2d 1055 (C.D. Cal. 2000) ...................................................................... 3

- ii -
PHARMASTEM'S REPLY TO CBR'S OPPOSITION TO MOTION TO DISMISS FIRST, SECOND, THIRD, FOURTH, FIFTH, & SIXTH COUNTERCLAIMS
CASE NO. 04-3072 JSW

[40923-0005/BY043380.026]

1 | *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
2 |    983 F.Supp.1303 (N.D.Cal. 1997).................................................................... 2, 5

3 | Thompson v. Illinois Dept of Prof Reg.,
   300 F. 3d 750 (7th Cir 2002)............................................................................. 8

5 | *Zenith Elecs. Corp. v. Exzec, Inc.*,
   182 F.3d 1340 (Fed. Cir. 1999)........................................................................ 7

**Statutes**

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 8

Cal. Bus. Prof. Code § 17500 Claims .................................................................. 6, 7

**Other Authorities**

*Wright & A. Miller, Federal Practice & Procedure*, § 1228 at 170 ............................2

- iii -
PHARMASTEM'S REPLY TO CBR'S OPPOSITION TO MOTION TO
DISMISS FIRST, SECOND, THIRD, FOURTH, FIFTH, & SIXTH
COUNTERCLAIMS
CASE NO. 04-3072 JSW

[40923-0005/BY043380.026]

## I. INTRODUCTION

Cord Blood Registry, Inc.'s ("CBR") opposition to Plaintiff PharmaStem Therapeutics, Inc. ("PharmaStem") motion to dismiss CBR's counterclaims demonstrates that CBR not only has failed to state any cause of action against PharmaStem, but also that CBR cannot. CBR's opposition to PharmaStem's motion to dismiss fails to sufficiently address a number of deficiencies in CBR's complaint: (1) CBR fails to distinguish between interference with prospective and current economic advantage, and successfully pleads neither, (2) CBR relies exclusively on speculative damages, (3) CBR fails to plead a duty owed in support of its negligence counterclaim, (4) CBR fails to plead falsity or bad faith, necessary elements of multiple counterclaims, and (5) CBR has not successfully pled that any of PharmaStem's statements are commercial speech. Moreover, regarding several of CBR's counterclaims, the documents attached to CBR's answer and counterclaims contradict the counterclaims themselves, rendering the counterclaims subject to a motion to dismiss. In addition, CBR already sought relief based on the same conduct that it alleges is the basis for its counterclaims in another case, so the counterclaims are barred by the doctrine of *res judicata*.[1] For all of these reasons, CBR's counterclaims should be dismissed with prejudice.

## II. ARGUMENT

### A. Standard For A Rule 12(b)(6) Motion

PharmaStem has moved to dismiss CBR's counterclaims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). While material allegations in the complaint are to be taken as true and construed in light

---

[1] PharmaStem provided the Court with copies of the relevant papers filed in the pending Delaware Action in association with its initial briefing on this matter and requested that the Court take judicial notice of same.

1

PHARMASTEM'S REPLY TO CBR'S OPPOSITION TO MOTION
TO DISMISS FIRST, SECOND, THIRD, FOURTH, FIFTH & SIXTH
COUNTERCLAIMS                                                                      [40923-0005/BY043380.026]
CASE NO. 04-3072 JSW

1 most favorable to the non-moving party, the Court, in evaluating a motion to dismiss,
2 "need not accept as true conclusory allegations or legal characterizations cast in the form
3 of factual allegations." *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303,
4 1307 (N.D. Cal. 1997). Moreover, the Court "must not … assume plaintiffs can prove
5 facts not alleged or that defendants have violated the … laws in ways not alleged."
6 *Associated General Contractors of California, Inc. v. California State Council of*
7 *Carpenters,* 459 U.S. 519, 526 (1983). CBR makes much of the fact that the standard for
8 defeating a motion to dismiss is low, but it is *not* non-existent. The case that CBR cites for
9 the proposition that its complaint need only clear a low hurdle to defeat a motion to
10 dismiss qualifies that proposition by making it clear that the liberal pleading standards do
11 not "negate the need to draft [claims] in a careful and thoughtful fashion." *Quality Foods*
12 *v. Latin American Agribusiness Development,* 711 F.2d 989 (11th Cir. 1983). Specifically,
13 "[counterclaims] must comprehend a so-called prima facie case, and enough data must be
14 pleaded so that each element of the alleged … violation can be properly identified. *Id., see*
15 *also Wright & A. Miller, Federal Practice & Procedure,* § 1228 at 170 . Because CBR's
16 briefing reveals that it *is* asking the Court to assume facts and theories of law that CBR has
17 failed to plead, and because CBR fails to plead sufficient facts to support each element of
18 any claim, each of CBR's claims should be dismissed with prejudice.

**B.   CBR Has Not Sufficiently Pled Its California State Law Claims**

    **1.   Intentional Interference With A Contractual Relationship Is A Different Tort Than Intentional Interference With Prospective Economic Advantage and CBR Has Successfully Pled Neither.**

23 In order to state a claim for intentional interference with contractual relations a
24 claimant must plead: (1) that a valid contract between claimant and a third party exists; (2)
25 that the offending party had knowledge of that contract; (3) that the offending party acted
26 intentionally to induce a breach of the contractual relationship; (4) that the relationship was
27 breached or disrupted; and (5) that claimant suffered damage as a result thereof. *See*

- 2 -
28 PHARMASTEM'S REPLY TO CBR'S OPPOSITION TO MOTION TO
DISMISS FIRST, SECOND, THIRD, FOURTH, FIFTH, & SIXTH
COUNTERCLAIMS
CASE NO. 04-3072 JSW

[40923-0005/BY043380.026]

1  *Sebastian Intern., Inc. v. Russolillo*, 186 F.Supp.2d 1055, 1074 (C.D. Cal. 2000). In
2  contrast, "a claim for intentional interference with economic advantage varies in that a
3  *prospective contract* or economic advantage must be alleged in lieu of an existing
4  contract." *Id.* (emphasis added). CBR explicitly claimed "intentional interference with
5  contractual or other economic relationships," yet failed to articulate any contract or
6  economic relationship impacted by PharmaStem's supposed actions. Counterclaims, ¶ 36-
7  40. PharmaStem observed this in its motion to dismiss.

8      In its opposition to PharmaStem's motion to dismiss, CBR now attempts to switch
9  horses in mid-stream, claiming that it really meant to plead interference with *prospective*
10 economic relationships rather than with an existing contract, in spite of the clear verbiage
11 of its complaint. These are distinct claims, and PharmaStem has a right to know what
12 CBR is accusing it of doing. Even if the Court were to indulge CBR's late attempt to
13 recast its claim as something it is not, however, CBR has still failed to allege any
14 actionable interference because claiming that an action has "the effect of interfering" is not
15 at all the same as pleading an that an action "intentionally interferes" with either a contract
16 or a prospective economic advantage, as required by the relevant cause of action. *See*
17 Counterclaims ¶ 37. Additionally, CBR has still not alleged that PharmaStem's acts
18 *caused* an actual breach or disruption of any "other economic relationships." *See*
19 Counterclaims ¶37. CBR has also failed to plead any "actual breach or disruption" of
20 CBR's relationship or prospective relationship with any third party as a result of any
21 intentional interference on the part of PharmaStem, knowledge of CBR's alleged
22 relationship or prospective relationship, that PharmaStem acted in a manner such that it
23 intentionally sought to disrupt that relationship, and that CBR was actually injured as a
24 result of the "actual breach or disruption" of that relationship. While CBR attempts to
25 allege that PharmaStem's conduct was willful and that CBR has suffered damages in the
26 form of lost profits due to some alleged interference, CBR, at no time, actually alleges that
27
28

- 3 -

PHARMASTEM'S REPLY TO CBR'S OPPOSITION TO MOTION TO
DISMISS FIRST, SECOND, THIRD, FOURTH, FIFTH, & SIXTH
COUNTERCLAIMS
CASE NO. 04-3072 JSW

[40923-0005/BY043380.026]

1 | PharmaStem's acts intentionally caused an actual breach or disruption of a relationship
2 | with any third party that damaged CBR.  Counterclaims ¶¶37-38.  Nothing in CBR's
3 | opposition to PharmaStem's motion to dismiss explains away the fact that CBR has not
4 | pled the elements of this claim.  Without these critical allegations, CBR's first
5 | counterclaim fails to state a cause of action as a matter of law.

      2.      **CBR Relies Exclusively On Speculative Damages, And Thus Has Not Successfully Pled Either Interference With A Prospective Relationship Or With A Contract.**

CBR's briefing in opposition to PharmaStem's motion makes it clear that CBR cannot allege any specific injury sufficient to support a claim for either intentional interference with a prospective relationship or intentional interference with a contract. Any "harm" that CBR alleges is purely speculative.  CBR only claims that there were or are "persons who desire, or who may desire, to purchase [CBR's] services."  CBR has neither identified the supposed "persons" or "services" sufficiently to withstand a motion to dismiss.  PharmaStem observed in its motion to dismiss that "[t]he law precludes recovery for overly speculative expectancies by initially requiring proof the business relationship contained 'the probability of future economic relationship.'" *Silicon Knights,* 983 F.Supp. at 1311.  Thus, hypothetical relationships (i.e. those with "persons who may desire" a relationship with CBR at some later point) regarding hypothetical products (i.e. the "purchase [of CBR's] services") cannot support CBR's claims for intentional or negligent interference.  *See id.*

CBR tries retroactively to patch this hole in its pleading by citing to *Silicon Knights* (which, notably, found insufficiently precise damages to support the cause of action alleged) for the proposition that CBR has plead sufficiently because, in *Silicon Knights,* "there is no allegation that sales of a particular software product identified with [claimant] decreased after these alleged statements were made." *Silicon Knights,* 983 F.Supp. at 1312.  The problem with CBR's citation to *Silicon Knights* is that CBR has the *very same*

-4-

PHARMASTEM'S REPLY TO CBR'S OPPOSITION TO MOTION TO
DISMISS FIRST, SECOND, THIRD, FOURTH, FIFTH, & SIXTH
COUNTERCLAIMS
CASE NO. 04-3072 JSW

[40923-0005/BY043380.026]

*problem* as did the plaintiff in *Silicon Knights,* and as such, CBR's reliance is misplaced. *See id.* CBR has pled an undefined collection of "services" which an undefined group of "persons ... desire or may desire" to purchase, but from which they were supposedly dissuaded from so doing by PharmaStem's actions. Like the plaintiff in *Silicon Knights,* CBR has not set forth any "allegation that sales of a *particular ... product* identified with [CBR] decreased after [PharmaStem's] alleged statements were made." *See id.* at 1312 (emphasis added). Thus, like the claim at issue in *Silicon Knights,* CBR's claims for intentional and negligent interference must not go forward.

### 3. CBR Has Not Successfully Pled Negligent Interference With A Contractual Relationship

CBR's claim for negligent interference fails for all of the reasons set forth above regarding CBR's claim for intentional interference, and also fails because CBR has failed to articulate the duty theoretically owed from PharmaStem to CBR. This is because "[l]iability for negligent conduct may only be imposed where there is a duty of care owed by the defendant to the plaintiff or to a class of which the plaintiff is a member." *Richards v. Stanley,* 43 Cal.2d 60, 63 (Cal. 1954). It is clear that PharmaStem and CBR are not in a relationship that gives rise to a duty of care that could support a claim of negligence. Although CBR tries in its opposition to characterize this duty as something vague and amorphous, the law is clear that this duty only arises "from a contractual, statutory, or other 'special relationship' between the parties." *Silicon Knights, Inc. v. Crystal Dynamics, Inc.,* 983 F.Supp. 1303, 1313 (N.D.Cal. 1997).

CBR focuses on the "special relationship" aspect of this test, and directs the Court to the *J'Aire* decision regarding duty. *See J'Aire Corp. v. Gregory,* 24 Cal 3d 799, 803 (Cal. 1979). The factors relied upon by the *J'Aire* Court included: (1) the extent to which defendant's conduct was intended to harm plaintiff; (2) the forseeability of the harm; (3) the certainty that plaintiff actually suffered harm; (4) the closeness of the connection between the conduct and the harm; (5) the moral blame attached to defendant's conduct;

- 5 -

PHARMASTEM'S REPLY TO CBR'S OPPOSITION TO MOTION TO DISMISS FIRST, SECOND, THIRD, FOURTH, FIFTH, & SIXTH COUNTERCLAIMS
CASE NO. 04-3072 JSW

PHARMASTEM'S REPLY TO CBR'S OPPOSITION TO MOTION TO
DISMISS FIRST, SECOND, THIRD, FOURTH, FIFTH, & SIXTH
COUNTERCLAIMS
CASE NO. 04-3072 JSW

and (6) the policy of preventing future harm. *Id.* Under the six-factor *J'Aire* test, CBR has clearly failed to plead this cause of action. *See id.* Although CBR tries, in argument, to address the shortcoming of its pleading, CBR's later argument does not control. CBR has failed to *plead* (as it must) facts sufficient to establish these factors sufficiently to withstand a motion to dismiss. CBR has not pled a close connection between the alleged conduct and harm, has not pled with certainty any actual harm, has not pled any moral blame, has not pled any public policy directed toward preventing the alleged harm, and has not pled forseeability. Indeed, CBR *cannot* plead these factors because no facts establish them. PharmaStem and CBR are not competitors, do not have any contracts, and there is no statute setting forth a duty owed. CBR has merely claimed that a wrongful act has been committed. Without more, that alleged fact alone does not establish a duty, and thus does not satisfy this element of a negligent interference claim. *Silicon Knights*, 983 F.Supp. at 1313 (negligent interference claim "would necessarily be subsumed within the tort of intentional interference with economic relations" if no special, contractual, or statutory relationship giving rise to duty).

C.  **CBR Has Not Sufficiently Pled Its Lanham Act Section 43(a) Claims Or Its Cal. Bus. Prof. Code § 17500 Claims.**

   1.  **CBR Has Not Sufficiently Pled Bad Faith, A Necessary Element Of Both Its Lanham Act Section 43(a) Claims Or Its Cal. Bus. Prof. Code § 17500 Claims.**

Although CBR attempts to minimize the importance of an allegation of bad faith for its fifth and sixth counterclaims (for violation of Section 43(a) and Cal. Bus. Prof. Code § 17500), an allegation of bad faith is necessary for both claims. Both claims depend on CBR's allegation that PharmaStem is not entitled to make statements about the patent infringement liability that CBR and medical professionals who use unlicensed cord blood banks face. PharmaStem, however, has both a *legal right* and an *obligation* to contact obstetricians and others regarding their potential infringement of PharmaStem's patents.

- 6 -
PHARMASTEM'S REPLY TO CBR'S OPPOSITION TO MOTION TO
DISMISS FIRST, SECOND, THIRD, FOURTH, FIFTH, & SIXTH
COUNTERCLAIMS
CASE NO. 04-3072 JSW

As such, PharmaStem cannot be held liable for doing so unless CBR can demonstrate that PharmaStem did so in bad faith. *Golan v. Pingel Enterprise, Inc.*, 310 F.3d 1360, 1370-71 (Fed. Cir. 2002)("federal patent law bars the imposition of liability [under federal or state law] for publicizing a patent in the marketplace unless the plaintiff can show that the patent holder acted in bad faith."), *quoting Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353 (Fed. Cir. 1999); *see also Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998); *Hunter Douglas, Inc. v. Mone Design, Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998); *Concrete Unlimited, Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1538 (Fed. Cir. 1985)("a patent owner has the right to enforce its patent, and that includes threatening alleged infringers with suit.")

CBR claims that the issue before this court is whether it can prove any set of facts that would establish liability, however, the threshold issue is whether CBR has sufficiently pled facts which could establish liability. No matter how CBR attempts to recast its pleading, it has not pled bad faith. It uses a number of other words, but dances around this issue, presumably because it is unable to so plead. As such, CBR's claims should be dismissed.

2.   **CBR Has Not Sufficiently Pled Falsity, A Necessary Element Of Both Its Lanham Act Section 43(a) Claims Or Its Cal. Bus. Prof. Code § 17500 Claims.**

The statements that CBR references from a letter sent by PharmaStem ("the Letter") and press release ("the Press Release") at issue in this case are demonstrably true on their face, and as such, CBR's stated claim of falsity does not substantiate its claim sufficiently to withstand a motion to dismiss. CBR may have the *opinion* that the statements are false, but the statements *themselves* are demonstrably true. Documents attached to the complaint and incorporated therein by reference are treated as part of the complaint for the purposes of a Fed. R. Civ. P. 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co, Inc.*, 896 F2d 1542, 1555 (9th Cir. 1989). It is widely accepted that "[w]hen a written

-7-

PHARMASTEM'S REPLY TO CBR'S OPPOSITION TO MOTION TO DISMISS FIRST, SECOND, THIRD, FOURTH, FIFTH, & SIXTH COUNTERCLAIMS
CASE NO. 04-3072 JSW

[40923-0005/BY043380.026]

instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations*." *E.g. Thompson v Illinois Dept of Prof Reg.*, 300 F3d 750, 754 (7th Cir 2002) (emphasis added) (internal citations omitted). Here, it is clear by the documents attached to CBR's answer and counterclaims that nothing in the Letter or Press Release at issue in this litigation is false. *See* CBR's answer and counterclaims, Exhs. A and C.

As set forth in detail in PharmaStem's initial briefing in support of its motion to dismiss, PharmaStem recited only *facts* which are established by the court documents in the Delaware action (which are subject of a request for judicial notice) and set forth its general layperson's understanding of the proceedings and patent law in general (e.g. "Pharmastem Therapeutics has initiated multiple lawsuits for patent infringement to protect its intellectual property rights," "patent infringement occurs if a person or institution practices all or part of a patented process," "as long as you are collecting cord blood for a PharmaStem licensed blood bank, you are not liable for patent infringement," etc.). CBR's answer and counterclaims, Exhs. A and C. Because these statements (and the other statements about which CBR complains) are undeniably true by the face of the documents attached to the complaint, the complaint fails to sufficiently state a cause of action no matter what the complaint says *about* the statements. *Thompson,* 300 F3d at 754.

### 3. CBR Has Not Sufficiently Pled That PharmaStem's Alleged Statements Are Commercial Speech.

As a threshold matter, it is undeniably true that CBR has failed to plead that CBR and PharmaStem are competitors, a necessary element for relief under Section 43(a). Instead, CBR retrospectively claims that PharmaStem and CBR "compete for the same dollars from the same consumer group." CBR's opposition at 13. In fact, PharmaStem has licensed the patents at issue in this litigation to sixteen of the twenty cord blood banks in this industry. CBR has refused to take a license, instead choosing to infringe the patents at issue and force PharmaStem to file lawsuits to recover what it is owed. Thus, PharmaStem and CBR are only "competing" to the degree that CBR refuses to license the technology it

- 8 -
PHARMASTEM'S REPLY TO CBR'S OPPOSITION TO MOTION TO
DISMISS FIRST, SECOND, THIRD, FOURTH, FIFTH, & SIXTH
COUNTERCLAIMS
CASE NO. 04-3072 JSW

[40923-0005/BY043380.026]

is using. Because it owns the technology at issue in this case, PharmaStem would logically hope that all of its licensees (including CBR, had CBR agreed to take a license) would maximize their business.

In any case, CBR's briefing in opposition to PharmaStem's motion to dismiss focuses exclusively on the relationship between the two parties as potential competitors but completely ignores PharmaStem's argument that its statements are not "commercial speech" under the language of the Lanham Act. Because PharmaStem owns the patent at issue in this case, and is not in the same business as CBR, CBR cannot explain how PharmaStem's statements constitute an advertisement, are competitive, or would deceive CBR's potential and actual customers. Counterclaims ¶¶ 9-10; *see Fuller Brothers, Inc. v. Int'l Marketing, Inc.*, 870 F.Supp. 299, 303 (D. Or. 1994)("recovery under section 43(a) in a false advertising case is 'confined to injury to a competitor'"). "The core notion of commercial speech is speech which does no more than propose a commercial transaction." *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1181 (9th Cir. 2003). It is undeniably true that the speech in question contained in the Letter and Press Release was directed at CBR's customers (expectant parents who are seeking to have their newborn's umbilical cord blood stored) in the form of promotional materials, and was not, thus, "commercial speech." *See* Counterclaims, Exhs. A and C.

D.   **CBR's Claims Are Barred By The Doctrine Of *Res Judicata*.**

CBR tries to recast its earlier request for relief on these same causes of action as not subject to the doctrine of res judicata because CBR tautologically claims that they are "unrelated to an independent claim against PharmaStem." By definition, of course, they were raised in another action. However, careful parsing of the claims and the requests in the earlier Delaware action reveals that CBR did seek *this* relief on *these* claims once already. CBR asked the Delaware court to consider the very conduct that is the subject of the first through sixth counterclaims (the sending of the Letter and the issuance of the

- 9 -
PHARMASTEM'S REPLY TO CBR'S OPPOSITION TO MOTION TO
DISMISS FIRST, SECOND, THIRD, FOURTH, FIFTH, & SIXTH
COUNTERCLAIMS
CASE NO. 04-3072 JSW

[40923-0005/BY043380.026]

1  Press Release). Claim preclusion "prevents litigation of all grounds for, or defenses to,
2  recovery that were previously available to the parties, regardless of whether they were
3  asserted or determined in the prior proceeding." *Robi v. Five Platters, Inc.*, 838 F.2d 318,
4  322 (9th Cir. 1988). "Issue preclusion bars the relitigation of all issues that were litigated
5  in a prior proceeding." *Shaw v. State of California Dept. of Alcoholic Beverage Control*,
6  788 F.2d 600, 605 (9th Cir. 1986). These doctrines bar CBR's claims because they were
7  previously available to the parties and have been litigated in a prior proceeding. CBR now
8  claims that they did not achieve "final judgment" in the earlier Delaware action, but the
9  Order CBR attached to their counterclaims (Exh. B) is on its face clearly not a
10 "preliminary injunction" as they suggest. When, as here, "a written instrument contradicts
11 allegations in a complaint to which it is attached, the exhibit trumps the allegations." *See*
12 *Thompson*, 300 F3d at 754. Because the exhibit establishes that CBR sought and achieved
13 relief on these claims, CBR's claims are all barred by the doctrine of *res judicata*.

### III.   CONCLUSION

For the foregoing reasons, PharmaStem requests the Court to dismiss CBR's first, second, third, fourth, fifth and sixth counterclaims with prejudice.

DATED: December 10, 2004.         **PERKINS COIE LLP**


                                  By /s/_____
                                  Paul J. Andre
                                  Lisa Kobialka
                                  Attorneys for Plaintiff PharmaStem Therapeutics, LLP

PHARMASTEM'S REPLY TO CBR'S OPPOSITION TO MOTION TO
DISMISS FIRST, SECOND, THIRD, FOURTH, FIFTH, & SIXTH
COUNTERCLAIMS
CASE NO. 04-3072 JSW

[40923-0005/BY043380.026]