PILLSBURY WINTHROP LLP
William F. Abrams (State Bar No. 88805)
Thomas F. Chaffin (State Bar No. 112368)
Chang H. Kim (State Bar No. 195554)
Peter H. Nohle (State Bar No. 209446)
2475 Hanover Street
Palo Alto, CA 94304-1115
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

Attorneys for Defendants and Counterclaimants
CBR SYSTEMS, INC. and SUTTER HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CORD BLOOD REGISTRY, INC., dba CBR, a California corporation, and SUTTER HEALTH, INC., a California corporation,<br><br>Defendants.<br><br>CBR SYSTEMS, INC., dba CBR, a California corporation, and SUTTER HEALTH, a Not For-Profit Public Benefit corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>PHARMASTEM THERAPEUTICS, INC., a Delaware corporation, STEMBANC, INC., a Ohio corporation, NICHOLAS DIDIER, and ARCHIBALD A. GRABINSKI,<br><br>Counterdefendants. | **No. C 04 3072 JSW**<br><br>CBR SYSTEMS, INC.'S REPLY TO STEMBANC, INC.'S AND ARCHIBALD A. GRABINSKI'S OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE MULTIDISTRICT LITIGATION MOTION TO TRANSFER FOR CONSOLIDATION AND COORDINATION OF PRETRIAL PROCEEDINGS IN A SINGLE FORUM<br><br>Date: January 7, 2005<br>Time: 9:00 a.m.<br>Location: Courtroom 2<br>Judge: Hon. Jeffrey S. White |

60385922v1

REPLY ISO MOTION TO STAY PENDING MDL MOTIONS
CASE NO. C 04 3072 JSW

## INTRODUCTION

Stembanc, Inc. ("Stembanc") and Archibald A. Grabinski ("Grabinski") (collectively, "Counterdefendants") make numerous misrepresentations and present a distorted account of the facts underlying this action in their opposition papers. A stay in this action is warranted because CBR Systems, Inc's ("CBR") counterclaims against Counterdefendants are closely related to the underlying patent infringement claims and the counterclaims against PharmaStem Therapeutics, Inc. ("PharmaStem") and Nicholas Didier ("Didier"). There will be no prejudice to Counterdefendants if this Court grants CBR's Motion to Stay because (a) Counterdefendants' motions will be addressed by this or the transferee's court as soon as the stay is lifted and (b) discovery has not begun in this action. Accordingly, this Court should grant CBR's Motion to Stay proceedings pending the decision from the Multi-District Litigation Panel (the "MDL Panel") on CBR's and Sutter Health's Motion to Transfer for Consolidation and Coordination of Pretrial Proceedings in a Single Forum (the "MDL Motion").

Finally, contrary to Counterdefendants' statements, CBR takes this opportunity to set the record straight that it has complied with all applicable rules and conducted itself at all times in good faith and in a timely manner to plan for mediation. CBR contacted Counterdefendants numerous times before filing its counterclaims to resolve this matter, but Counterdefendants chose not to cooperate. Counterdefendants' allegations in their opposition papers are uncalled for and unjustified.

## ARGUMENTS

### I. A STAY IS WARRANTED BECAUSE CBR'S COUNTERCLAIMS AGAINST COUNTERDEFENDANTS ARE CLOSELY RELATED TO THE UNDERLYING PATENT INFRINGEMENT COUNT AND THE COUNTERCLAIMS AGAINST PHARMASTEM AND DIDIER.

On October 28, 2004, CBR filed this Motion to Stay all proceedings pending a decision from the MDL Panel on the MDL Motion, which was submitted to the MDL Panel on October 26, 2004. Over 20 other defendants joined the MDL motion, including, *inter*

*alia,* physicians, medical groups, health care facilities, and private cord blood banks, who are defendants in the other five related actions.[1] Counterdefendants opposed the MDL Motion. CBR and other defendants filed their joint Reply on November 30, 2004. See Decl. of Chang H. Kim in Support of CBR's Reply to PharmaStem Therapeutics, Inc.'s and Nicolas Didier's Opposition to Motion to Stay Proceedings Pending Resolution of the Multidistrict Litigation Motion to Transfer for Consolidation and Coordination of Pretrial Proceedings in a Single Forum, Exh. A. Just this past week, on December 14, 2004, the MDL Panel announced that it will hear the MDL Motion on January 27, 2005, which is only 20 days from the hearing date of CBR's Motion to Stay. Id., Exh. B, page 14.

Within two weeks of CBR filing its Motion to Stay here, on November 10, 2004, Judge Moody in the Florida Action entered an order staying proceedings in the Florida Action for 120 days to permit the MDL panel to consider the pending MDL Motion and to avoid a waste of resources of the court and parties. Id., Exh. C. Judge Moody stated his view that "all these related cases across the country ought to be resolved by one court." Id., Exh. D, page 19. Judge Moody stayed the Florida Action even though there was a pending Motion to Dismiss counterclaims filed by PharmaStem. Id., Exh. I.

This Court has authority to stay all proceedings pending the decision by the Judicial Panel on Multidistrict Litigation. See *Hertz Corp. v. The Gator Corp.*, 250 F.Supp.2d 421, 426 (D.N.J. 2003); see also *Moore v. Wyeth-Ayerst Laboratories*, 236 F. Supp.2d 509, 511 (D.Md 2002) (the MDL Panel has held that a district court has the authority to wait for a transfer order without ruling on a motion). This Court should exercise its authority and grant CBR's Motion to Stay as this would promote judicial efficiency and lessen the burden on the parties and the courts. The hearing date for the MDL Motion is January 27, 2005, which is only 20 days from the hearing date of this Motion to Stay. A stay is necessary in this action so that there is an orderly process and management of the related cases.

---

[1] These five related lawsuits include the Delaware Action, the Central District Action, the Massachusetts Action, the Florida Action, and the Pennsylvania Action.

Counterdefendants' Motions to Dismiss counterclaims include issues that are similar, if not identical, to issues raised by PharmaStem and Didier in their motions to dismiss in this action, the Florida Action and the Pennsylvania Action. See Decl. of Chang H. Kim in Support of CBR's Reply to PharmaStem Therapeutics, Inc.'s and Nicolas Didier's Opposition to Motion to Stay Proceedings Pending Resolution of the Multidistrict Litigation Motion to Transfer for Consolidation and Coordination of Pretrial Proceedings in a Single Forum, Exhs. G, H, and I. Many of the issues set forth in Counterdefendants' Motions to Dismiss are similar to the issues in the Motions to Dismiss in the Florida Action and the Pennsylvania Action. A single court should address all of these motions to avoid inconsistent rulings. For example, there are motions to dismiss counterclaims in the Northern District Action, Florida Action, and the Pennsylvania Action for, *inter alia*, counterclaims for unfair competition pursuant to Section 43(a) of the Lanham Act and interference with contractual or other economic relationships. Id. It is not only appropriate, but it would promote judicial efficiency if one court addresses these motions rather than having three separate courts rule on what may result in inconsistent rulings on similar issues. *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979); *Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier, Inc.*, 60 U.S.P.Q. 2d (BNA) 1541 (C.D. Cal. 2001).

## II. THERE WILL BE NO PREJUDICE TO COUNTERDEFENDANTS IF THIS COURT GRANTS CBR'S MOTION TO STAY.

Counterdefendants assert that they will be prejudiced if this Court stays this action until the MDL Panel rules on the MDL Motion. The contrary is true – all parties will be prejudiced if this case, and the other cases, proceed down parallel, multiple, and potentially inconsistent paths during the brief time that the MDL Motion is being considered.

As noted, the MDL Motion will be heard on January 27, 2005. Therefore, Counterdefendants' motions to dismiss will be heard by this or another court as soon as the stay is lifted, after the MDL decision, which should be soon. *Hertz Corp*. at 426 (granting

motion to stay pending MDL motion because the party opposing the stay can secure effective relief after the stay is terminated). None of the parties in this action has initiated discovery and no discovery will begin until the stay is lifted.

There are certain pending deadlines in this action within the next month, in particular, case management statements and case management conference. If the MDL Panel transfers this action to another Court, the parties and this court would have wasted valuable resources. On the other hand, if all the related actions are transferred to this Court, a stay in this action would allow the defendants in the other related actions to participate in the case management statement and conference. The parties will waste resources on discovery, case planning, and other issues if this action is not stayed. In fact, with CBR's proposed mediation dates, *infra*, the parties can mediate this dispute during the stay. The practical effect of the stay in this action will ultimately promote judicial efficiency, lessen the burden on the parties, and will not cause any prejudice to the parties involved.

### III. CBR COMPLIED WITH ALL APPLICABLE RULES AND CONDUCTED ITSELF AT ALL TIMES IN GOOD FAITH AND IN A TIMLEY MANNER TO RESOLVE THIS DISPUTE WITH COUNTERDEFENDANTS.

CBR takes this opportunity to set the record straight that it has complied with and is continuing to comply with all applicable rules regarding ADR. Further, CBR has conducted itself at all times in good faith and in a timely manner to plan for mediation. Counterdefendants' allegations in their opposition papers are uncalled for and unjustified.

Before filing its counterclaims on August 23, 2004, CBR contacted Counterdefendants at least three separate times, March, May and August 2004, to resolve this dispute. In March 2004, CBR wrote to Counterdefendants requesting that they cease engaging in "an advertising campaign that contains false and misleading statements about

CBR." Exh. 1.[2] CBR specifically identified two instances of such false and misleading statements about CBR in its March 2004 letter and an excerpt from that letter is as follows:

> Stembanc maintains a website at http://www.stembanc.com/compare.html in which it purports to compare its services to CBR's as follows:

**Compare and Enroll with Stembanc**

|  | Licensed(1) | Guilty Of Patent Infringement | FDA Registered | Price (2) |
|---|---|---|---|---|
| Stembanc | YES | NEVER | YES | $1395 |
| Cord Blood Registry (CBR) | NO (1) | YES - NOW | YES | $1740 |
| Viacord | NO (1) | YES – NOW | YES | $1700 |

Footnotes  (1) Refer to Press Releases for More Information
(2) Pricing Including Shipping as of 12/03

> The statement that CBR is "guilty" of patent infringement creates a false implication to the public that CBR has engaged in criminal conduct and is no longer able to conduct business lawfully. Likewise, the statement that CBR is not licensed implies to the consuming public that CBR lacks the regulatory authority to conduct the business which CBR lawfully performs. These statements are false, misleading and deceptive, and must be immediately discontinued on the website, and on all other materials.
> Additionally, CBR has learned of a full page advertisement in Pregnancy Magazine that contains similar false and misleading statements. CBR believes that those statements are designed to intentionally damage CBR's business and prospective economic advantage.

Counterdefendants responded, but refused to remove these statements from its advertising and marketing materials.

Next, in May 2004, CBR contacted Counterdefendants and again requested that they cease making false and misleading statements about CBR in California and warned them that they will face legal action in California if such conduct continues. Exh. 2. CBR identified two more instances of false and misleading statements about CBR in its May

---

[2] All exhibits, except as noted, are attached to the Declaration of Chang H. Kim in Support of CBR's Reply to Stembanc, Inc.'s and Archibald A. Grabinski's Opposition to Motion to Stay Proceedings Pending Resolution of the Multidistrict Litigation Motion to Transfer for Consolidation and Coordination of Pretrial Proceedings in a Single Forum.

2004 letter:

> The latest incidents involve Stembanc representatives contacting California-based Obstetricians and Gynecologists and telling them that the physicians would be liable for patent infringement if they recommended banking with CBR.
> Additionally, we have been advised that Stembanc representatives have told prospective customers not to bank with CBR because CBR will be out of business soon due to the Pharmastem patent case.
> Both statements are false and are apparently being made to mislead physicians and patients.

After CBR sent these two letters, Counterdefendants continued their false and misleading advertising campaign against CBR. On August 12, 2004, CBR wrote another letter to Counterdefendants requesting them to cease engaging in additional false and misleading activities against CBR. Exh. 3. CBR specifically identified another press release, dated August 2, 2004, issued by Counterdefendants that contained false and misleading statements. Counterdefendants ignored these letters, did not immediately remove these false and misleading statements, and gave no assurance to CBR that they would cease disseminating and distributing additional false and misleading statements about CBR. When it became apparent that Counterdefendants were not interested in resolving this matter, CBR filed its counterclaims against Counterdefendants.

After filing its counterclaims, CBR has cooperated and acted in good faith and in a timely manner to plan for mediation. Exh. 4. As required by the local rules, all parties met and conferred on November 8 regarding ADR options. Exh 5. CBR stated during that meeting that it desired to mediate this matter before JAMS. Id. Counterdefendants agreed to mediation, but stated that it needed additional time to decide whether to mediate before JAMS. Counterdefendants then accused CBR of having "no interest in ending its dispute with [Counterdefendants]," when all along it was Counterdendants who delayed the mediation planning process. On December 7, one month after the parties met and conferred, Counterdefendants finally agreed to mediate before JAMS. Exh. 6. On December 13, CBR proposed mediation dates and JAMS mediators to Counterdefendants, but they have not responded. Counterdefendants' allegations that CBR is not interested in

1  resolving this dispute is unjustified and uncalled for.

## CONCLUSION

CBR respectfully requests that this Court grant CBR's Motion to Stay proceedings pending the resolution of the MDL Motion.

Dated: December 17, 2004.

> PILLSBURY WINTHROP LLP
> William F. Abrams
> Thomas F. Chaffin
> Chang H. Kim
> Peter H. Nohle
> 2475 Hanover Street
> Palo Alto, CA 94304-1115
>
> By  Chang H. Kim
>       Chang H. Kim
> Attorneys for Defendant and Counterclaimant,
> CBR SYSTEMS, INC.