# EXHIBIT 6

TO DECLARATION OF CHANG H. KIM IN SUPPORT OF CBR'S REPLY TO STEMBANC, INC'S AND ARCHIBALD A. GRABINSKI'S OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE MULTIDISTRICT LITIGATION MOTION TO TRANSFER FOR CONSOLIDATION AND COORDINATION OF PRETRIAL PROCEEDINGS IN A SINGLE FORUM



**PILLSBURY WINTHROP**LLP

2475 HANOVER STREET PALO ALTO, CA 94304-1114 650.233.4500 F: 650.233.4545

December 13, 2004

Chang H. Kim
Phone: 650.233.4776
ckim@pillsburywinthrop.com

<u>**VIA FACSIMILE AND VIA U.S. MAIL**</u>

Samuel B. Shepherd, Esq.
Matthew Meskell, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065

    Re:    PharmaStem v. CBR et al.: Case No. 04-3072 JSW

Dear Messrs. Shepherd and Meskell:

This responds to Mr. Shepherd's letter dated December 7, 2004, regarding mediation. The allegations you make are uncalled for and unjustified. CBR has complied with all applicable local rules regarding mediation and has conducted itself at all times in good faith and in a timely manner to plan for mediation. CBR believes that the first step in planning the mediation is to select a mediator and then the mediation date. The parties would need to work with the mediator's schedule to come up with a mediation date; thus, agreeing to a mediation date before selecting a mediator is unworkable.

On November 8 and 29, CBR requested Stembanc and Mr. Grabinski to respond to CBR's proposal to engage JAMS to conduct our mediation. This would be the first step before the parties discuss a mediation date, venue, settlement demand, etc. On December 7, one month after CBR made its initial proposal, Stembanc and Mr. Grabinski finally agreed to use "a JAMS appointed mediator," but did not propose any specific mediator, although Mr. Meskell acknowledged that he was familiar with JAMS. In that regard and to move this process along, CBR proposes either Judge Flaherty or Judge Garcia as the mediator. Please let us know if this is acceptable so we can approach them as to their availabilities.

As for a mediation date, CBR proposes late January or early February, subject to Judge Flaherty's or Judge Garcia's availability. By copy of this letter to counsel for PharmaStem, we inform them of CBR's proposed mediator and mediation date. Once all parties have agreed to the mediator and date, CBR will provide a settlement demand before the mediation session.



Samuel B. Shepherd, Esq.
Matthew Meskell, Esq.
December 13, 2004
Page 2

Finally, I remind you that CBR filed this meritorious lawsuit against your clients because, *inter alia*, your clients refused to cease disseminating and distributing false and misleading statements to the public that harmed CBR. CBR sent three separate letters to Stembanc and Mr. Grabinski in March, May, and August of 2004 requesting that Stembanc and Mr. Grabinski cease engaging in a false and misleading campaign that was harmful to CBR. CBR further stated in its letter that it would hold them accountable for all resulting damages and pursue its legal rights through all available means. Stembanc and Mr. Grabinski did not cease disseminating and distributing false and misleading statements to the public. Stembanc and Mr. Grabinski left CBR no choice but to request relief from this Court. Your statements that "CBR has no interest in ending its dispute with Stembanc and Grabinski" is wrong. CBR made numerous attempts to address these issues outside the Court, but Stembanc's and Mr. Grabinski's steadfast refusal to cease disseminating and distributing false and misleading statements to the public left CBR no choice but to initiate this lawsuit.

Sincerely,

PILLSBURY WINTHROP LLP

Chang H. Kim

cc: Ulysses Hui, Esq.

60385329V1