1  PILLSBURY WINTHROP LLP
   William F. Abrams (State Bar No. 88805)
2  Thomas F. Chaffin (State Bar No. 112368)
   Chang H. Kim (State Bar No. 195554)
3  Peter H. Nohle (State Bar No. 209446)
   2475 Hanover Street
4  Palo Alto, CA 94304-1115
   Telephone: (650) 233-4500
5  Facsimile:  (650) 233-4545

6  Attorneys for Defendants and Counterclaimants
   CBR SYSTEMS, INC. and SUTTER HEALTH
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12 PHARMASTEM THERAPEUTICS, INC., a     **No. C 04 3072 JSW**
   Delaware corporation,
13                                      CBR SYSTEMS, INC.'S REPLY TO
              Plaintiff,                PHARMASTEM THERAPEUTICS, INC.'S
14                                      AND NICOLAS DIDIER'S OPPOSITION TO
        vs.                             MOTION TO STAY PROCEEDINGS
15                                      PENDING RESOLUTION OF THE
   CORD BLOOD REGISTRY, INC., dba       MULTIDISTRICT LITIGATION MOTION TO
16 CBR, a California corporation, and SUTTER  TRANSFER FOR CONSOLIDATION AND
   HEALTH, INC., a California corporation,  COORDINATION OF PRETRIAL
17                                      PROCEEDINGS IN A SINGLE FORUM
              Defendants.
18                                      Date:  January 7, 2005
                                        Time:  9:00 a.m.
19                                      Location:  Courtroom 2
                                        Judge:  Hon. Jeffrey S. White
20
   CBR SYSTEMS, INC., dba CBR, a
21 California corporation, and SUTTER
   HEALTH, a Not For-Profit Public Benefit
22 corporation,

23            Counterclaimants,

24      vs.

25 PHARMASTEM THERAPEUTICS, INC.,
   a Delaware corporation, STEMBANC, INC.,
26 a Ohio corporation, NICHOLAS DIDIER,
   and ARCHIBALD A. GRABINSKI,
27
              Counterdefendants.
28

60385479v1                              REPLY ISO MOTION TO STAY PENDING MDL
                                                                    MOTIONS
                                                         CASE NO. C 04 3072 JSW

**INTRODUCTION**

In their opposition papers, PharmaStem Therapeutics, Inc. ("PharmaStem") and Nicholas Didier ("Didier") (collectively, "Counterdefendants") fail to rebut compelling reasons why this Court should grant CBR Systems, Inc.'s ("CBR") Motion to Stay proceedings pending the decision from the Multi-District Litigation Panel (the "MDL Panel") on CBR's and Sutter Health's Motion to Transfer for Consolidation and Coordination of Pretrial Proceedings in a Single Forum (the "MDL Motion"). First, this Court should grant CBR's Motion to Stay to avoid inconsistent rulings and duplicative effort by different courts on similar, if not identical, issues. Second, there will be no prejudice to Counterdefendants if this Court grants CBR's Motion to Stay because (a) Counterdefendants' motions will be addressed by this or the transferee's court as soon as the stay is lifted, (b) discovery has not begun in this action, and (c) recent developments in the related actions strongly suggest that all actions will be transferred to a single district court.

**BACKGROUND**

On October 28, 2004, CBR filed this Motion to Stay all proceedings pending a decision from the MDL Panel on the MDL Motion, which was submitted to the MDL Panel on October 26, 2004. Over 20 other defendants joined the MDL motion, including, *inter alia,* physicians, medical groups, health care facilities, and private cord blood banks, who are defendants in the other five related actions.[1] PharmaStem opposed the MDL Motion, but stated for the first time in its opposition brief that, if transferred was ordered, these actions should be transferred to (in order of preference): (1) the Northern District of California; (2) the Central District of California; (3) Middle District of Florida, the Eastern District of Pennsylvania, or the District of Massachusetts or (4) any judge in the District of Delaware other than Judge Sleet. See Exh. 1, page 4 attached to Decl. of Lisa Kobialka in

---

[1] These five related lawsuits include the Delaware Action, the Central District Action, the Massachusetts Action, the Florida Action, and the Pennsylvania Action.

Support of PharmaStem's Opposition to CBR's Motion to Stay. CBR and other defendants filed their joint Reply on November 30, 2004. Exh. A.[2] Just this past week, on December 14, 2004, the MDL Panel announced that it will hear the MDL Motion on January 27, 2005, which is only 20 days from the hearing date of CBR's Motion to Stay. Exh. B, page 14.

Additionally, within two weeks of CBR filing its Motion to Stay here, on November 10, 2004, Judge Moody in the Florida Action entered an order staying proceedings in the Florida Action for 120 days to permit the MDL panel to consider the pending MDL Motion and to avoid a waste of resources of the court and parties. Exh. C. Judge Moody stated that "all these related cases across the country ought to be resolved by one court" and "it's not for judicial economy to have five different courts trying to construe the same patents." Exh. D, page 19. More recently, defendants in the Central District Action and the Pennsylvania Action have filed similar Motions to Stay in their respective district courts. Exhs. E and F.

## ARGUMENTS

### I.  THIS COURT SHOULD GRANT CBR'S MOTION TO STAY TO PROMOTE JUDICIAL EFFICIENCY AND TO AVOID INCONSISTENT RULINGS.

This Court has authority to stay all proceedings pending the decision by the Judicial Panel on Multidistrict Litigation. See *Hertz Corp. v. The Gator Corp.*, 250 F.Supp.2d 421, 426 (D.N.J. 2003); see also *Moore v. Wyeth-Ayerst Laboratories*, 236 F. Supp.2d 509, 511 (D.Md 2002) (the MDL Panel has held that a district court has the authority to wait for a transfer order without ruling on a motion). This Court should exercise its authority and grant CBR's Motion to Stay as this would promote judicial efficiency and lessen the burden on the parties and the courts. It is common practice for courts to stay pending patent litigations. *William Gluckin & Company v. International Playtex Corp.*, 407 F.2d 177 (2d Cir. 1969).

---

[2] All exhibits, except as noted, are attached to the Declaration of Chang H. Kim in Support of CBR's Reply to PharmaStem Therapeutics, Inc.'s and Nicolas Didier's Opposition to Motion to Stay Proceedings Pending Resolution of the Multidistrict Litigation Motion to Transfer for Consolidation and Coordination of Pretrial Proceedings in a Single Forum.

1   The MDL panel will hear oral arguments on the MDL Motion on January 27, 2005.
2   A stay is necessary in this action so that there is an orderly process and management of the
3   related cases and to avoid inconsistent rulings among the different district courts.
4   Counterdefendants currently have Motions to Dismiss Counterclaims in the Northern
5   District Action, the Pennsylvania Action, and the Florida Action.  Exhs. G, H, I.  Many of
6   the issues set forth in Counterdefendants' Motions to Dismiss in these three courts are
7   similar, and a single court should address Counterdefendants' motions to avoid inconsistent
8   rulings.

9   The counterclaims in the Northern District Action, the Pennsylvania Action, and the
10  Florida Action raise substantially similar issues; therefore, this Court should wait until a
11  ruling from the MDL Panel before ruling on Counterdefendants' motions.  For example,
12  Counterdefendants request that the courts in the Northern District Action, the Pennsylvania
13  Action, and the Florida Action dismiss, *inter alia*, counterclaims for unfair competition
14  pursuant to Section 43(a) of the Lanham Act and interference with contractual or other
15  economic relationships.  Both these claims are asserted against Counterdefendants in the
16  Northern District Action, the Pennsylvania Action, and the Florida Action.  It is necessary
17  for judicial efficiency for one court to address these motions rather than have three separate
18  courts rule on what may result in inconsistent rulings on similar issues.

19  Moreover, absent a stay in this action, there is a real possibility of inconsistent
20  rulings on claim construction by five different courts in which PharmaStem asserted the
21  '427 Patent and the '645 Patent against over 20 defendants.  This also wastes judicial
22  resources and overburdens the court system if five courts do the same thing that only one
23  court need to do.  *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979); *Yamaha Hatsudoki*
24  *Kabushiki Kaisha v. Bombardier, Inc.*, 60 U.S.P.Q. 2d (BNA) 1541 (C.D. Cal. 2001).

25
26  **II.    THERE WILL BE NO PREJUDICE TO COUNTERDEFENDANTS IF THIS COURT GRANTS CBR'S MOTION TO STAY.**
27  Counterdefendants assert that they will be prejudiced if this Court stays this action
28

until the MDL Panel rules on the MDL Motion. The contrary is true – all parties will be prejudiced if this case, and the other cases, proceed down parallel, multiple, and potentially inconsistent paths during the brief time that the MDL Motion is being considered.

As noted, the MDL Motion will be heard on January 27. Therefore, Counterdefendants' motions to dismiss will be heard by this or another court as soon as the stay is lifted, after the MDL decision, which should be soon. *Hertz Corp.* at 426 (granting motion to stay pending MDL motion because the party opposing the stay can secure effective relief after the stay is terminated). None of the parties in this action has initiated discovery and no discovery will begin until the stay is lifted.

There are certain pending deadlines in this action, in particular, local rule obligations for patent cases. The first such deadline ("Disclosure of Asserted Claims and Preliminary Infringement Contentions") is on January 17, 2005, which is 10 days from the scheduled Case Management Conference. Patent Local Rule 3-1. If the MDL Panel transfers this action to another Court that does not have local patent rules, the parties and this Court would have wasted valuable resources. On the other hand, if all the related actions are transferred to this Court, a stay in this action would allow the defendants in the other related actions to participate in claim construction. The parties will waste resources on discovery, case planning, and other issues if this action is not stayed. In fact, the parties can take advantage of the stay to discuss settlement and focus on ADR, which the parties have agreed to do by way of mediation. The practical effect of the stay in this action will ultimately promote judicial efficiency, lessen the burden on the parties, and will not cause any prejudice to the parties involved. The MDL Panel will hear the MDL Motion within 20 days from this court hearing CBR's Motion to Stay.

Moreover, recent developments strongly suggest that a stay is appropriate in this action. Since filing CBR's Motion to Stay, Counterdefendants' opposed the MDL Motion, but stated that if transferred was ordered, that these actions should be transferred to (in order of preference): (1) the Northern District of California; (2) the Central District of California; (3) Middle District of Florida, the Eastern District of Pennsylvania, or the

1  District of Massachusetts or (4) any judge in the District of Delaware other than Judge
2  Sleet.  See Exh. 1, page 4 attached to Decl. of Lisa Kobialka In Support of PharmaStem's
3  Opposition to CBR's Motion to Stay.  Accordingly, there is a high likelihood that these
4  actions will be consolidated in the District Court of Delaware or in one of the District
5  Courts of California in the coming months.
6        Further, on November 10, 2004, Judge Moody in the Florida Action entered an
7  Order staying proceedings in the Florida Action for 120 days to permit the MDL Panel to
8  consider the MDL Motion and to avoid a waste of resources of the court and parties, even
9  though there was a Motion to Dismiss counterclaims filed by PharmaStem.  Exhs. C and I.
10 Judge Moody stated that "all these related cases across the country ought to be resolved by
11 one court" and " it's not for judicial economy to have five different courts trying to construe
12 the same patents."  Exh. D, page 19.  Moreover, defendants in the Northern District Action
13 and the Pennsylvania Action have filed their motions to stay proceedings pending
14 resolution of the MDL Motion.  Exhs. E and F.
15       Finally, on December 14, 2004, Judge Sleet in the Delaware Action entered a
16 Judgment in favor of CBR et al. and against PharmaStem on the claim of infringement of
17 U.S. Patent No. 5,004,681 (the "'681 Patent"), which is essentially the grandfather patent to
18 the '427 Patent and the '681 Patent.  Exh. J.  Contrary to Counterdefendants' statements, no
19 new trial will be scheduled in the Delaware District Court in light of this Judgment.  Judge
20 Sleet also ruled on numerous post trial issues, including, *inter alia*, Motions for Partial
21 Reconsideration of Court's Post-Trial Rulings, Motion for a Preliminary Injunction, Motion
22 for Entry of Separate and Final Judgment Pursuant to Federal Rule of Civil Proceudre
23 54(b), and Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C.
24 §1292(b).  Id.  In view of the foregoing, there is no support for Counterdefendants'
25 statement that the Delaware District Court is overburdened in such a way to prejudice any
26 party the right to "expeditious justice."
27
28

**CONCLUSION**

CBR respectfully requests that this Court grant CBR's Motion to Stay proceedings pending the resolution of the MDL Motion.

Dated: December 17, 2004.

>PILLSBURY WINTHROP LLP
>William F. Abrams
>Thomas F. Chaffin
>Chang H. Kim
>Peter H. Nohle
>2475 Hanover Street
>Palo Alto, CA 94304-1115
>
>By /s/ Chang H. Kim
>          Chang H. Kim
>Attorneys for Defendant and Counterclaimant,
>CBR SYSTEMS, INC.