IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,

    Plaintiff,

  v.

CORD BLOOD REGISTRY INC., dba CBR, a California corporation, and SUTTER HEALTH, INC., a California corporation,

    Defendants.
_____/

CBR SYSTEMS, INC., dba CBR, a California corporation,

    Counterclaimant,

  v.

PHARMASTEM THERAPEUTICS, INC., a Delaware corporation, STEMBANC, INC., a Ohio corporation, NICHOLAS DIDIER; and ARCHIBALD A. GRABINSKI,

    Counterdefendants
_____/

No. C 04-03072 JSW

**ORDER GRANTING IN PART AND DENYING IN PART CBR SYSTEM, INC.'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE MULTIDISTRICT LITIGATION MOTION TO TRANSFER FOR CONSOLIDATION AND COORDINATION OF PRETRIAL PROCEEDINGS IN A SINGLE FORUM**

    This matter comes before the Court upon consideration of CBR Systems, Inc.'s ("CBR") motion to stay these proceedings pending a ruling from the Judicial Panel on Multidistrict Litigation ("MDL") on a motion to transfer filed by, *inter alia*, CBR and Sutter Health, Inc. Having considered the parties' pleadings, the relevant legal authority, having had the benefit of oral argument, and concluding that a limited stay of these proceedings, pending a ruling from the MDL on the motion to

transfer, would further judicial economy and efficiency, the Court hereby GRANTS IN PART AND DENIES IN PART CBR's motion to stay.

Specifically, the Court HEREBY STAYS: (1) all currently pending motions in this matter, except Nicholas Didier's and Archibald Grabinski's motions to dismiss for lack of personal jurisdiction; (2) further motions hearings and deadlines relating to recently filed motions; (3) deadlines relating to claim construction proceedings; (4) deadlines relating to other pre-trial and trial proceedings; and (5) discovery against Stembanc, Inc. and Mr. Grabinski, until after it has received a ruling from the MDL on the motion to transfer. In light of the pending motion to dismiss for lack of personal jurisdiction against Mr. Didier, the Court also STAYS discovery as to Mr. Didier in his personal capacity.

The Court hereby DENIES the motion to stay to the extent it seeks to stay discovery between CBR, Sutter, Pharmastem, and Mr. Didier in his official capacity. Thus, notwithstanding the fact that the Court has not yet held a case management conference, those parties may proceed with discovery as set forth herein.

The Court HEREBY ORDERS that the parties shall be bound by the discovery plan and deadlines outlined in the Joint Case Management Statement, and the discovery cut-off date shall be April 14, 2006, unless that plan and deadlines are modified by this Court or by a court to which the MDL transfers this case.

**IT IS SO ORDERED.**

Dated: January 7, 2005                    /s/ Jeffrey S. White
                                          JEFFREY S. WHITE
                                          UNITED STATES DISTRICT JUDGE

2