1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Samuel B. Shepherd (Bar No. 163564)
2  Matthew W. Meskell (Bar No. 208263)
   555 Twin Dolphin Drive, Suite 560
3  Redwood Shores, CA  94065
   (650) 801-5000 (Telephone)
4  (650) 801-5100 (Facsimile)

5  Attorneys for Counterclaim Defendant,
   STEMBANC, INC.
6

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
                        SAN FRANCISCO DIVISION
10

11

12 PHARMASTEM THERAPEUTICS, INC., a    ) Case No. C 04-3072 (JSW)
   Delaware corporation,               )
13                                     ) [PROPOSED] ORDER GRANTING
              Plaintiff,               ) STEMBANC INC.'S MOTION TO
14                                     ) DISMISS CBR SYSTEMS, INC.'S FIRST,
         vs.                           ) SECOND, THIRD, FOURTH, FIFTH, AND
15                                     ) SIXTH COUNTERCLAIMS PURSUANT
   CORD BLOOD REGISTRY, INC., dba CBR, ) TO FED. R. CIV. P. 12(b)(6)
16 a California corporation, and SUTTER )
   HEALTH, INC., a California corporation, ) DATE:    January 14, 2005
17                                     ) TIME:    9:00 a.m.
              Defendants.              ) ROOM:    Courtroom 2
18 _____ ) JUDGE:   Hon. Jeffrey S. White
   CBR SYSTEMS, INC., dba CBR, a California )
19 corporation,                        )
                                       )
20            Counterclaimant,         )
                                       )
21       vs.                           )
                                       )
22 PHARMASTEM THERAPEUTICS, INC., a    )
   Delaware corporation; STEMBANC, INC., a )
23 Ohio corporation; NICHOLAS DIDIER; and )
   ARCHIBALD A. GRABINSKI,             )
24                                     )
              Counterdefendants.       )
25 _____ )

26

27

28

1       On January 14, 2005, Counterclaim defendant Stembanc, Inc.'s Motion To
2  Dismiss CBR Systems, Inc.'s First, Second, Third, Fourth, Fifth, and Sixth Counterclaims
3  Pursuant To Fed.R.Civ.P. 12(b)(6) came for hearing before the Court. All parties were given
4  notice and an opportunity to be heard.
5       Having considered all papers filed in support of and in opposition to Stembanc,
6  Inc.'s ("Stembanc") motion and the arguments of counsel at the hearing, and GOOD CAUSE
7  APPEARING THEREFOR,
8       IT IS HEREBY ORDERED as follows:
9       1.   Stembanc, Inc.'s Motion To Dismiss CBR Systems, Inc.'s First, Second,
10 Third, Fourth, Fifth, and Sixth Counterclaims Pursuant To Fed.R.Civ.P. 12(b)(6) is GRANTED
11 because CBR has failed to state any claim upon which relief may be granted against Stembanc.
12 CBR's First, Second, Third, Fourth, and Sixth Counterclaims, which arise from the statutory or
13 common law of California, are barred under California Civil Code § 47 as they rely for their
14 factual predicates on statements privileged against liability under California law. In addition,
15 CBR's Third Counterclaim fails as a matter of law because CBR has not alleged that either
16 Grabinski or Stembanc engaged in any "passing off" of goods or services. See Southland Sod
17 Farms v. Stover Seed Co., 108 F.3d 1134, 1147 (9th Cir. 1997). CBR's Fourth, Fifth, and Sixth
18 Counterclaims fail as a matter of law because they rely for their factual predicates on either
19 demonstrably true, non-misleading statements, or upon non-actionable opinion. See Coastal
20 Abstract Service, Inc. v. First American Title Ins. Co., 173 F.3d 725, 731 (9th Cir. 1999);
21 Optinrealbig.com, LLC v. Ironport Systems, Inc., 323 F.Supp.2d 1037, 1048 (N.D. Cal. 2004);
22 Bernardo v. Planned Parenthood Federation of America, 9 Cal.Rptr.3d 197, 220 (Cal. Ct. App.
23 2004). CBR's First and Second Counterclaims, insofar as they allege intentional and negligent
24 interference with contractual relations, fail as a matter of law because CBR has not alleged that
25 Stembanc or Grabinski interfered with any valid contract between CBR and a third party. See
26 Tuchscher Development Enterprises v. San Diego Unified Port District, 106 Cal. App. 4th 1219,
27 1242 (Cal. Ct. App. 2003). CBR's First Counterclaim, insofar as it alleges interference with
28 prospective economic relationships, fails as a matter of law because CBR has not alleged that

1  Grabinski or Stembanc engaged in independently wrongful conduct.  See Della Penna v. Toyota
2  Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 392 (1995).  Finally, CBR's Second Counterclaim,
3  insofar as it alleges negligent interference with prospective economic relationships, fails as a
4  matter of law both because CBR has not alleged that Grabinski or Stembanc engaged in
5  independently wrongful conduct and because competitors do not owe each other a duty of care.
6  See Stolz v. Wong Communications Limited Partnership, 25 Cal.App.4th 1811, 1824 (Cal. Ct.
7  App. 1994) (citing J'Aire Corp. v. Gregory, 24 Cal.3d 799, 803 (1979)).  Accordingly, CBR's
8  First, Second, Third, Fourth, Fifth, and Sixth Counterclaims are DISMISSED with prejudice
9  pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief
10 can be granted.

14 Dated: _____, 2004        _____
                                       HONORABLE JEFFREY S. WHITE
15                                     UNITED STATES DISTRICT COURT JUDGE