1  PILLSBURY WINTHROP LLP
   William F. Abrams (State Bar No. 88805)
2  Thomas F. Chaffin (State Bar No. 112368)
   Chang H. Kim (State Bar No. 195554)
3  Peter H. Nohle (State Bar No. 209446)
   2475 Hanover Street
4  Palo Alto, CA 94304-1114
   Telephone: (650) 233-4500
5  Facsimile:  (650) 233-4545

6  Attorneys for Defendant and Counterclaimant
   Sutter Health
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11 PHARMASTEM THERAPEUTICS, INC., a    )   No. C 04 3072 JSW
12 Delaware corporation,               )
                                       )   ANSWER AND COUNTERCLAIMS FOR:
13            Plaintiff,               )
                                       )   1. NON-INFRINGEMENT OF THE '427
14     vs.                             )      PATENT
                                       )   2. INVALIDITY OF THE '427 PATENT
15 CORD BLOOD REGISTRY, INC., dba      )   3. UNENFORCEABILITY OF THE '427
   CBR, a California corporation, and SUTTER )   PATENT
16 HEALTH, INC., a California corporation. )
                                       )   JURY TRIAL DEMANDED
17            Defendants.              )
                                       )
18                                     )
                                       )
19                                     )
                                       )
20 _____ )
                                       )
21 SUTTER HEALTH, a California corporation )
                                       )
22            Counterclaimant,         )
                                       )
23     vs.                             )
                                       )
24 PHARMASTEM THERAPEUTICS, INC.,      )
   a Delaware corporation.             )
25                                     )
              Counterdefendant.        )
26                                     )
                                       )
27                                     )
                                       )
28 _____ )

60376458v2

Defendant and Counterclaimant Sutter Health ("SUTTER HEALTH"), erroneously identified as Sutter Health, Inc. in the Complaint, responds to PharmaStem Therapeutics, Inc.'s ("PharmaStem" or "Plaintiff") Complaint as follows:

## THE PARTIES

1. SUTTER HEALTH admits that PharmaStem purports to be a Delaware corporation with a principal place of business in the State of New York, located at 69 Prospect Avenue, Larchmont, New York, 10538. Except as admitted, SUTTER HEALTH is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore deny them.

2. SUTTER HEALTH is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies them.

3. SUTTER HEALTH denies the allegations contained in Paragraph 3 of the Complaint. SUTTER HEALTH is a Not For-Profit Public Benefit Corporation with its principal place of business at 2200 River Plaza Drive, Sacramento, California 95833.

## JURISDICTION AND VENUE

4. SUTTER HEALTH admits that the Complaint purports to be an action arising under the Patent Act, 35 U.S.C. §§ 271 *et seq.* SUTTER HEALTH admits that this Court has subject matter jurisdiction. SUTTER HEALTH does not dispute that personal jurisdiction and venue may be proper in this district with respect to SUTTER HEALTH. SUTTER HEALTH is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding CBR Systems, Inc. ("CBR"), contained in Paragraph 4, and therefore denies those allegations. Answering further, SUTTER HEALTH states that the remainder of PharmaStem's allegations in Paragraph 4 are legal conclusions to which no response is required, and SUTTER HEALTH therefore denies the remaining allegations of this Paragraph.

## INTRADISTRICT ASSIGNMENT

5. SUTTER HEALTH does not dispute that this action is properly assigned to

the San Francisco Division. SUTTER HEALTH is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding CBR contained in Paragraph 5, and therefore denies those allegations. SUTTER HEALTH denies the remaining allegations of Paragraph 5.

## PLAINTIFF'S PATENTS

6. SUTTER HEALTH admits that a copy of a document purporting to be U.S. Patent No. 6,461,645 B1 (the "'645 Patent") was attached to the Complaint as Exhibit A. SUTTER HEALTH admits that the document at Exhibit A of the Complaint is entitled ISOLATION AND PRESERVATION OF FETAL AND NEONATAL HEMATOPOIETIC STEM AND PROGENITOR CELLS OF THE BLOOD and purports to have been issued on or about October 8, 2002, and purports to have been filed on or about May 16, 1990. Answering further, SUTTER HEALTH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint, and therefore denies them.

7. SUTTER HEALTH admits that a copy of a document purporting to be U.S. Patent No. 6,569,427 B1 (the "'427 Patent") was attached to the Complaint as Exhibit B. SUTTER HEALTH admits that the document at Exhibit B of the Complaint is entitled ISOLATION AND PRESERVATION OF FETAL AND NEONATAL HEMATOPOIETIC STEM AND PROGENITOR CELLS OF THE BLOOD and purports to have been issued on or about October May 27, 2003, and purports to have been filed on or about May 16, 1995. Answering further, SUTTER HEALTH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint, and therefore denies them.

8. SUTTER HEALTH denies the allegations of Paragraph 8 of the Complaint.

## PATENT INFRINGEMENT

9. SUTTER HEALTH is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding CBR contained in Paragraph 9 of the Complaint, and therefore denies those allegations.

10. SUTTER HEALTH is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding CBR contained in Paragraph 10 of the Complaint, and therefore denies those allegations.

11. SUTTER HEALTH is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding CBR contained in Paragraph 11 of the Complaint, and therefore denies those allegations.

12. SUTTER HEALTH denies the allegations of Paragraph 12 of the Complaint.

## FIRST CAUSE OF ACTION

### (Infringement of the '645 Patent)

13. With respect to Paragraph 13 of the Complaint, SUTTER HEALTH repeats and incorporates by reference its admissions and denials of the allegations in Paragraphs 1 through 12 above.

14. SUTTER HEALTH is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding CBR contained in Paragraph 14 of the Complaint, and therefore denies those allegations.

15. SUTTER HEALTH is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding CBR contained in Paragraph 15 of the Complaint, and therefore denies those allegations.

16. SUTTER HEALTH is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding CBR contained in Paragraph 16 of the Complaint, and therefore denies those allegations.

## SECOND CAUSE OF ACTION

### (Infringement of the '427 Patent)

17. With respect to Paragraph 17 of the Complaint, SUTTER HEALTH repeats and incorporates by reference its admissions and denials of the allegations in Paragraphs 1 through 12 above.

18. SUTTER HEALTH is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding CBR contained in Paragraph 18 of the

Complaint, and therefore denies those allegations. SUTTER HEALTH denies the remaining allegations of Paragraph 18.

19. SUTTER HEALTH is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding CBR contained in Paragraph 19 of the Complaint, and therefore denies those allegations. SUTTER HEALTH denies the remaining allegations of Paragraph 19.

20. SUTTER HEALTH is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding CBR contained in Paragraph 20 of the Complaint, and therefore denies those allegations. SUTTER HEALTH denies the remaining allegations of Paragraph 20.

## PRAYER FOR RELIEF

SUTTER HEALTH denies that PharmaStem is entitled to any of the relief requested in the Complaint, including subparagraphs (A) through (H) thereof, or to any relief against SUTTER HEALTH.

To the extent any allegations in the Complaint are not addressed, specifically or generally, in the paragraphs above, such allegations are hereby denied.

## ADDITIONAL DEFENSES

As for its separate and additional defenses, SUTTER HEALTH alleges as follows:

## FIRST ADDITIONAL DEFENSE

21. The Complaint fails to state a claim against SUTTER HEALTH upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

22. The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrines of laches.

## THIRD ADDITIONAL DEFENSE

23. The '427 Patent is invalid because it fails to comply with the requirements and conditions for patentability established by 35 U.S.C. §§ 102, 103 or 112.

## FOURTH ADDITIONAL DEFENSE

24.  SUTTER HEALTH has not and does not willfully or otherwise infringe, contribute to the infringement, or induce infringement of any valid or enforceable claim of the '427 Patent.

## FIFTH ADDITIONAL DEFENSE

25.  PharmaStem is barred from presenting or seeking an interpretation of the claims necessary to find infringement of the '427 Patent by the manufacture, use, or sale of any SUTTER HEALTH product, process, or activity, either literally or under the Doctrine of Equivalents, by virtue of representations and concessions made to the U.S. PTO during the prosecution of the application that matured into the '427 Patent and to the District Court of Delaware.

## SIXTH ADDITIONAL DEFENSE

26.  PharmaStem is barred by 35 U.S.C. § 287 from recovering damages for any alleged infringement of the '427 Patent that occurred before the filing of the Complaint and notification to SUTTER HEALTH alleging infringement of that patent.

## SEVENTH ADDITIONAL DEFENSE

27.  The '427 Patent is unenforceable because PharmaStem failed to name the correct inventor(s) to the '427 Patent with intent to deceive the U.S. PTO to obtain issuance of the '427 Patent.

28.  On information and belief, Pablo Rubinstein ("Rubinstein") made an inventive contribution to the claimed subject matter of the '427 Patent, to the extent the '427 Patent discloses and claims a patentable invention.  Before the filing date of the '427 Patent, Rubinstein collaborated with the named inventors of the '427 Patent and contributed to the conception of the invention(s) disclosed and claimed in the '427 Patent. PharmaStem, the named inventors of the '427 Patent and/or the prosecuting patent attorney(s) knew or had reason to know of Rubinstein's role as an inventor and purposely failed to name him as an inventor or co-inventor to the '427 Patent.

29.     Additionally, on information and belief, Edward A. Boyse ("Boyse"), a named inventor of the '427 Patent, is not an actual inventor of the '427 Patent to the extent the '427 Patent discloses and claims a patentable invention. Boyse did not make any inventive contribution to the claimed subject matter of the '427 Patent. Boyse's alleged contribution to the '427 Patent was merely sharing his "idea" with others that stem cells from cord blood may contain some utility. Such "contribution" does not entitle Boyse to be named as an inventor. PharmaStem, the other named inventors of the '427 Patent and/or the prosecuting patent attorney(s) knew or had reason to know that Boyse was not an inventor, but nonetheless purposely named him as an inventor to the '427 Patent with intent to deceive the U.S. PTO to obtain issuance of the '427 Patent.

### EIGHTH ADDITIONAL DEFENSE

30.     SUTTER HEALTH realleges and incorporates by reference Paragraphs 27-29 above as though set forth herein.

31.     The '427 Patent is unenforceable for inequitable conduct because the named inventors and/or the prosecuting attorney of the '427 Patent withheld material information from the U.S. PTO with intent to deceive the U.S. PTO to obtain issuance of the '427 Patent.

32.     Under 37 C.F.R. § 1.56, PharmaStem was required to disclose all information known to be material to patentability of the '427 Patent during the prosecution of such patent. Information material to patentability includes any information that refutes, or is inconsistent with, a position PharmaStem takes in asserting an argument of patentability. The '427 Patent is unenforceable for inequitable conduct because PharmaStem failed to disclose to the U.S. PTO Rubinstein's prior work (which was in public use) relating to cryopreservation of cord blood before the filing date of the '427 Patent. PharmaStem knew of Rubinstein's prior work relating to cryopreservation of cord blood and its materiality to the patentability of the '427 Patent before and during the prosecution of the '427 Patent. PharmaStem purposefully withheld such material

information from the U.S. PTO with intent to deceive the U.S. PTO to obtain the issuance of the '427 Patent.

### NINTH ADDITIONAL DEFENSE

33.     SUTTER HEALTH realleges and incorporates by reference Paragraphs 21-32 above as though set forth herein.

34.     PharmaStem has come into this Court with unclean hands and should therefore be estopped from obtaining any relief. PhamaStems's claim are barred by the doctrine of unclean hands.

### TENTH ADDITIONAL DEFENSE

35.     PharmaStem's claims are barred by the doctrine of collateral estoppel or issue preclusion.

### ELEVENTH ADDITIONAL DEFENSE

36.     PharmaStem's claims are barred by the doctrine of patent misuse, by virtue of PharmaStem's efforts to enforce and threats to enforce its patents against persons and activities that are beyond the scope of its patents, and to require persons to refuse from engaging in conduct not covered by the patents as a condition of refraining from suit thereon, as well as by virtue of PharmaStem's efforts to enforce patents that it knows to be invalid and unenforceable.

Through further investigation and the discovery process SUTTER HEALTH may obtain information and knowledge sufficient to raise additional defenses to the claims brought against it, and will raise those additional defenses at that time.

## COUNTERCLAIMS

Defendant and Counterclaimant SUTTER HEALTH asserts the following counterclaims against PharmaStem.

## THE PARTIES

1. SUTTER HEALTH is a Not For-Profit Public Benefit Corporation having its principal place of business at 2200 River Plaza Drive, Sacramento, California 95833.

2. Plaintiff and Counterdefendant PharmaStem purports to be a Delaware corporation with its principal place of business at 69 Prospect Avenue, Larchmont, New York 10538.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. This Court also has personal jurisdiction over Pharmastem with respect to these Counterclaims by virtue, *inter alia*, of Pharmastem submitting to the jurisdiction of this Court by filing the Complaint. Venue may be proper in this district because SUTTER HEALTH continue to suffer injury in this judicial district as a result of the matters complained of herein.

## FIRST COUNTERCLAIM

### INVALIDITY OF THE '427 PATENT

4. In the Complaint, PharmaStem alleges that SUTTER HEALTH infringes the '427 Patent. SUTTER HEALTH denies this allegation. An actual and judiciable controversy exists between PharmaStem and SUTTER HEALTH with respect to the '427 Patent.

5. Each claim of the '427 Patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, *inter alia*, 35 U.S.C. §§ 101, 102, 103 and 112.

6. SUTTER HEALTH is entitled to a declaratory judgment that the '427 Patent is invalid.

## SECOND COUNTERCLAIM

## NON-INFRINGEMENT OF THE '427 PATENT

7.    An actual and judiciable controversy exists between PharmaStem and SUTTER HEALTH with respect to the non-infringement of the '427 Patent. Absent a declaration of non-infringement, PharmaStem will continue to wrongfully assert the '427 Patent against SUTTER HEALTH and will thereby cause SUTTER HEALTH irreparable injury and damage.

8.    SUTTER HEALTH has not and does not and has willfully or otherwise infringe, contribute to the infringement, or actively induce infringement of any valid and enforceable claim of the '427 Patent.

9.    By this Counterclaim, SUTTER HEALTH seeks a declaratory judgment that it has not and does not willfully or otherwise infringe, contribute to the infringement, or actively induce infringement of any valid and enforceable claims of the '427 Patent.

## THIRD COUNTERCLAIM

## UNENFORCEABILITY OF THE '427 PATENT

10.    The '427 Patent is unenforceable because PharmaStem failed to name the correct inventor(s) to the '427 Patent with intent to deceive the U.S. PTO to obtain issuance of the '427 Patent.

11.    On information and belief, Rubinstein made an inventive contribution to the claimed subject matter of the '427 Patent, to the extent the '427 Patent discloses and claims a patentable invention. Before the filing date of the '427 Patent, Rubinstein collaborated with the named inventors of the '427 Patent and contributed to the conception of the invention(s) disclosed and claimed in the '427 Patent. PharmaStem, the named inventors of the '427 Patent and/or the prosecuting patent attorney(s) knew or had reason to know of Rubinstein's role as an inventor and purposely failed to name him as an inventor or co-inventor to the '427 Patent.

12.    Additionally, on information and belief, Boyse, a named inventor of the '427 Patent, is not an actual inventor of the '427 Patent to the extent the '427 Patent discloses

and claims a patentable invention. Boyse did not make any inventive contribution to the claimed subject matter of the '427 Patent. Boyse's alleged contribution to the '427 Patent was merely sharing his "idea" with others that stem cells from cord blood may contain some utility. Such "contribution" does not entitle Boyse to be named as an inventor. PharmaStem, the other named inventors of the '427 Patent and/or the prosecuting patent attorney(s) knew or had reason to know that Boyse was not an inventor, but nonetheless purposely named him as an inventor to the '427 Patent with intent to deceive the U.S. PTO to obtain issuance of the '427 Patent.

13.   The '427 Patent is also unenforceable for inequitable conduct because the named inventors and/or the prosecuting attorney of the '427 Patent withheld material information from the U.S. PTO with intent to deceive the U.S. PTO to obtain issuance of the '427 Patent.

14.   Under 37 C.F.R. § 1.56, PharmaStem was required to disclose all information known to be material to patentability of the '427 Patent during the prosecution of such patent. Information material to patentability includes any information that refutes, or is inconsistent with, a position PharmaStem takes in asserting an argument of patentability. The '427 Patent is unenforceable for inequitable conduct because PharmaStem failed to disclose to the U.S. PTO Rubinstein's prior work (which was in public use) relating to cryopreservation of cord blood before the filing date of the '427 Patent. PharmaStem knew of Rubinstein's prior work relating to cryopreservation of cord blood and its materiality to the patentability of the '427 Patent before and during the prosecution of the '427 Patent. PharmaStem purposefully withheld such material information from the U.S. PTO with intent to deceive the U.S. PTO to obtain the issuance of the '427 Patent.

15.   By this Counterclaim, SUTTER HEALTH seeks a declaratory judgment that the '427 Patent is unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, SUTTER HEALTH requests that this Court:

1. Dismiss PharmaStem's Complaint with prejudice;

2. Deny PharmaStem's request for a judgment that SUTTER HEALTH has willfully or otherwise infringed, contributed to the infringement of, or induced infringement of the '427 Patent;

3. Determine that PharmaStem is entitled to no damages for, or injunctive relief against, any alleged infringement by SUTTER HEALTH;

4. Deny PharmaStem's request for alleged damages;

5. Deny PharmaStem's request for reasonably royalty;

6. Deny PharmaStem's request for trebled or increased damages;

7. Deny PharmaStem's request for prejudgment interest;

8. Deny PharmaStem's request for its attorneys' fees and alleged costs;

9. Determine that PharmaStem take nothing by reason of its Complaint;

10. Determine that this is an extraordinary case and award SUTTER HEALTH its attorney's fees and litigation expenses under 28 U.S.C. § 1927, 35 U.S.C. § 285, and any other applicable statute or rule;

11. Declare that the '427 Patent is invalid and/or unenforceable;

12. Declare the SUTTER HEALTH has not and does not willfully or otherwise infringe, contribute to the infringement, or actively induce infringement of any valid and enforceable claim of the '427 Patent; and

13. Award SUTTER HEALTH such other and further relief as the Court deems appropriate.

- 12 -

Dated: September 30, 2004.

        PILLSBURY WINTHROP LLP
        William F. Abrams
        Thomas F. Chaffin
        Chang H. Kim
        Peter H. Nohle
        2475 Hanover Street
        Palo Alto, CA 94304-1114

        By /s/ _____

        Attorneys for Defendant and Counterclaimant
        Sutter Health

## DEMAND FOR JURY TRIAL

Defendant and counterclaimant SUTTER HEALTH demands a jury trial for all claims, defenses, and issues as provided for in Federal Rule of Civil Procedure 38.

Dated: September 30, 2004.

                PILLSBURY WINTHROP LLP
                William F. Abrams
                Thomas F. Chaffin
                Chang H. Kim
                Peter H. Nohle
                2475 Hanover Street
                Palo Alto, CA 94304-1114

                By /s/_____
                Attorneys for Defendant and Counterclaimant
                Sutter Health

## STATEMENT OF INTERESTED PARTIES

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: September 30, 2004.

                PILLSBURY WINTHROP LLP
                William F. Abrams
                Thomas F. Chaffin
                Chang H. Kim
                Peter H. Nohle
                2475 Hanover Street
                Palo Alto, CA 94304-1114

By /s/ _____

Attorneys for Defendant and Counterclaimant Sutter Health