1  PAUL J. ANDRE, Bar No. 196585
   LISA KOBIALKA, Bar No. 191404
2  AMANDA M. FOX, Bar No. 212939
   PERKINS COIE LLP
3  101 Jefferson Drive
   Menlo Park, CA 94025-1114
4  Telephone: (650) 838-4300
   Facsimile: (650) 838-4350
5
   Attorneys for Counterdefendant
6  PharmaStem Therapeutics, Inc.

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                            SAN FRANCISCO

10 | PHARMASTEM THERAPEUTICS, INC., a
   | Delaware corporation,                              CASE NO. 04-3072 JSW
11 |
   |              Plaintiff,
12 |                                                    PHARMASTEM THERAPEUTICS,
   |       v.                                           INC.'S REPLY TO SUTTER
13 |                                                    HEALTH, INC.'S COUNTERCLAIMS
   | CORD BLOOD REGISTRY, INC., dba CBR, a
14 | California corporation, and SUTTER HEALTH,
   | INC., a California corporation.
15 |
   |              Defendants.
16 |
   | CORD BLOOD REGISTRY, INC., dba CBR, a
17 | California corporation, and SUTTER HEALTH,
   | INC., a California corporation,
18 |
   |              Counterclaimants,
19 |       v.
   |
20 | PHARMASTEM THERAPEUTICS, INC., a
   | Delaware corporation; STEMBANC, INC., a
21 | Ohio corporation; NICHOLAS DIDIER; and
   | ARCHIBALD A. GRABINSKI
22 |
   |              Counterdefendants.
23

24

25

26

1   Plaintiff and Counter-Defendant PharmaStem Therapeutics, Inc. ("PharmaStem"), replies to the counterclaims of Defendant and Counterclaimant Sutter Health, Inc. ("Sutter Health"), in accordance with the numbered paragraphs thereof, as follows:

1. PharmaStem admits that Sutter Health purports to be a corporation having a principal place of business at 2200 River Plaza Drive, Sacramento, California 95833. PharmaStem lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 1 and therefore denies these allegations.

2. PharmaStem admits that it is a Delaware corporation with a principal place of business at 69 Prospect Avenue, Larchmont, New York 10538.

## JURISDICTION AND VENUE

3. PharmaStem admits that this Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202. PharmaStem admits that this Court has personal jurisdiction over PharmaStem with respect to these Counterclaims by virtue of PharmaStem submitting to the jurisdiction of this Court by filing the Complaint. PharmaStem does not dispute that venue may be proper in this district. PharmaStem denies the remaining allegations contained in paragraph 3.

## FIRST COUNTERCLAIM

4. PharmaStem admits that it alleges in the Complaint that Sutter Health infringes U.S. Patent No. 6,569,427 (the "'427 Patent") and that Sutter Health denies that it infringes the '681 Patent. PharmaStem admits that an actual and judicable controversy exists between PharmaStem and Sutter Health concerning the '427 Patent.

5. PharmaStem denies each and every allegation contained in Paragraph 5 of the Counterclaim.

6. PharmaStem denies each and every allegation contained in Paragraph 6 of the Counterclaim.

## SECOND COUNTERCLAIM

7. PharmaStem admits that an actual and judiciable controversy exists between PharmaStem and the Defendants with respect to Defendants' infringement of the '427 Patent. PharmaStem denies each and every remaining allegation contained in paragraph 7 of the Counterclaim.

8. PharmaStem denies each and every allegation contained in Paragraph 8 of the Counterclaim.

9. PharmaStem denies each and every allegation contained in Paragraph 9 of the Counterclaim.

## THIRD COUNTERCLAIM

10. PharmaStem denies each and every allegation contained in Paragraph 10 of the Counterclaim.

11. PharmaStem denies each and every allegation contained in Paragraph 11 of the Counterclaim.

12. PharmaStem denies each and every allegation contained in Paragraph 12 of the Counterclaim.

13. PharmaStem denies each and every allegation contained in Paragraph 13 of the Counterclaim.

14. PharmaStem admits that 37 U.S.C. § 1.56 requires "[disclosure] to the Office all information known to that individual to be material to patentability...." PharmaStem denies each and every remaining allegation contained in Paragraph 14 of the Counterclaim.

15. PharmaStem admits that Sutter Health seeks a declaratory judgment that the '427 Patent is unenforceable. PharmaStem denies that the Defendants are entitled to a declaratory judgment that the '427 Patent is unenforceable.

## AFFIRMATIVE DEFENSES

1. Sutter Health, and each purported claim in the Answer and Counterclaims to PharmaStem's Complaint for Patent Infringement, fails to state a claim against PharmaStem upon which relief can be granted.

2. Sutter Health's assertions fail because PharmaStem and the applicant of the '427 Patent acted in good faith at all times.

## PRAYER FOR RELIEF

PharmaStem denies that Sutter Health is entitled to any relief requested in its Answer and Counterclaims to PharmaStem's Compliant for Patent Infringement, including paragraphs 1 through 13, or any relief against PharmaStem.

DATED: October 20, 2004

PERKINS COIE LLP

By: ____/s/____
Paul J. Andre
Attorneys for Plaintiff PharmaStem Therapeutics, Inc

- 4 -

CASE NO. 04-3072 JSW
PHARMASTEM THERAPEUTICS, INC.'S
REPLY TO SUTTER HEALTH, INC.'S
COUNTERCLAIMS

40923-0005/BY042920.093}